Vincent P. Slusher, State Bar No. 00785480
vincent.slusher@dlapiper.com
Andrew Zollinger, State Bar No. 24063944
andrew.zollinger@dlapiper.com
DLA Piper LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas 75201-4629
Telephone: (214) 743-4500
Facsimile: (214) 743-4545

Thomas R. Califano (*admitted pro hac vice*)
thomas.califano@dlapiper.com
Gabriella L. Zborovsky (*admitted pro hac vice*)
gabriella.zborovsky@dlapiper.com
Jacob S. Frumkin (*admitted pro hac vice*)
jacob.frumkin@dlapiper.com
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501

PROPOSED ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | **CASE NO. 14-32821-11** |
| | § | |
| **SEARS METHODIST RETIREMENT** | § | **CHAPTER 11** |
| **SYSTEM, INC., *et al.*[1]** | § | |
| | § | **Jointly Administered** |
| **Debtors.** | § | |

## GLOBAL NOTES, METHODOLOGY, AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

Sears Methodist Retirement System, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements, and together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure and Rule 1007-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas.

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes")

---

[1] The debtors in these chapter 11 cases, along with the last four (4) digits of their taxpayer identification numbers, are: Sears Methodist Retirement System, Inc. (6330), Canyons Senior Living, L.P. (8545), Odessa Methodist Housing, Inc. (9569), Sears Brazos Retirement Corporation (8053), Sears Caprock Retirement Corporation (9581), Sears Methodist Centers, Inc. (4917), Sears Methodist Foundation (2545), Sears Panhandle Retirement Corporation (3233), Sears Permian Retirement Corporation (7608), Sears Plains Retirement Corporation (8233), Sears Tyler Methodist Retirement Corporation (0571) and Senior Dimensions, Inc. (4016). The mailing address of each of the debtors, solely for purposes of notices and communications, is 2100 Ross Avenue, 21st Floor, c/o Paul Rundell, Dallas, Texas 75201.

pertain to, are incorporated by reference in, and comprise an integral part of each Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP") in the United States, nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein or in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein and in the Schedules and Statements. While every effort has been made to provide accurate and complete information herein and in the Schedules and Statements, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein or in the Schedules and Statements, or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys and financial advisors are advised of the possibility of such damages.

Given, among other things, the uncertainty surrounding the valuation of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, it is not an admission that such Debtor was solvent at the Petition Date (as defined herein) or at any time prior to the Petition Date. Likewise, to the extent that a Debtor shows more liabilities than assets, it is not an admission that such Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

Mr. Paul B. Rundell, the Debtors' proposed Chief Restructuring Officer, has signed each of the Schedules and Statements. Mr. Rundell is an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Rundell necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors. Mr. Rundell has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## Global Notes and Overview of Methodology

1.     **Reservation of Rights**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any claim ("Claim") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated"; or object to the extent, validity, enforceability, priority, or avoidability of any Claim.  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated."  Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

2.     **Description of Cases and "As Of" Information Date**.  On June 10, 2014 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On June 12, 2014, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Debtors' chapter 11 cases [Docket No. 54].  On June 20, 2014, the United States Trustee for the Northern District of Texas appointed a statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 96].

The asset information provided herein represents the asset data of the Debtors as of February 28, 2014, except for information pertaining to the Debtors' bank accounts and accounts receivable, which represent amounts as of the Petition Date.  Unless otherwise noted herein and in the Schedules and Statements, liability information provided herein represents the liability data of the Debtors as of the Petition Date.

3.     **Net Book Value of Assets**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all of their assets.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of February 28, 2014.  Additionally, because the book values of assets may materially differ from their fair market values, they may be listed as undetermined amounts as of the Petition Date.  Furthermore, values for assets that have been

3

fully depreciated or were expensed for accounting purposes may not appear in these Schedules and Statements as they have no net book value.

4.   **Recharacterization**.  Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights to re-characterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition.

5.   **Liabilities**.   The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

6.   **Excluded Assets and Liabilities**.  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, goodwill, accrued salaries, employee benefit accruals, accrued accounts payable, and deferred gains.  The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage Claims exist or are anticipated to or may accrue at some time in the future.  In addition, certain immaterial assets and liabilities may have been excluded.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain outstanding pre-Petition Date Claims post-petition.  Prepetition liabilities that have been or may be paid post-petition under existing authorizations or any authorization that may be approved by the Bankruptcy Court after the date hereof may have been excluded from the Schedules and Statements.

7.   **Insiders**.  For purposes of the Schedules and Statements, the Debtors defined "insiders" pursuant to section 101(31) of the Bankruptcy Code.  Persons listed as "insiders" have been included for informational purposes only and by including them in the Schedules and Statements, shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code or otherwise under applicable law.  Moreover, the

4

Debtors do not take any position with respect to: (a) any insider's influence over the control of the Debtors; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

8. **Intellectual Property Rights.** Exclusion or omission of certain intellectual property shall not be construed as an admission that such intellectual property rights do not exist, have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another. Furthermore, the Debtors have made diligent efforts to discern whether any Debtor owns intellectual property outright or whether all or a portion of any intellectual property is licensed from a third party. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

9. **Executory Contracts**. Although the Debtors made diligent attempts to identify contracts and leases as executory and unexpired within the scope of section 365 of the Bankruptcy Code and to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights with respect to the inclusion or exclusion of executory contracts and unexpired leases, as well as the named parties to any and all executory contracts and unexpired leases, including the right to amend Schedule G.

10. **Classifications**. Listing a Claim on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured," or (d) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to re-characterize or reclassify such Claim or contract or lease or to setoff of such Claims.

11. **Claims Description**. Schedules D, E, and F permit each of the Debtors to designate a Claim as "disputed," "contingent," and "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that liability for and the amount of such Claim is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including but not limited to liability, amount or classification. Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated." Moreover, listing a Claim does not constitute an admission of

5

liability by the Debtors. Finally, listing a Claim that has been or may be paid post-petition does not negate the effect of the payment of such Claim, or entitle the holder of any such Claim to double payment on account of such Claim.

12. **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action, nor may the Schedules and Statements be used in any litigation in these or related to these chapter 11 cases.

13. **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

    a.    <u>Undetermined Amounts</u>. The description of an amount or value as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount or value.

    b.    <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

    c.    <u>Paid Claims</u>. The Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims pursuant to various orders entered by the Bankruptcy Court. Accordingly, certain outstanding liabilities may have been reduced or satisfied by post-petition payments made on account of prepetition liabilities. To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities.

d.     <u>Liens</u>. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

14.     **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

15.     **Intercompany Payables and Receivables**. Although the Debtors engaged in certain intercompany transactions, the exact amount and number of these transactions is unknown. Through reasonable efforts, the Debtors have listed all intercompany payments to Debtor and non-Debtor affiliates within a year of the Petition Date in Statement 3c.

16.     **Setoffs**. The Debtors incur certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, refunds, rebates, warranties, debit memos, contract allowances, credits, and other disputes between the Debtors and their suppliers or customers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules and Statements, offsets are not independently accounted for, and as such, are or may be excluded from the Schedules and Statements.

17.     **Employee and Resident Names and Addresses**. Names and addresses for current and former residents as well as employees have been removed from entries listed on Schedules E, F and G and the Statements, where applicable, in order to protect those individuals' privacy.

18.     **Global Notes Control**. In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

7

## Specific Disclosures with Respect to the Debtors' Schedules

**Schedule A.**  Real property valuations are based on estimated market value per unit multiplied by total units at each senior living facility.

**Schedules B1 and B2.**  Petty cash balances included on Schedule B1 are estimates based on balances as of February 28, 2014.  Cash balances presented on Schedule B2 are actual cash balances as of the Petition Date.  Details with respect to the Debtors' cash management system and bank accounts are provided in the *Motion of Debtors for Order Authorizing (I) Continued Use of Existing Cash Management System, (II) Maintenance of Existing Bank Accounts, (III) Continued Use of Existing Business Forms, and (IV) Maintenance of Existing Investment Practices*, filed on June 10, 2014 [Docket No. 10].

**Schedule B3.**  Security deposit balances included on Schedule B3 are as of February 28, 2014.  The Bankruptcy Court, pursuant to the *Interim Order (I) Prohibiting Utilities From Altering, Refusing, Or Discontinuing Services, (II) Deeming The Utility Companies Adequately Assured Of Future Performance, And (III) Establishing Procedures For Determining Requests for Additional Adequate Assurance*, entered on June 12, 2014  [Docket No. 59], has authorized the Debtors to provide adequate assurance of payment for future utility services.  Such deposits are not listed on Schedule B3, which was prepared as of the Petition Date.

**Schedule B9.**  Additional information regarding the insurance policies listed on Schedule B9 is available in the *Motion of the Debtors for Entry of an Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain Existing Insurance Policies and Pay All Obligations Arising Thereunder, (B) Maintain Financing of Insurance Premiums and Pay All Obligations in Connection Therewith, and (C) Renew, Revise, Extend, Supplement, Change, or Enter into New Insurance Policies and (II) Granting Certain Related Relief*, filed on June 10, 2014 [Docket No. 17].

**Schedules B13 and B14**.  Ownership interests in subsidiaries, partnerships, and joint ventures have been listed on Schedules B13 and B14 in an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from net book value.

**Schedule B16**.  Accounts receivable balances include estimated totals as of the Petition Date and are listed net of allowance for doubtful accounts, which has been estimated as approximately twenty-five percent (25%) of gross receivables.

**Schedule B21**.  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter claims, cross-claims, setoffs, refunds with their customers and suppliers or potential warranty claims against their suppliers.  Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, claims or cross-claims as a plaintiff or counter claims as a defendant.  Because such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule B21.

**Schedules B28, B29 and B30**.  Asset balances are presented at book value net of depreciation as of February 28, 2014.  Inventory balances are presented on a cost basis.

8

**Schedule D**.  The Claims listed on Schedule D arose or were incurred on various dates.  The Debtors have used reasonable efforts to provide such dates on Schedule D.  Where a date has not been provided, the Debtors believe that such secured claim arose or was incurred before the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors have scheduled Claims of various creditors as secured Claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim.  The descriptions provided in Schedule D are solely intended to be a summary and not an admission of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens.  Certain of the secured debt is jointly and severally the responsibility of more than one Debtor, and as such the full amount of the liability has been listed on some but not all of the Debtors' Schedules and Statements.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D.  The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any Claims associated with such agreements should be reported on Schedule D.  Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to re-characterize or reclassify such Claim or contract.

Although there may be multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facilities, only the administrative agents have been listed for purposes of Schedule D.  The amounts outstanding under the Debtors' prepetition secured credit facilities reflect approximate amounts as of the Petition Date.

**Schedule E**.  The Bankruptcy Court has authorized the Debtors, in their discretion, to pay certain liabilities that may be entitled to priority under the applicable provisions of the Bankruptcy Code.  For example, on June 12, 2014, the Bankruptcy Court entered the *Order Authorizing Payment of Prepetition (I) Wages, Salaries and Other Compensation of Employees, (II) Employee Medical and Similar Benefits, (III) Reimbursable Employee Expenses, and (IV) Other Miscellaneous Employee Expenses and Benefits* [Docket No. 55], authorizing the Debtors to pay or honor certain prepetition obligations with respect to employee wages, salaries and other compensation, reimbursable employee expenses and similar benefits.  To the extent such claims have been paid or may be paid pursuant to further Bankruptcy Court orders, they may not be included on Schedule E.

**Schedule F**.  The Debtors have used best efforts to report all general unsecured Claims against the Debtors on Schedule F based upon the Debtors' existing books and records as of the Petition Date.  The Claims of individual creditors for, among other things, products, goods, or services

are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to same. Schedule F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date.

The Claims listed on Schedule F arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. Determining the date upon which each Claim on Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule F. Furthermore, claims listed on Schedule F have been aggregated by creditor and may include several dates of incurrence for the aggregate balance listed.

Schedule F contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. Some of the litigation Claims listed on Schedule F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Additionally, Schedule F does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule G**. Although the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors and reasonable efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions, or over-inclusions may have occurred. Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including but not limited to purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute

10

an executory contract, a single contract or agreement or, multiple, severable, or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed therein shall be deemed to include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed therein. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such counterparty.

The Debtors reserve all of their rights, claims, and Causes of Action with respect to the contracts and leases on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. Further, the Debtors reserve all of their rights to alter or amend the Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts becomes available. Certain of the executory agreements may not have been memorialized and could be subject to dispute, including the defense of the statute of frauds. Executory agreements that are oral in nature have not been included on Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contract or agreement is not impaired by the omission.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity or enforceability of any such contract or that such contract is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any contract or lease listed on Schedule G or to amend Schedule G at any time to remove any contract.

**Schedule H**. For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition secured credit facilities are listed as co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. The Debtors reserve all of their rights to amend Schedule H to the extent or in the event that

additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

Although there may be multiple lenders under the Debtors' prepetition secured credit facilities, only the administrative agents have been listed for purposes of Schedule H.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties. Because all such Claims are contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule F and Statement 4a, as applicable.

## Specific Disclosures with Respect to the Debtors' Statements

**Statements 1 and 2.** Statements 1 and 2 provide income amounts through the Petition Date by annualizing income totals for the period January 1, 2014 to February 28, 2014.

**Statement 3b.** Statement 3b includes any disbursement or other transfer made by the Debtors except for those made to insiders or bankruptcy professionals (which payments appear in response to Statement question 3c and question 9). Due to the voluminous amount of payments made to employees, Statement 3b includes an aggregate total of all amounts paid to employees during the ninety (90) days prior to the Petition Date under the caption "Payroll." The disbursements amounts attributable to "Payroll" may include salary payments made to certain insiders. The amounts listed in Statement 3b reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3b. All disbursements listed on Statement 3b are made through the Debtors' cash management system. Additionally, all disbursement information reported in Statement 3b for a specific Debtor pertains to the bank accounts maintained by that respective Debtor.

**Statement 3c.** Statement 3c accounts for a respective Debtor's intercompany transactions, as well as other transfers to insiders, as applicable. In the ordinary course of business, certain of the Debtor entities and business divisions maintain business relationships with each other, resulting in intercompany receivables and payables.

**Statement 4a.** Information provided in Statement 4a includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum. Any information contained in Statement 4a shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

**Statement 9.** Sears Methodist Retirement System, Inc., Canyons Senior Living, L.P., Odessa Methodist Housing, Inc., Sears Tyler Methodist Retirement Corporation, Sears Caprock Retirement Corporation and Senior Dimensions, Inc. are the only Debtors that made payments to professionals that were consulted in connection with the Debtors' bankruptcy proceedings. In

total, DLA Piper LLP (US) ("DLA") received $1,090,951.97; Alvarez & Marsal Healthcare Industry Group, LLC ("A&M") received $679,416.65; Cain Brothers & Company, LLC received $209,729.43; and GCG, Inc. received $28,000. The total amount paid to A&M includes $200,000 the Debtors intended to send to DLA prior to filing their cases but inadvertently sent to A&M. The Debtors are in the process of seeking Bankruptcy Court approval to transfer such funds from A&M to DLA.

**Statement 13.** Sears Panhandle Retirement Corporation, one of the Debtors, has a setoff arrangement with a current resident at the Craig Methodist Retirement Community. Specifically, prior to the Petition Date, the resident moved into a new unit which has a $200 increased monthly service fee compared to the resident's former unit. Rather than increasing the resident's monthly service fee, $200 is deducted from the resident's outstanding refundable entrance fee. The arrangement will continue until the earlier of (i) the termination of the resident's residency agreement, or (ii) the date upon which the refundable entrance fee has been reduced to a $0 balance.

**Statement 19a-c.** The Debtors have listed those individuals and/or firms that have been identified as having the primary responsibility to maintain or that have supervised the keeping of the Debtors' books and records. Notwithstanding this listing, additional parties not listed may have had access to the Debtors' books and records including individuals listed in response to Statement question 21 and question 22.

**Statement 19d.** The Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date. Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of Statement 19d.

**Statement 20.** The Debtors utilize both monthly and periodic inventory counts. Monthly food inventory counts are performed at certain facilities under the supervision of a Dietary Director. Additionally, certain facilities undergo quarterly medical supply inventory counts performed by third parties under the direction of an Executive Director or Administrator.

**Statement 23.** Unless otherwise indicated in a Debtor's specific response to Statement 23, the Debtors have included a comprehensive response to Statement 23 in Statement 3c.

## United States Bankruptcy Court
## NORTHERN DISTRICT OF TEXAS

In re **Sears Methodist Retirement System, Inc.**                    , Case No. __14-32821-11__

                                                    Debtor      Chapter ___11___

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $0.00 | | |
| B - Personal Property | Yes | 6 | $8,494,994.47 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | $98,675,000.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 10 | | $1,438,617.03 | |
| G - Executory Contracts and Unexpired Leases | Yes | 4 | | | |
| H - Codebtors | Yes | 2 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 27 | | | |
| Total Assets | | | $8,494,994.47 | | |
| Total Liabilities | | | | $100,113,617.03 | |

In re **Sears Methodist Retirement System, Inc.** , Case No. **14-32821-11**

Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

| | | | Total > | **$0.00** |
|---|---|---|---|---|

**0** continuation sheets attached

(Report also on Summary of Schedules)

In re **Sears Methodist Retirement System, Inc.** , Case No. **14-32821-11**

Debtor

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on Hand | | Petty Cash | | $100.00 |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | See Attachment B2 | | $8,112,461.83 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | X | | | |
| 7. | Furs and jewelry. | X | | | |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Ohio National Financial Services - Virtus Value Plan | | $78,979.59 |
| | | | The Lincoln National Life Insurance Company - Universal Life | | $126,449.20 |
| 10. | Annuities. Itemize and name each issuer. | X | | | |
| 11. | Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529 (b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521 (c).) | X | | | |
| 12. | Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |

**2** continuation sheets attached

In re **Sears Methodist Retirement System, Inc.** , Case No. **14-32821-11**

Debtor

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 13. | Stock and interests in incorporated and unincorporated businesses. Itemize. | | See Attachment B13 | | Undetermined |
| 14. | Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. | Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. | Accounts receivable. | | Intercompany Receivable | | Undetermined |
| 17. | Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. | Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. | Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. | Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. | Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. | Patents, copyrights, and other intellectual property. Give particulars. | | sears-methodist.org | | Undetermined |
| 23. | Licenses, franchises, and other general intangibles. Give particulars. | | See Attachment B23 | | Undetermined |
| 24. | Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. | Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. | Boats, motors, and accessories. | X | | | |
| 27. | Aircraft and accessories. | X | | | |
| 28. | Office equipment, furnishings, and supplies. | | Office Equipment, Furnishings & Supplies, Net of Depreciation | | $177,003.85 |

Sheet **1** of **2** continuation sheets attached to
Schedule of Personal Property

In re   **Sears Methodist Retirement System, Inc.**                                          ,   Case No.   **14-32821-11**

Debtor

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 29. | Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. | Inventory. | X | | | |
| 31. | Animals. | X | | | |
| 32. | Crops - growing or harvested. Give particulars. | X | | | |
| 33. | Farming equipment and implements. | X | | | |
| 34. | Farm supplies, chemicals, and feed. | X | | | |
| 35. | Other personal property of any kind not already listed. Itemize. | X | | | |

Total >                                   **$8,494,994.47**

(Report also on Summary of Schedules)

**Case No. 14-32821-11**

**Sears Methodist Retirement System, Inc.**
**SCHEDULES OF ASSETS AND LIABILITIES**
**ATTACHMENT B2**

**(B2) Checking, Savings or Other Financial Accounts**

| DESCRIPTION AND LOCATION OF PROPERTY | TYPE OF ACCOUNT | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|
| First Financial Bank | Operating Account | $0.00 |
| First Financial Bank | Health Claims Account | $0.00 |
| First Financial Bank | Bond Funding Account | $0.00 |
| Wells Fargo[*] | Debt Reserve Account | $4,814,389.40 |
| Wells Fargo[*] | Operating Reserve Account | $611,194.63 |
| Wells Fargo[*] | Project Fund Account | $2,686,877.80 |
| | **Total** | $8,112,461.83 |

[*] Funds are held by Wells Fargo Bank and are not controlled by the Debtor.

**Sears Methodist Retirement System, Inc.**
**SCHEDULES OF ASSETS AND LIABILITIES**
**ATTACHMENT B13**

**(B13) Stock and Interests in Incorporated and Unincorporated Businesses**

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF INTEREST | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|
| Odessa Methodist Housing, Inc. | 100% ownership in Odessa Methodist Housing, Inc. | Undetermined |
| Sears Brazos Retirement Corp. | 100% ownership in Sears Brazos Retirement Corp. | Undetermined |
| Sears Caprock Retirement Corp. | 100% ownership in Sears Caprock Retirement Corp. | Undetermined |
| Sears Methodist Centers, Inc. | 100% ownership in Sears Methodist Centers, Inc. | Undetermined |
| Sears Methodist Foundation | 100% ownership in Sears Methodist Foundation | Undetermined |
| Sears Methodist Senior Housing, LLC | 100% ownership in Sears Methodist Senior Housing, LLC | Undetermined |
| Sears Panhandle Retirement Corp. | 100% ownership in Sears Panhandle Retirement Corp. | Undetermined |
| Sears Permian Retirement Corp. | 100% ownership in Sears Permian Retirement Corp. | Undetermined |
| Sears Plains Retirement Corp. | 100% ownership in Sears Plains Retirement Corp. | Undetermined |
| Sears Tyler Methodist Retirement Corp. | 100% ownership in Sears Tyler Methodist Retirement Corp. | Undetermined |
| Senior Dimensions, Inc. | 100% ownership in Senior Dimensions, Inc. | Undetermined |
| Senior Living Assurance, Inc. | 100% ownership in Senior Living Assurance, Inc. | Undetermined |
| Southwest Assurance Co., Ltd. | 100% ownership in Southwest Assurance Co., Ltd. | Undetermined |
| Texas Senior Management, Inc. | 100% ownership in Texas Senior Management, Inc. | Undetermined |
| | **Total** | Undetermined |

Case No. 14-32821-11

**Sears Methodist Retirement System, Inc.**
**SCHEDULES OF ASSETS AND LIABILITIES**
**ATTACHMENT B23**

**(B23) Licenses, Franchises and Other General Intangibles**

DESCRIPTION OF PROPERTY

| DESCRIPTION | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY |
|---|---|
| Assisted Living Facility License by the Texas Department of Aging and Disability Services | Undetermined |
| EmergMedKit License Issued by the Texas State Board of Pharmacy | Undetermined |
| EmergMedKit License Issued by the Texas State Board of Pharmacy | Undetermined |
| EmergMedKit License Issued by the Texas State Board of Pharmacy | Undetermined |
| EmergMedKit License Issued by the Texas State Board of Pharmacy | Undetermined |
| Facility for Alzheimer's Disease and Related Disorders License by the Texas Department of Aging and Disability Services | Undetermined |
| Facility for Alzheimer's Disease and Related Disorders License by the Texas Department of Aging and Disability Services | Undetermined |
| Home and Community Support Services Agency License by the Texas Department of Aging and Disability Services | Undetermined |
| License to Operate Nursing Facility Issued by the Texas Department of Aging and Disability Services | Undetermined |
| Nursing Facility License by the Texas Department of Aging and Disability Services | Undetermined |
| Nursing Facility License by the Texas Department of Aging and Disability Services | Undetermined |
| Registered Pharmacist | Undetermined |
| **Total** | Undetermined |

In re **Sears Methodist Retirement System, Inc.**                    , Case No. **14-32821-11**

Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

      State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

      List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

      If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

      If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

      Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including Zip Code and an Account Number *(See Instructions Above)* | CODEBTOR | Husband, Wife, Joint or Community | | Date Claim was Incurred, Nature of Lien, and Description and Value of Property Subject to Lien | CONTINGENT | UNLIQUIDATED | DISPUTED | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, if Any |
|---|---|---|---|---|---|---|---|---|---|
| | | H W J | C | | | | | | |
| 1   ACCOUNT NO:<br><br>LIFE CARE SERVICES<br>ATTN: JOEL D. NELSON<br>CAPITAL SQUARE<br>400 LOCUST ST STE 820<br>DES MOINES, IA 50309 | | | | Date Incurred: 05/08/13<br><br>Letter of Credit<br><br>Collateral: Certain Real Property Located in Taylor County, Texas | X | | | Undetermined | Undetermined |
| | | | | VALUE:      Undetermined | | | | | |
| 2   ACCOUNT NO:<br><br>TEXAS METHODIST FOUNDATION<br>ATTN: PRESIDENT, MANAGING OR GENERAL AGENT<br>11709 BOULDER LANE<br>SUITE 100<br>AUSTIN, TX 78726-1808 | | | | Date Incurred: 11/01/09, 02/01/11<br><br>Secured Loan<br><br>Collateral: Certain Real Property located in Waco, TX and Abilene, TX | | | | $3,200,000.00 | Undetermined |
| | | | | VALUE:      Undetermined | | | | | |

_1_ continuation sheets attached

Subtotal ><br>(Total of this page)

|  |  |
|---|---|
| **$3,200,000.00** | **Undetermined** |

In re **Sears Methodist Retirement System, Inc.**_____, Case No. **14-32821-11**_____
Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| Creditor's Name and Mailing Address Including Zip Code and an Account Number *(See Instructions Above)* | C O D E B T O R | H W J C | Date Claim was Incurred, Nature of Lien, and Description and Value of Property Subject to Lien | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, if Any |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO:<br><br>WELLS FARGO BANK, N.A., AS INDENTURE TRUSTEE<br>ATTN: PRESIDENT, MANAGING OR GENERAL AGENT<br>750 N. ST. PAUL PLACE<br>SUITE 1750<br>DALLAS, TX 75201 | X | | Date Incurred: 08/01/98<br><br>Secured Obligated Group Bond<br><br>Collateral: Substantially all of the Debtor's Assets<br><br>VALUE:          Undetermined | | | | $95,475,000.00 | Undetermined |

Sheet **1** of **1** continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | | |
|---|---|---|
| Subtotal ><br>(Total of this page) | **$95,475,000.00** | **Undetermined** |
| Total ><br>(Use only on last page) | **$98,675,000.00** | **Undetermined** |
| | (Report also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

In re **Sears Methodist Retirement System, Inc.** , Case No. **14-32821-11**

Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts **not** entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

1 continuation sheets attached

In re **Sears Methodist Retirement System, Inc.** , Case No. **14-32821-11**

Debtor

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

Taxes and certain other debts owed to governmental units

**Type Of Priority**

| Creditor's Name and Mailing Address Including Zip Code and an Account Number (See Instructions Above) | CODEBTOR | HWJC | Date Claim was Incurred and Consideration for Claim | CONTINGENT | UNLIQUIDATED | DISPUTED | Amount of Claim | Amount not Entitled to Priority, if Any | Amount Entitled to Priority |
|---|---|---|---|---|---|---|---|---|---|
| **1** ACCOUNT NO: Internal Revenue Service Attn: President, Managing or General Agent 324 E 2500 S Ogden, UT 84001-0005 | | | Taxing Authority | X | X | X | Undetermined | Undetermined | Undetermined |
| **2** ACCOUNT NO: STATE OF TEXAS TEXAS COMPTROLLER OF PUBLIC ACCOUNTS OFFICE OF THE ATTORNEY GENERAL BANKRUPTCY - COLLECTIONS DIVISION PO BOX 12548 AUSTIN, TX 78711-2548 | | | Taxing Authority | X | X | X | Undetermined | Undetermined | Undetermined |
| **3** ACCOUNT NO: Texas Comptroller of Public Accounts Attn: President, Managing or General Agent PO Box 149354 Austin, TX 78714-9354 | | | Taxing Authority | X | X | X | Undetermined | Undetermined | Undetermined |
| **4** ACCOUNT NO: Texas Workforce Commission Attn: President, Managing or General Agent PO Box 149037 Austin, TX 78714-9037 | | | Taxing Authority | X | X | X | Undetermined | Undetermined | Undetermined |

Sheet **1** of **1** continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

Total >

(Report on Summary of Schedules)

| | Undetermined |
|---|---|
| Undetermined | Undetermined |

In re   **Sears Methodist Retirement System, Inc.**                              , Case No.   **14-32821-11**

Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| | Creditor's Name and Mailing Address Including Zip Code and an Account Number *(See Instructions Above)* | CODEBTOR | H W J C | Date Claim was Incurred and Consideration for Claim. If claim is subject to Setoff, so state. | CONTINGENT | UNLIQUIDATED | DISPUTED | Amount of Claim |
|---|---|---|---|---|---|---|---|---|
| | | | **Husband, Wife, Joint, or Community** | | | | | |
| 1 | ACCOUNT NO:<br><br>ADVANTAGE RESOURCING<br>PO BOX 277534<br>ATLANTA, GA 30384-7534 | | | Trade Payable | | | | $3,441.94 |
| 2 | ACCOUNT NO:<br><br>ALLSCRIPTS LLC<br>24630 NETWORK PLACE<br>CHICAGO, IL 60673-1246 | | | Trade Payable | | | | $4,425.00 |
| 3 | ACCOUNT NO:<br><br>APTCO INC<br>7872 SOLUTION CENTER<br>CHICAGO, IL 60677-7008 | | | Trade Payable | | | | $415.50 |
| 4 | ACCOUNT NO:<br><br>ASSOCIATED PUBLISHING CO<br>PO BOX 25933<br>LEHIGH VALLEY, PA 18002-5933 | | | Trade Payable | | | | $73.10 |
| 5 | ACCOUNT NO:<br><br>ASURE SOFTWARE<br>PO BOX 205146<br>DALLAS, TX 75320-5145 | | | Trade Payable | | | | $5,406.44 |

Sub -Total >

(Total of this Page)

$13,761.98

**9** continuation sheets attached

In re **Sears Methodist Retirement System, Inc.**                              , Case No. **14-32821-11**

Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| | Creditor's Name and Mailing Address Including Zip Code and an Account Number *(See Instructions Above)* | CODEBTOR | HWJC | Date Claim was Incurred and Consideration for Claim. If claim is subject to Setoff, so state. | CONTINGENT | UNLIQUIDATED | DISPUTED | Amount of Claim |
|---|---|---|---|---|---|---|---|---|
| 6 | ACCOUNT NO:<br><br>AUTOMATED COPY SYSTEMS, INC<br>2611 POST OAK RD<br>PO BOX 6604<br>ABILENE, TX 79608 | | | Trade Payable | | | | $622.53 |
| 7 | ACCOUNT NO:<br><br>Canyons Senior Living, L.P.<br>One Village Dr<br>Suite 400<br>Abilene, TX 79606 | | | Intercompany Payable | X | X | X | Undetermined |
| 8 | ACCOUNT NO:<br><br>CARLS, MCDONALD & DALRYMPLE, LLP<br>901 S. MOPAC EXPRESSWAY<br>BARTON OAKS PLAZA 1 SUITE 280<br>AUSTIN, TX 78746 | | | Trade Payable | | | | $12,772.00 |
| 9 | ACCOUNT NO:<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES | | | Litigation | X | X | X | Undetermined |
| 10 | ACCOUNT NO:<br><br>CITY OF AMARILLO<br>Attn: Community Development Administrator<br>City of Amarillo<br>PO Box 1971<br>Amarillo, TX 79105-1971 | | | Government Grant | X | | | $272,333.00 |
| 11 | ACCOUNT NO:<br><br>CLIFTONLARSONALLEN LLP<br>5001 SPRING VALLEY ROAD STE 600W<br>DALLAS, TX 75244 | | | Trade Payable | | | | $195,100.00 |
| 12 | ACCOUNT NO:<br><br>DIANE JORDAN<br>C/O WINCKLER & HARVEY, LLP<br>ATTN: JAY HARVEY<br>4407 BEE CAVES ROAD, BLDG 2, STE 222<br>AUSTIN, TX 78746 | | | Litigation | X | X | X | Undetermined |

Sub -Total >

(Total of this Page)

**$480,827.53**

Sheet **1** of **9** continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

In re **Sears Methodist Retirement System, Inc.** , Case No. **14-32821-11**

Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| | Creditor's Name and Mailing Address Including Zip Code and an Account Number *(See Instructions Above)* | C O D E B T O R | H W J C | Date Claim was Incurred and Consideration for Claim. If claim is subject to Setoff, so state. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | Amount of Claim |
|---|---|---|---|---|---|---|---|---|
| 13 | ACCOUNT NO: <br><br> EAN SERVICES, LLC <br> PO BOX 402383 <br> ATLANTA, GA 30384 | | | Trade Payable | | | | $2,101.20 |
| 14 | ACCOUNT NO: <br><br> EMMA, INC <br> 75 REMITTANCE DRIVE <br> SUITE 6222 <br> CHICAGO, IL 60675-6222 | | | Trade Payable | | | | $85.98 |
| 15 | ACCOUNT NO: <br><br> FEDEX - DALLAS <br> PO BOX 660481 <br> DALLAS, TX 75266-0481 | | | Trade Payable | | | | $1,598.62 |
| 16 | ACCOUNT NO: <br><br> HAMPTON INN - AUSTIN <br> 4141 GOVERNORS ROW <br> AUSTIN, TX 78744 | | | Trade Payable | | | | $362.25 |
| 17 | ACCOUNT NO: <br><br> HEIRS OF KENNETH CAMPBELL <br> HOFFMAN, SHEFFIELD, SAUSEDA & HOFFMAN <br> ATTN: CHRIS HOFFMAN <br> 1008 S MADISON <br> AMARILLO, TX 79101 | | | Litigation | X | X | X | Undetermined |
| 18 | ACCOUNT NO: <br><br> HENDRICK MEDICAL CENTER <br> LAW OFFICES OF P. MATTHEW O'NEIL <br> 6514 MCNEIL DRIVE <br> BLDG. 2, SUITE 201 <br> AUSTIN, TX 78729 | | | Litigation | X | X | X | Undetermined |
| 19 | ACCOUNT NO: <br><br> HILTON GARDEN INN ABILENE <br> 4449 RIDGEMONT DRIVE <br> ABILENE, TX 79606 | | | Trade Payable | | | | $3,203.80 |

Sub -Total >

(Total of this Page)

**$7,351.85**

Sheet **2** of **9** continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

In re **Sears Methodist Retirement System, Inc.**                              , Case No. **14-32821-11**

Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| | Creditor's Name and Mailing Address Including Zip Code and an Account Number *(See Instructions Above)* | C O D E B T O R | H W J C | Date Claim was Incurred and Consideration for Claim. If claim is subject to Setoff, so state. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | Amount of Claim |
|---|---|---|---|---|---|---|---|---|
| 20 | ACCOUNT NO: <br><br> JUDY LEWALLEN <br> C/O WINCKLER & HARVEY, LLP <br> ATTN: JAY HARVEY <br> 4407 BEE CAVES ROAD, BLDG 2, STE 222 <br> AUSTIN, TX 78746 | | | Litigation | X | X | X | Undetermined |
| 21 | ACCOUNT NO: <br><br> KEITH PERRY | | | Employment Contract | X | X | X | Undetermined |
| 22 | ACCOUNT NO: <br><br> KEITH PERRY | | | Compensation Agreement | X | X | X | Undetermined |
| 23 | ACCOUNT NO: <br><br> KEITH PERRY | | | Compensation Agreement | X | X | X | Undetermined |
| 24 | ACCOUNT NO: <br><br> KEITH PERRY | | | Insurance Policy | X | X | X | Undetermined |
| 25 | ACCOUNT NO: <br><br> KIRBO'S OFFICE SYSTEMS <br> PO BOX 2249 <br> BROWNWOOD, TX 76804 | | | Trade Payable | | | | $47.50 |
| 26 | ACCOUNT NO: <br><br> LIFE CARE SERVICES LLC <br> ATTN: ACCOUNTS RECEIVABLE <br> CAPITAL SQUARE <br> 400 LOCUST STREET, STE 820 <br> DES MOINES, IA 50309-2334 | | | Trade Payable | | | X | $922,413.80 |

Sub -Total >

(Total of this Page)

**$922,461.30**

Sheet **3** of **9** continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

In re **Sears Methodist Retirement System, Inc.**                    , Case No. **14-32821-11**

Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| | Creditor's Name and Mailing Address Including Zip Code and an Account Number *(See Instructions Above)* | CODEBTOR | HWJC | Date Claim was Incurred and Consideration for Claim. If claim is subject to Setoff, so state. | CONTINGENT | UNLIQUIDATED | DISPUTED | Amount of Claim |
|---|---|---|---|---|---|---|---|---|
| 27 | ACCOUNT NO:<br><br>LIFE CARE SERVICES, LLC<br>DBA LIFE CARE SERVICES<br>ATTN: DIANE BRIDGEWATER<br><br>Capital Square, 400 Locust Street<br><br>Des Moines, IA 50309-2334 | | | Management Fees | X | X | X | Undetermined |
| 28 | ACCOUNT NO:<br><br>NANCY FLEMING<br>C/O WINCKLER & HARVEY, LLP<br>ATTN: JAY HARVEY<br>4407 BEE CAVES ROAD, BLDG 2, STE 222<br>AUSTIN, TX 78746 | | | Litigation | X | X | X | Undetermined |
| 29 | ACCOUNT NO:<br><br>NTS COMMUNICATIONS<br>PO BOX 10730<br>LUBBOCK, TX 79408-3730 | | | Trade Payable | | | | $1,135.20 |
| 30 | ACCOUNT NO:<br><br>Odessa Methodist Housing, Inc.<br>2100 Ross Avenue<br>21st Floor<br>Dallas, TX 75201 | | | Intercompany Payable | X | X | X | Undetermined |
| 31 | ACCOUNT NO:<br><br>OFFICE DEPOT - CHICAGO<br>PO BOX 88040<br>CHICAGO, IL 60680-1040 | | | Trade Payable | | | | $1,120.12 |
| 32 | ACCOUNT NO:<br><br>OFFICE DEPOT - LOS ANGELES<br>PO BOX 70025<br>LOS ANGELES, CA 90074-0025 | | | Trade Payable | | | | $625.12 |

Sub -Total >

(Total of this Page)          **$2,880.44**

Sheet **4** of **9** continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

In re **Sears Methodist Retirement System, Inc.** , Case No. **14-32821-11**

Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| | Creditor's Name and Mailing Address Including Zip Code and an Account Number (See Instructions Above) | C O D E B T O R | H W J C | Date Claim was Incurred and Consideration for Claim. If claim is subject to Setoff, so state. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | Amount of Claim |
|---|---|---|---|---|---|---|---|---|
| 33 | ACCOUNT NO:<br><br>PATSY WELBORN<br>108 SEVEN ACRE ROAD<br>MARSHALL, IL 62441 | | | Trade Payable | | | | $416.02 |
| 34 | ACCOUNT NO:<br><br>PITNEY BOWES GLOBAL FINANCIAL SERVICES LLC<br>PO BOX 371887<br>PITTSBURGH, PA 15250-7887 | | | Trade Payable | | | | $8.27 |
| 35 | ACCOUNT NO:<br><br>PRISCILLA GARCIA<br>C/O LIGGETT LAW GROUP, P.C.<br>ATTN: MR. JONATHAN GALLEY<br>1001 MAIN, SUITE 300<br>LUBBOCK, TX 79401 | | | Litigation | X | X | X | Undetermined |
| 36 | ACCOUNT NO:<br><br>PURCHASE POWER<br>PO BOX 371874<br>PITTSBURGH, PA 15250-7874 | | | Trade Payable | | | | $576.95 |
| 37 | ACCOUNT NO:<br><br>Sears Brazos Retirement Corp.<br>2100 Ross Avenue<br>21st Floor<br>Dallas, TX 75201 | | | Intercompany Payable | X | X | X | Undetermined |
| 38 | ACCOUNT NO:<br><br>Sears Caprock Retirement Corp.<br>One Village Dr<br>Suite 400<br>Abilene, TX 79606 | | | Intercompany Payable | X | X | X | Undetermined |
| 39 | ACCOUNT NO:<br><br>Sears Methodist Centers, Inc.<br>2100 Ross Avenue<br>21st Floor<br>Dallas, TX 75201 | | | Intercompany Payable | X | X | X | Undetermined |

Sub -Total >

(Total of this Page)

**$1,001.24**

Sheet **5** of **9** continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

In re **Sears Methodist Retirement System, Inc.** , Case No. **14-32821-11**

Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| | Creditor's Name and Mailing Address Including Zip Code and an Account Number *(See Instructions Above)* | C O D E B T O R | H W J C | Date Claim was Incurred and Consideration for Claim. If claim is subject to Setoff, so state. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | Amount of Claim |
|---|---|---|---|---|---|---|---|---|
| 40 | ACCOUNT NO: | | | | | | | |
| | Sears Methodist Foundation 2100 Ross Avenue 21st Floor Dallas, TX 75201 | | | Intercompany Payable | X | X | X | Undetermined |
| 41 | ACCOUNT NO: | | | | | | | |
| | Sears Methodist Senior Housing, LLC 2100 Ross Avenue 21st Floor Dallas, TX 75201 | | | Intercompany Payable | X | X | X | Undetermined |
| 42 | ACCOUNT NO: | | | | | | | |
| | Sears Panhandle Retirement Corp. 2100 Ross Avenue 21st Floor Dallas, TX 75201 | | | Intercompany Payable | X | X | X | Undetermined |
| 43 | ACCOUNT NO: | | | | | | | |
| | Sears Permian Retirement Corp. 2100 Ross Avenue 21st Floor Dallas, TX 75201 | | | Intercompany Payable | X | X | X | Undetermined |
| 44 | ACCOUNT NO: | | | | | | | |
| | Sears Plains Retirement Corp. 2100 Ross Avenue 21st Floor Dallas, TX 75201 | | | Intercompany Payable | X | X | X | Undetermined |
| 45 | ACCOUNT NO: | | | | | | | |
| | Sears Tyler Methodist Retirement Corp. 2100 Ross Avenue 21st Floor Dallas, TX 75201 | | | Intercompany Payable | X | X | X | Undetermined |
| 46 | ACCOUNT NO: | | | | | | | |
| | Senior Dimensions, Inc. 2100 Ross Avenue 21st Floor Dallas, TX 75201 | | | Intercompany Payable | X | X | X | Undetermined |

Sub -Total >

(Total of this Page)

**Undetermined**

Sheet **6** of **9** continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

In re **Sears Methodist Retirement System, Inc.** , Case No. **14-32821-11**

Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| | Creditor's Name and Mailing Address Including Zip Code and an Account Number *(See Instructions Above)* | C O D E B T O R | Husband, Wife, Joint, or Community | | Date Claim was Incurred and Consideration for Claim. If claim is subject to Setoff, so state. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | Amount of Claim |
|---|---|---|---|---|---|---|---|---|---|
| | | | H | W J C | | | | | |
| 47 | ACCOUNT NO: | | | | | | | | |
| | Senior Living Assurance, Inc. 2100 Ross Avenue 21st Floor Dallas, TX 75201 | | | | Intercompany Payable | X | X | X | Undetermined |
| 48 | ACCOUNT NO: | | | | | | | | |
| | SHRED-IT AUSTIN PO BOX 203974 HOUSTON, TX 77216-3974 | | | | Trade Payable | | | | $54.89 |
| 49 | ACCOUNT NO: | | | | | | | | |
| | SHRED-IT USA - DALLAS PO BOX 730504 DALLAS, TX 75373-0504 | | | | Trade Payable | | | | $439.04 |
| 50 | ACCOUNT NO: | | | | | | | | |
| | SIMPLELTC, INC 2435 N. CENTRAL EXPY, SUITE 1510 RICHARDSON, TX 75080 | | | | Trade Payable | | | | $1,900.00 |
| 51 | ACCOUNT NO: | | | | | | | | |
| | Southwest Assurance Co., Ltd. 2100 Ross Avenue 21st Floor Dallas, TX 75201 | | | | Intercompany Payable | X | X | X | Undetermined |
| 52 | ACCOUNT NO: | | | | | | | | |
| | STATE FARM MUTUAL AUTOMOBILE INSURANCE | | | | Litigation | X | X | X | Undetermined |

Sub -Total >

(Total of this Page)

**$2,393.93**

In re **Sears Methodist Retirement System, Inc.** , Case No. **14-32821-11**

Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| | Creditor's Name and Mailing Address Including Zip Code and an Account Number (See Instructions Above) | CODEBTOR | Husband, Wife, Joint, or Community | | Date Claim was Incurred and Consideration for Claim. If claim is subject to Setoff, so state. | CONTINGENT | UNLIQUIDATED | DISPUTED | Amount of Claim |
|---|---|---|---|---|---|---|---|---|---|
| | | | H W | J C | | | | | |
| 53 | ACCOUNT NO: STATE OF TEXAS C/O OFFICE OF THE ATTORNEY GENERAL OF TEXAS CONSUMER PROTECTIONS DIVISION ATTN: MADALYN WELLS, ASSISTANT ATTORNEY GENERAL 1412 MAIN STREET, SUITE 810 DALLAS, TX 75202 | | | | Litigation | X | X | X | Undetermined |
| 54 | ACCOUNT NO: STATE OF TEXAS | | | | Litigation | X | X | X | Undetermined |
| 55 | ACCOUNT NO: TEXAS COMMUNICATIONS, INC 4309 MAPLE ABILENE, TX 79602-8099 | | | | Trade Payable | | | | $781.90 |
| 56 | ACCOUNT NO: Texas Senior Management, Inc. 2100 Ross Avenue 21st Floor Dallas, TX 75201 | | | | Intercompany Payable | X | X | X | Undetermined |
| 57 | ACCOUNT NO: TEXAS TECH UNIVERSITY HSC SCHOOL OF PHARMACY ATTN: JANEA ROBINSON 1300 COULTER, SUITE 112C AMARILLO, TX 79106 | | | | Trade Payable | | | | $2,400.00 |
| 58 | ACCOUNT NO: THE CONFERENCE GROUP ACCOUNTS RECEIVABLE 254 CHAPMAN RD TOPKIS BUILDING STE.200 NEWARK, DE 19702 | | | | Trade Payable | | | | $623.74 |

Sub -Total >

(Total of this Page)

**$3,805.64**

Sheet **8** of **9** continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

In re   **Sears Methodist Retirement System, Inc.**                                   ,   Case No.   **14-32821-11**

Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| | Creditor's Name and Mailing Address Including Zip Code and an Account Number *(See Instructions Above)* | C O D E B T O R | H W J C | Date Claim was Incurred and Consideration for Claim. If claim is subject to Setoff, so state. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | Amount of Claim |
|---|---|---|---|---|---|---|---|---|
| | | | | Husband, Wife, Joint, or Community | | | | |
| 59 | ACCOUNT NO: <br><br> WYNDHAM DALLAS LOVE FIELD <br> 3300 W. MOCKINGBIRD LANE <br> DALLAS, TX 75235 | | | Trade Payable | | | | $3,395.48 |
| 60 | ACCOUNT NO: <br><br> YP <br> PO BOX 5010 <br> CAROL STREAM, IL 60197-5010 | | | Trade Payable | | | | $451.94 |
| 61 | ACCOUNT NO: <br><br> ZONES <br> PO BOX 34740 <br> SEATTLE, WA 98124-1740 | | | Trade Payable | | | | $285.70 |

Sub -Total >   **$4,133.12**

(Total of this Page)

Total >   **$1,438,617.03**

(Report also on Summary of Schedules)

In re **Sears Methodist Retirement System, Inc.** , Case No. **14-32821-11**

Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| | Name and Address of Contract Party | Description of Contract or Lease and Nature of Debtor's Interest |
|---|---|---|
| 1 | Abilene Health Facilities Development Corporation<br>Attn: Charles Black, President | Settlement Agreement (ID: 00848)<br>Closing Agreement with IRS |
| 2 | Abilene Reporter News<br>Attn: President, Managing or General Agent<br>101 Cypress Street<br>Abilene, TX 79601 | Miscellaneous Agreement (ID: 00449)<br>Publishing Contract<br>Nature of Debtor's Interest: Purchaser |
| 3 | B.C. Ziegler and Company<br>Attn: President, Managing or General Agent | Indemnity Agreement (ID: 00822)<br>Letter of Representation and Indemnification |
| 4 | Basin Medical Staffing<br>Attn: President, Managing or General Agent<br>1215 East 10th Street<br>Odessa, TX 79761 | Service Agreement (ID: 00639)<br>Agreement for Medical Staff |
| 5 | CITY OF AMARILLO<br>Attn: Community Development Administrator<br>City of Amarillo<br>PO Box 1971<br>Amarillo, TX 79105-1971 | Miscellaneous Agreement (ID: 01226)<br>Funding Agreement for Structural Modifications |
| 6 | Commissioner of the Internal Revenue Service<br>Attn: Steven A Chamberlin, Mgr Tax Exempt Bonds | Settlement Agreement (ID: 00848)<br>Closing Agreement with IRS |
| 7 | Design Growth Investments, Inc.<br>Attn: President, Managing or General Agent<br>PO Box 6317<br>Abilene, Tx 79608 | Lease Non-Residential RE (ID: 00912)<br>Lease Agreement<br>Nature of Debtor's Interest: Lessee |
| 8 | KEITH PERRY | Insurance Policy (ID: 01231)<br>Health Insurance Payment Agreement |
| 9 | Keith Perry | Employment Agreement (ID: 00881)<br>Consulting Agreement<br>Nature of Debtor's Interest: Employer |
| 10 | Keith Perry | Compensation Agreement (ID: 00872)<br>Deferred Compensation Plan<br>Nature of Debtor's Interest: Employer |

_3_ continuation sheets attached

In re **Sears Methodist Retirement System, Inc.**                    , Case No. **14-32821-11**

Debtor

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(Continuation Sheet)

| | **Name and Address of Contract Party** | **Description of Contract or Lease and Nature of Debtor's Interest** |
|---|---|---|
| 11 | Keith Perry | Compensation Agreement (ID: 00870)<br>Post-Employment Payment Arrangement<br>Nature of Debtor's Interest: Employer |
| 12 | Limestone Creek Properties L.P.<br>Attn: President, Managing or General Agent | Lease Non-Residential RE (ID: 00911)<br>Office Lease<br>Nature of Debtor's Interest: Lessee |
| 13 | Limestone Creek Properties, L.P<br>Attn: President, Managing or General Agent | Lease Non-Residential RE (ID: 00900)<br>Amendment No. 1 to Office Lease<br>Nature of Debtor's Interest: Licensee |
| 14 | Limestone Springs Properties, LP<br>Attn: President, Managing or General Agent<br>DBA Lost Creek Point Office Building | Lease Non-Residential RE (ID: 00900)<br>Amendment No. 1 to Office Lease<br>Nature of Debtor's Interest: Licensee |
| 15 | McKesson Medical Surgical Minnesota Supply Inc<br>Attn: Bill Blanchfill<br>8121 10th Ave N<br>Golden Valley , MN 55427 | Service Agreement (ID: 00112)<br>Business Associate Agreement<br>Nature of Debtor's Interest: Customer |
| 16 | McKesson Medical-Surgical Inc<br>Attn: President, Managing or General Agent<br>8121 10th Avenue North<br>Golden Valley, MN 55427 | Service Agreement (ID: 00458)<br>Service Agreement<br>Nature of Debtor's Interest: Customer |
| 17 | McKesson Medical-Surgical MediMart Inc.<br>Attn: President, Managing or General Agent<br>8121 10th Avenue North<br>Golden Valley, MN 55427 | Consulting Agreement (ID: S0253)<br>Business Associate Agreement |
| 18 | McKesson Medical-Surgical MediMart Inc.<br>Attn: President, Managing or General Agent<br>8121 10th Avenue North<br>Golden Valley, MN 55427 | Service Agreement (ID: 00253)<br>Medimart Agreement |
| 19 | McKesson Medical-Surgical Minnesota Supply, Inc.<br>Attn:  Bill Blanchfill<br>8121 10th Avenue North<br>Golden Valley, MN 55427 | Service Agreement (ID: 00287)<br>Service Agreement |
| 20 | Media Weather Innovations, LLC<br>Attn:  Valerie Ritterbusch<br>DBA WeatherCall Enterprise<br>PO Box 472<br>Parker, CO 80134 | Service Agreement (ID: 00566)<br>Service agreement |
| 21 | MP2 Energy Texas LLC<br>Attn: Matthew Adams<br>24 Waterway Ave, Suite 625<br>The Woodlands, TX 77830 | Service Agreement (ID: 00627)<br>Retail Power Sales Agreement |
| 22 | Nurse Aide Training and Competency Eval. Program<br>Attn:  President, Managing or General Agent<br>Mail Code E-420<br>PO Box 149030<br>Austin, TX 78714-9030 | Participation Agreement (ID: 00157)<br>Service Agreement |

Sheet **1** of **3** continuation sheets attached to
Schedule of Executory Contracts and Unexpired Leases

In re **Sears Methodist Retirement System, Inc.** , Case No. **14-32821-11**

Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
(Continuation Sheet)

| Name and Address of Contract Party | Description of Contract or Lease and Nature of Debtor's Interest |
|---|---|
| 23 Ohio National Financial Services<br>Attn: President, Managing or General Agent<br>One Financial Way<br>Cincinnati, OH 45242 | Insurance Policy (ID: 01098)<br>Letter and Life Insurance Policy Information<br>Nature of Debtor's Interest: Insured |
| 24 Pharmacy Corporation of America<br>Attn: President, Managing or General Agent<br>DBA PharMerica Corporation<br>1901 Campus Place<br>Louisville, KY 40299 | Service Agreement (ID: 00451)<br>Pharmacy Services Agreement<br>Nature of Debtor's Interest: Customer |
| 25 PharMerica Corporation<br>Attn: President, Managing or General Agent<br>6113 43rd Street, Suite D<br>Lubbock, TX 79407 | Service Agreement (ID: 00153)<br>Service Agreement |
| 26 PharMerica Corporation<br>Attn: Robert McKay, Senior VP Sales and Marketing<br>6113 43rd Street, Ste D<br>Lubbock, TX 79407 | Service Agreement (ID: 00275)<br>Pharmacy Services Agreement, as amended |
| 27 PharMerica Drug Systems, Inc. dba PharMerica<br>Attn: William Monast, Executive VP of Operations<br>6113 43rd Street, Ste D<br>Lubbock, TX 79407 | Service Agreement (ID: 00275)<br>Pharmacy Services Agreement, as amended |
| 28 Prevarian Senior Living, LP<br>Attn: H. Dodd Crutcher, President<br>5949 Sherry Lane, Suite 835<br>Dallas, TX 75225 | Participation Agreement (ID: 00183)<br>Letter of intent |
| 29 Red River Health Facilities Development Corp.<br>Attn: President, Managing or General Agent | Indemnity Agreement (ID: 00822)<br>Letter of Representation and Indemnification |
| 30 RSUI<br>Attn: President, Managing or General Agent | Insurance Policy (ID: 00675)<br>Insurance Application |
| 31 RSUI Group Inc<br>Attn: President, Managing or General Agent<br>945 East Paces Ferry Rd<br>Suite 1800<br>Atlanta, GA 30326-1160 | Insurance Policy (ID: 00684)<br>Insurance Declarations<br>Nature of Debtor's Interest: Insured |
| 32 Sears Methodist Centers, Inc.<br>Attn: President, Managing or General Agent<br>dba Wesley Court Retirement Community | Service Agreement (ID: 00569)<br>Service agreement |
| 33 Sears Methodist Centers, Inc.<br>Attn: Administrator<br>DBA Southwest Therapy Associates<br>3233 S. Willis<br>Abilene, TX 79605 | Service Agreement (ID: 00255)<br>Services Agreement |

In re **Sears Methodist Retirement System, Inc.** , Case No. **14-32821-11**

Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(Continuation Sheet)

| | **Name and Address of Contract Party** | **Description of Contract or Lease and Nature of Debtor's Interest** |
|---|---|---|
| 34 | Sears Methodist Retirement Corporation<br>Attn: D. Keith Perry, President/CEO<br>1114 Lost Creek Blvd<br>Suite 400<br>Austin, TX 78746 | Service Agreement (ID: 00780)<br>Services Agreement<br>Nature of Debtor's Interest: Employee |
| 35 | Sears Methodist Retirement Corporation<br>Attn: D. Keith Perry, President and CEO<br>1114 Lost Creek Blvd<br>Suite 400<br>Austin, TX 78746 | Guaranty Agreement (ID: 00775)<br>Guaranty Agreement<br>Nature of Debtor's Interest: Guarantor |
| 36 | Sears Methodist Retirement Corporation<br>Attn: President, Managing or General Agent | Service Agreement (ID: 00774)<br>Charity Care Agreement |
| 37 | Sears Panhandle Retirement Corporation<br>Attn: D. Keith Perry, President/CEO<br>1114 Lost Creek Blvd, Ste 400<br>Austin, TX 78746 | Service Agreement (ID: 00268)<br>Professional Services Agreement |
| 38 | SpineAbilene<br>Attn: Stacy L. Garley<br>1888 Antilley Rd.<br>Abilene, TX 79606 | Service Agreement (ID: 00608)<br>Health/Medical/Lab Service Agreement |
| 39 | SYSCO Corporation<br>Attn: Director Nutrition Services<br>1390 Enclave Parkway<br>Houston, TX 77077-2099 | Subscription Agreement (ID: 00401)<br>Subscription Agreement<br>Nature of Debtor's Interest: Subscriber |
| 40 | The Lincoln Natonal Life Insurance Company<br>Attn: President, Managing or General Agent<br>One Granite Place<br>PO Box 515<br>Concord, NH 03302-0515 | Insurance Policy (ID: 01099)<br>Letter re: Life Insurance Policy<br>Nature of Debtor's Interest: Insured |

Sheet  3  of  3  continuation sheets attached to
Schedule of Executory Contracts and Unexpired Leases

In re    **Sears Methodist Retirement System, Inc.**_____ , Case No. __**14-32821-11**_____

Debtor

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

**See Attachment H**

**Sears Methodist Retirement System, Inc.**
**SCHEDULES OF ASSETS AND LIABILITIES**
**ATTACHMENT H**

**(H) CODEBTORS**

| NAME AND ADDRESS OF CODEBTORS | NAME AND ADDRESS OF CREDITOR |
|---|---|

**Secured Obligated Group Bond**

**Borrowers**

Sears Methodist Centers, Inc.
2100 Ross Avenue, 21st Floor
Dallas, TX 75201

Sears Methodist Foundation
2100 Ross Avenue, 21st Floor
Dallas, TX 75201

Sears Panhandle Retirement Corporation
2100 Ross Avenue, 21st Floor
Dallas, TX 75201

Sears Brazos Retirement Corporation
2100 Ross Avenue, 21st Floor
Dallas, TX 75201

Sears Permian Retirement Corporation
2100 Ross Avenue, 21st Floor
Dallas, TX 75201

Wells Fargo Bank, N.A., as Indenture Trustee
Attn: President, Managing Or General Agent
750 N. St. Paul Place
Suite 1750
Dallas, TX 75201

**United States Bankruptcy Court**
**NORTHERN DISTRICT OF TEXAS**

In re    **Sears Methodist Retirement System, Inc.**          ,   Case No.   **14-32821-11**

                                                   Debtor      Chapter          **11**


# DECLARATION CONCERNING DEBTOR'S SCHEDULES

DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP


       I, the Chief Restructuring Officer of Sears Methodist Retirement System, Inc., declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **28** sheets, and that they are true and correct to the best of my knowledge, information, and belief.


Date      **July 08, 2014**       Signature   **/s/Paul Rundell**

                                                        **Paul Rundell**
                                                        **Chief Restructuring Officer**
                                                        **Sears Methodist Retirement System, Inc.**


*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.*
*18 U.S.C. §§ 152 and 3571.*