Vincent P. Slusher, State Bar No. 00785480
vincent.slusher@dlapiper.com
Andrew Zollinger, State Bar No. 24063944
andrew.zollinger@dlapiper.com
DLA Piper LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas 75201-4629
Tel: (214) 743-4500
Fax: (214) 743-4545

Thomas R. Califano (admitted *pro hac vice*)
thomas.califano@dlapiper.com
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel:  (212) 335-4500
Fax:  (212) 335-4501

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 14-32821-11 |
| | § | |
| **SEARS METHODIST RETIREMENT** | § | **CHAPTER 11** |
| **SYSTEM, INC.,** *et al.*[1] | § | |
| | § | **Jointly Administered** |
| Debtors. | § | |

## PLAN DEBTORS' MOTION FOR ENTRY OF AN ORDER
## (I) APPROVING DISCLOSURE STATEMENT,
## (II) ESTABLISHING PROCEDURES FOR THE SOLICITATION
## AND TABULATION OF VOTES TO ACCEPT OR REJECT THE
## PLAN DEBTORS' CHAPTER 11 PLAN,
## (III) SCHEDULING A CONFIRMATION HEARING,
## AND (IV) APPROVING RELATED NOTICE PROCEDURES

Sears Methodist Retirement System, Inc., Sears Caprock Retirement Corporation, Sears

Methodist Centers, Inc., Sears Methodist Foundation, Sears Panhandle Retirement Corporation,

Sears Permian Retirement Corporation, Sears Plains Retirement Corporation, Sears Tyler

Methodist Retirement Corporation, and Senior Dimensions, Inc. (collectively, the "Plan Debtors")

---

[1]   The debtors in these chapter 11 cases, along with the last four (4) digits of their taxpayer identification numbers, are: Sears Methodist Retirement System, Inc. (6330), Canyons Senior Living, L.P. (8545), Odessa Methodist Housing, Inc. (9569), Sears Brazos Retirement Corporation (8053), Sears Caprock Retirement Corporation (9581), Sears Methodist Centers, Inc. (4917), Sears Methodist Foundation (2545), Sears Panhandle Retirement Corporation (3233), Sears Permian Retirement Corporation (7608), Sears Plains Retirement Corporation (8233), Sears Tyler Methodist Retirement Corporation (0571) and Senior Dimensions, Inc. (4016).  The mailing address of each of the debtors, solely for purposes of notices and communications, is 2100 Ross Avenue, 21st Floor, c/o Paul Rundell, Dallas, Texas 75201.

and, together with the remaining debtors and debtors in possession in the above-captioned cases, the "Debtors"), by their undersigned counsel, hereby file this motion (the "Motion"), pursuant to sections 105(a), 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 3017-1, 3018-1, and 3020-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules") for entry of an order, substantially in the form attached hereto as Exhibit A, (i) approving the Disclosure Statement, dated December 6, 2014 (as amended, modified, or supplemented from time to time, the "Disclosure Statement"), with respect to the *Plan Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code*, dated December 6, 2014 (as amended, modified, or supplemented from time to time, the "Plan"); (ii) establishing procedures for the solicitation and tabulation of votes to accept or reject the Plan (collectively, the "Solicitation Procedures"), including approval of (a) the form of ballots for submitting votes on the Plan, (b) the deadline for submission of such ballots, (c) the contents of the proposed solicitation packages to be distributed in connection with the solicitation of votes on the Plan, (d) the proposed record date for Plan voting, (e) procedures for tabulating votes with respect to the Plan, and (f) certain related relief; (iii) scheduling a hearing on confirmation of the Plan (the "Confirmation Hearing"); and (iv) approving certain related notice procedures (the "Confirmation Procedures").[2]  In support of this Motion, the Plan Debtors respectfully represent as follows:

---

[2]  Capitalized terms used but not defined herein shall be given the meanings ascribed to them in the Plan.

## PRELIMINARY STATEMENT

By this Motion, and as described in detail below, the Plan Debtors seek Court approval of various substantive and procedural matters central to the chapter 11 plan confirmation process and the resolution of certain of these chapter 11 cases. As a threshold matter, the Plan Debtors seek approval of the Disclosure Statement as providing "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code. The Plan Debtors submit that the information contained in the Disclosure Statement satisfies the standard for approval set forth in the Bankruptcy Code.

Contingent upon approval of the Disclosure Statement, the Plan Debtors further seek approval of two discrete sets of procedures, each designed to implement and streamline the Plan confirmation process. Specifically, the Plan Debtors seek approval of (a) the Solicitation Procedures establishing rules and deadlines governing the solicitation and tabulation of votes on the Plan, including the form of ballots and other solicitation documents, and (b) the Confirmation Procedures scheduling the Confirmation Hearing, providing for adequate notice thereof and creating a framework for the filing and service of any objections to Plan confirmation (and any responses thereto). The Plan Debtors submit that each of these procedures (described in detail herein) is necessary and reasonable and complies fully with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and Local Rules and, therefore, should be approved.

For the convenience of the Court and all parties in interest, the following is a summary timeline identifying each of the relevant dates and deadlines proposed by this Motion:[3]

> (a)    December 8, 2014: Record date for determination of claim or interest holder status (the "Record Date");
>
> (b)    [TBD]: Hearing on this Motion;

---

[3] All such dates and deadlines are subject to the Court's calendar and are therefore subject to change.

(c)     3 business days after entry of order approving this Motion:  Deadline for serving solicitation packages;

(d)     3 business days after entry of order approving this Motion:  Deadline for newspaper publication;

(e)     [TBD]:  Deadline for filing objections to Plan confirmation;

(f)     [TBD]:  Deadline for voting on Plan;

(g)     [TBD]:  Deadline for Plan Debtors to reply to any objections to Plan confirmation;

(h)     3 days prior to Confirmation Hearing:  Deadline for submission of tabulation report; and

(i)     [TBD]:  Confirmation Hearing.

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory bases for the relief sought herein are sections 105(a), 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, and 3020, and Local Rules 2002-1, 3017-1, 3018-1, and 3020-1.

## BACKGROUND

**I.      The Debtors' Bankruptcy Filing.**

2.      On June 10, 2014 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3.      The Debtors remain in possession of their assets and continue to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

4.      On June 19, 2014, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee") pursuant to section 1102(a)(1) of the

Bankruptcy Code. No trustee or examiner has been appointed.

5.     Additional factual background regarding each of the Debtors, including their current and historical business operations and the events precipitating these chapter 11 filings, is set forth in detail in the *Declaration of Paul B. Rundell in Support of First Day Motions* [Docket No. 3], incorporated herein by reference.

## II.     The Plan.

6.     Since the commencement of these chapter 11 cases, the Plan Debtors and their professionals have been actively considering and pursuing potential strategic transactions and/or standalone restructuring alternatives in an effort to achieve the best possible result for their stakeholders. To this end, on July 17, 2014, the Plan Debtors retained RBC Capital Markets, LLC ("RBC") to, among other things, solicit offers for a sale of all or substantially all of the Plan Debtors' assets, an affiliation transaction, or a restructuring of all or a portion of the Plan Debtors' indebtedness. After consultation with the Plan Debtors' professionals to identify the most likely candidates to purchase the Plan Debtors' assets and/or to affiliate with the Plan Debtors, RBC began contacting potential buyers and partners. To date, RBC has contacted over 500 parties, including strategic for-profit and not-for-profit investors, real estate and private equity investors, and real estate investment trusts. Of those contacted, over seventy (70) signed confidentiality agreements and received additional information from RBC regarding the Plan Debtors' businesses and assets.

7.     In September 2014, the Plan Debtors explored the possibility of a stand-alone restructuring or an affiliation with another not-for-profit entity. When these options were determined not to be viable, the Plan Debtors embarked upon a process of selling their assets to qualified operators who continue to operate the Plan Debtors' facilities without interruption of

service to the residents and patients at those facilities. As described in more detail in the Plan, certain Plan Debtors have entered into asset purchase and sale agreements pursuant to which they have agreed to sell substantially all of the their assets, including those assets related to the following facilities: Parks, Wesley Court, Craig, Meadow Lake, and Mesa Springs. The asset purchase and sale agreements further provide that all residency agreements at the foregoing facilities will be assumed and assigned to the respective buyers and all obligations thereunder will be honored.

8.      In order to ensure that maximum value is received for their businesses and assets, the Plan Debtors have conducted or are currently in the process of conducting an open-market bidding process in which qualified bidders can submit higher or otherwise better offers on all or a portion of the Plan Debtors' assets. At the conclusion of the bidding process, the Plan Debtors will seek Bankruptcy Court approval to close on the sales with the parties submitting the highest or best offers for the Plan Debtors' businesses and assets.

9.      As described in more detail in the Plan, the Plan contemplates that (a) the net sale proceeds of the sales, (b) certain assets excluded from the sales, (c) various claims and causes of action belonging to the Plan Debtors and their estates, and (d) all other unencumbered assets of the Plan Debtors (collectively, the "Liquidating Trust Assets") will be transferred to a liquidating trust for the benefit of the Plan Debtors' unsecured creditors. The liquidating trust is to be managed by a Liquidating Trustee who will be responsible for liquidating the Liquidating Trust Assets and making distributions to holders of allowed claims as well as all other administrative tasks necessary for the ultimate resolution of these chapter 11 cases.

10.     The Plan contemplates classifying all claims against and interests in the Plan Debtors, other than Administrative Expense Claims, Compensation and Reimbursement Claims,

Priority Tax Claims, or DIP Claims, as follows:

### Sears Methodist Retirement System, Inc.

| Class | Claims & Interest | Status | Treatment | Entitled to Vote |
|-------|-------------------|--------|-----------|------------------|
| 1 | Other Priority Claims | Unimpaired | Paid in Full | No (deemed to accept) |
| 2 | Secured Tax Claims | Unimpaired | Paid in Full | No (deemed to accept) |
| 3 | Obligated Group Bond Claims | Impaired | Pro Rata Share of Net Sale Proceeds from Obligated Group Sale and Obligated Group Encumbered Excluded Assets | Yes |
| 4 | Other Secured Claims | Impaired | Proceeds from sale of Collateral | Yes |
| 5 | Deficiency Claims | Impaired | Pro Rata Share of Liquidating Trust Distributable Cash | Yes |
| 6 | General Unsecured Claims | Impaired | Pro Rata Share of Liquidating Trust Distributable Cash | Yes |

### Sears Panhandle Retirement Corporation.

| Class | Claims & Interest | Status | Treatment | Entitled to Vote |
|-------|-------------------|--------|-----------|------------------|
| 1 | Other Priority Claims | Unimpaired | Paid in Full | No (deemed to accept) |
| 2 | Secured Tax Claims | Unimpaired | Paid in Full | No (deemed to accept) |
| 3 | Obligated Group Bond Claims | Impaired | Pro Rata Share of Net Sale Proceeds from Obligated Group Sale and Obligated Group Encumbered Excluded Assets | Yes |
| 4 | Entrance Deposit Refund Claims | Unimpaired | Assigned to Obligated Group Successful Bidder | No (deemed to accept) |
| 5 | Deficiency Claims | Impaired | Pro Rata Share of Liquidating Trust Distributable Cash | Yes |
| 6 | General Unsecured Claims | Impaired | Pro Rata Share of Liquidating Trust Distributable Cash | Yes |
| 7 | Interests in Panhandle | Impaired | No Distribution | No (deemed to reject) |

7

## Sears Permian Retirement Corporation.

| Class | Claims & Interest | Status | Treatment | Entitled to Vote |
|---|---|---|---|---|
| 1 | Other Priority Claims | Unimpaired | Paid in Full | No (deemed to accept) |
| 2 | Secured Tax Claims | Unimpaired | Paid in Full | No (deemed to accept) |
| 3 | Obligated Group Bond Claims | Impaired | Pro Rata Share of Net Sale Proceeds from Obligated Group Sale and Obligated Group Encumbered Excluded Assets | Yes |
| 4 | Entrance Deposit Refund Claims | Unimpaired | Assigned to Obligated Group Successful Bidder | No (deemed to accept) |
| 5 | Deficiency Claims | Impaired | Pro Rata Share of Liquidating Trust Distributable Cash | Yes |
| 6 | General Unsecured Claims | Impaired | Pro Rata Share of Liquidating Trust Distributable Cash | Yes |
| 7 | Interests in Permian | Impaired | No Distribution | No (deemed to reject) |

## Sears Methodist Centers, Inc.

| Class | Claims & Interest | Status | Treatment | Entitled to Vote |
|---|---|---|---|---|
| 1 | Other Priority Claims | Unimpaired | Paid in Full | No (deemed to accept) |
| 2 | Secured Tax Claims | Unimpaired | Paid in Full | No (deemed to accept) |
| 3 | Obligated Group Bond Claims | Impaired | Pro Rata Share of Net Sale Proceeds from Obligated Group Sale and Obligated Group Encumbered Excluded Assets | Yes |
| 4 | Entrance Deposit Refund Claims | Unimpaired | Assigned to Obligated Group Successful Bidder | No (deemed to accept) |
| 5 | Deficiency Claims | Impaired | Pro Rata Share of Liquidating Trust Distributable Cash | Yes |
| 6 | General Unsecured Claims | Impaired | Pro Rata Share of Liquidating Trust Distributable Cash | Yes |
| 7 | Interests in SMC | Impaired | No Distribution | No (deemed to reject) |

**Sears Methodist Foundation.**

| Class | Claims & Interest | Status | Treatment | Entitled to Vote |
|---|---|---|---|---|
| 1 | Other Priority Claims | Unimpaired | Paid in Full | No (deemed to accept) |
| 2 | Secured Tax Claims | Unimpaired | Paid in Full | No (deemed to accept) |
| 3 | Obligated Group Bond Claims | Impaired | Pro Rata Share of Net Sale Proceeds from Obligated Group Sale and Obligated Group Encumbered Excluded Assets | Yes |
| 4 | Deficiency Claims | Impaired | Pro Rata Share of Liquidating Trust Distributable Cash | Yes |
| 5 | General Unsecured Claims | Impaired | Pro Rata Share of Liquidating Trust Distributable Cash | Yes |
| 6 | Interests in SMF | Impaired | No Distribution | No (deemed to reject) |

**Sears Tyler Methodist Retirement Corporation.**

| Class | Claims & Interest | Status | Treatment | Entitled to Vote |
|---|---|---|---|---|
| 1 | Other Priority Claims | Unimpaired | Paid in Full | No (deemed to accept) |
| 2 | Secured Tax Claims | Unimpaired | Paid in Full | No (deemed to accept) |
| 3 | Tyler Bond Claims | Impaired | Pro Rata Share of Net Sale Proceeds from Tyler Sale and Tyler Encumbered Excluded Assets | Yes |
| 4 | Other Secured Claims | Unimpaired | Assigned to Tyler Successful Bidder | No (deemed to accept) |
| 5 | Entrance Deposit Refund Claims | Unimpaired | Assigned to Tyler Successful Bidder | No (deemed to accept) |
| 6 | Deficiency Claims | Impaired | Pro Rata Share of Liquidating Trust Distributable Cash | Yes |
| 7 | General Unsecured Claims | Impaired | Pro Rata Share of Liquidating Trust Distributable Cash | Yes |
| 8 | Interests in Tyler | Impaired | No Distribution | No (deemed to reject) |

EAST\82924280.2

### Sears Caprock Retirement Corporation.

| Class | Claims & Interest | Status | Treatment | Entitled to Vote |
|---|---|---|---|---|
| 1 | Other Priority Claims | Unimpaired | Paid in Full | No (deemed to accept) |
| 2 | Secured Tax Claims | Unimpaired | Paid in Full | No (deemed to accept) |
| 3 | Caprock Secured Loan Claim | Impaired | Net Sale Proceeds from Caprock Sale and Caprock Encumbered Excluded Assets | Yes |
| 4 | Entrance Deposit Refund Claims | Unimpaired | Assigned to Successful Caprock Bidder | No (deemed to accept) |
| 5 | Deficiency Claims | Impaired | Pro Rata Share of Liquidating Trust Distributable Cash | Yes |
| 6 | General Unsecured Claims | Impaired | Pro Rata Share of Liquidating Trust Distributable Cash | Yes |
| 7 | Interests in Caprock | Impaired | No Distribution | No (deemed to reject) |

### Sears Plains Retirement Corporation.

| Class | Claims & Interest | Status | Treatment | Entitled to Vote |
|---|---|---|---|---|
| 1 | Other Priority Claims | Unimpaired | Paid in Full | No (deemed to accept) |
| 2 | Secured Tax Claims | Unimpaired | Paid in Full | No (deemed to accept) |
| 3 | Plains Secured Loan Claim | Impaired | Net Sale Proceeds From Plains Sale and Plains Encumbered Excluded Assets | Yes |
| 4 | Deficiency Claims | Impaired | Pro Rata Share of Liquidating Trust Distributable Cash | Yes |
| 5 | General Unsecured Claims | Impaired | Pro Rata Share of Liquidating Trust Distributable Cash | Yes |
| 6 | Interests in Plains | Impaired | No Distribution | No (deemed to reject) |

### Senior Dimensions, Inc.

| Class | Claims & Interest | Status | Treatment | Entitled to Vote |
|---|---|---|---|---|
| 1 | Other Priority Claims | Unimpaired | Paid in Full | No (deemed to accept) |
| 2 | Secured Tax Claims | Unimpaired | Paid in Full | No (deemed to accept) |
| 3 | Other Secured Claims | Unimpaired | Assigned to New Operator | No (deemed to accept) |
| 4 | General Unsecured Claims | Impaired | Pro Rata Share of Liquidating Trust Distributable Cash | Yes |
| 5 | Interests in SDI | Impaired | No Distribution | No (deemed to reject) |

10

11.     Based on the foregoing, the Debtors are proposing to solicit votes only from holders of claims in those classes listed above as being entitled to vote.  Holders of claims in other classes are either (a) unimpaired under the Plan and, therefore, will be conclusively presumed to have accepted the Plan (see 11 U.S.C. § 1126(f)), or (b) not receiving any distribution under the Plan and, therefore, will be deemed to have rejected the Plan (see 11 U.S.C. § 1126(g)).

## RELIEF REQUESTED

12.     By this Motion, the Plan Debtors respectfully request the entry of an order, pursuant to sections 105(a), 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, and 3020, and Local Rules 2002-1, 3017-1, 3018-1, and 3020-1, (a) approving the Disclosure Statement, (b) approving and establishing the Solicitation Procedures, (c) scheduling the Confirmation Hearing, and (d) approving and establishing the Confirmation Procedures.

## I.     Approval of the Disclosure Statement.

13.     Pursuant to section 1125(b) of the Bankruptcy Code, a plan proponent must provide holders of impaired claims and interests entitled to vote with "adequate information" regarding the proposed chapter 11 plan.  See 11 U.S.C. § 1125(b).  The Plan Debtors respectfully submit that the Disclosure Statement contains "adequate information" within the meaning of section 1125(a)(1) of the Bankruptcy Code and, thus, should be approved by this Court.

14.     Section 1125(a)(1) defines "adequate information" as "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, . . . that would enable

11

[a] hypothetical investor of the relevant class to make an informed judgment about the plan . . . ." 11 U.S.C. § 1125(a)(1).

15.     A debtor's disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by creditors and interest holders entitled to vote on that debtor's plan of reorganization.  See In re Ionosphere Clubs, Inc., 179 B.R. 24, 29 (S.D.N.Y. 1995); In re Unichem Corp., 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987) ("The primary purpose of a disclosure statement is to provide all material information which creditors and equity security holders affected by the plan need in order to make an intelligent decision whether to vote for or against the plan."); In re BSL Operating Corp., 57 B.R. 945, 950 (Bankr. S.D.N.Y. 1986) ("A disclosure statement . . . is evaluated only in terms of whether it provides sufficient information to permit enlightened voting by holders of claims or interests.").

16.     The Court has broad discretion in determining whether a disclosure statement contains adequate information.  See Mabey v. Sw. Elec. Power Co. (In re Cajun Elec. Power Coop.), 150 F.3d 503, 518 (5th Cir. 1998) ("[I]n determining what constitutes 'adequate information' with respect to a particular disclosure statement, 'both the kind and form of information are left essentially to the judicial discretion of the court . . . the information required will necessarily be governed by the circumstances of the case.'") (quoting S. REP. NO. 95- 989, at 121 (1978)), cert. denied, 119 S. Ct. 2019 (1999); Unichem, 72 B.R. at 97 ("Determination of the adequacy of a disclosure statement, and therefore, approval of it, is within the sound discretion of the bankruptcy court and is to be determined on a case by case basis.").

17.     Accordingly, the determination of the adequacy of information in a disclosure statement must be made on a case-by-case basis, focusing on the unique facts and circumstances

of the relevant case. In that regard, courts generally examine whether a disclosure statement

contains, if applicable, the following types of information:

(a) the circumstances that gave rise to the filing of the bankruptcy petition;

(b) a description of the available assets and their value;

(c) the anticipated future of the debtor;

(d) the sources of information provided in the disclosure statement;

(e) the condition and performance of the debtor while in chapter 11;

(f) information regarding claims against the estate;

(g) a liquidation analysis setting forth the estimated return that creditors would receive if the debtor's bankruptcy case were a case under chapter 7 of the Bankruptcy Code;

(h) the accounting and valuation methods used to produce the financial information in the disclosure statement;

(i) information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors or officers of the debtor;

(j) a summary of the chapter 11 plan;

(k) an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

(l) financial information that would be relevant to creditors' determinations of whether to accept or reject the plan;

(m) information relevant to the risks being taken by the creditors and interest holders;

(n) the tax consequences of the plan; and

(o) the relationship of the debtor with its affiliates.

See, e.g., In re Scioto Valley Mortg. Co., 88 B.R. 168, 170–71 (Bankr. S.D. Ohio 1988); In re

Copy Crafters Quickprint, Inc., 92 B.R. 973, 980 (Bankr. N.D.N.Y. 1988) (adequacy of

disclosure statement evaluated in light of the factors set forth in Scioto Valley Mortg.). This list

is not meant to be exclusive, nor must a debtor include in its disclosure statement all of the

information on the list. Rather, the court must decide what information is appropriate in each

case.  See In re Phoenix Petroleum Co., 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) (making use of similar list but cautioning that "no one list of categories will apply in every case").

18.     The Disclosure Statement contains ample information with respect to the topics identified above, including descriptions and summaries of, among other things (a) the terms of the Plan, (b) various events preceding the commencement of these chapter 11 cases, (c) the contemplated sale of the assets of various of the Plan Debtors, (d) the nature of known claims against each of the Plan Debtors' estates, (e) risk factors affecting the Plan, (f) financial information that would be relevant to creditors' determinations of whether to accept or reject the Plan, (g) various tax consequences of the Plan, and (h) information relevant to the risks being taken by creditors and interest holders.  Thus, the Disclosure Statement submitted in these chapter 11 cases provide an extensive and comprehensive overview of the Plan and its ramifications sufficient to constitute adequate information within the meaning of section 1125 of the Bankruptcy Code.

19.     The Disclosure Statement also (a) provides a narrative summarizing the nature of the Plan, (b) identifies each class of creditors, the composition of each class, the amount of claims, the proposed recovery of each class and the timing thereof, and all sources and amounts of funding thereof, and (c) provides a hypothetical liquidation analysis under chapter 7. Accordingly, the Plan Debtors submit that the Disclosure Statement contains "adequate information" and should be approved.

20.     The Plan Debtors will continue to review the Disclosure Statement, and, based upon their ongoing review and further developments in these chapter 11 cases, may make additional changes and/or disclosures prior to the Disclosure Statement hearing.  Any additional

disclosure will increase the amount of information being provided to holders of claims, and will consequently enhance the adequacy of information in the Disclosure Statement.

## II. **Approval of Solicitation Procedures.**

### A. **Establishment of Voting Record Date.**

21.     Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." FED. R. BANKR. P. 3017(d).  Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.

22.     Accordingly, the Plan Debtors request that this Court establish December 8, 2014, as the Record Date for purposes of determining which creditors are entitled to vote on the Plan and which non-voting creditors and interest holders are entitled to receive a Non-Voting Notice (as defined herein).

### B. **Approving Solicitation Package.**

23.     Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests entitled to vote for the purpose of soliciting their votes and providing adequate notice of the confirmation hearing.

24.     Except as provided below, upon approval of the Disclosure Statement, the Plan Debtors propose that the following materials (collectively, the "Solicitation Package") be distributed by or on behalf of the Plan Debtors to each record and beneficial holder of a claim and/or interest entitled to vote on the Plan:

  a.     a cover letter describing the contents of the Solicitation Package;

b. the Disclosure Statement, together with all exhibits thereto (which exhibits include the Plan);[4]

c. the Confirmation Hearing Notice (as defined below);

d. an appropriate ballot, including voting instructions; and

e. such other materials as the Court may direct.

25. The Plan Debtors expect that they will be able to commence distribution of the Solicitation Packages no later than three business days after the date on which the order approving this Motion is entered (the "Solicitation Commencement Date").[5]

**C.** **Notices of Non-Voting Status.**

26. For those classes of claims that are unimpaired and deemed to accept the Plan or impaired and deemed to reject the Plan and, thus, not entitled to vote to accept or reject the Plan, the Plan Debtors propose to distribute to each member of such class the notice of non-voting status (the "Non-Voting Notice") attached as Exhibit 1 to the proposed order. The Non-Voting Notice informs such members of the status of their claims (*i.e.*, unimpaired or impaired) and contains, among other things, (a) information regarding the Confirmation Hearing, (b) the deadline for objecting to the Plan, and (c) instructions on how to obtain a copy of the Plan and Disclosure Statement.

**D.** **Approval of Form of Ballots.**

27. Bankruptcy Rule 3017(d) requires that a debtor mail a form of ballot to "creditors and equity security holders entitled to vote on the plan." FED. R. BANKR. P. 3017(d). The Plan

---

[4] The Plan Debtors, in their discretion, may distribute either hard copies of the Disclosure Statement or a CD-Rom containing the Disclosure Statement.

[5] In accordance with customary public security solicitation procedures, the Master Ballots shall be distributed to Voting Nominees approximately seven (7) calendar days after the initial distribution of the Solicitation Packages containing Beneficial Holder Ballots to the Voting Nominees.

16

Debtors propose to distribute to creditors entitled to vote on the Plan one or more ballots, substantially in the forms attached as <u>Exhibit 2</u> to the proposed order. The forms for these ballots are based on Official Form No. 14, but have been modified to address the particular aspects of this chapter 11 case, and to include certain additional information that the Plan Debtors believe to be relevant and appropriate to each class of claims that is entitled to vote to accept or reject the Plan.

### E. Procedures For Soliciting Securities.

28. With respect to the Solicitation Packages that will be sent to holders of the Plan Debtors' debt securities (the "<u>Bonds</u>") entitled to vote on the Plan—Obligated Group Bond Claims and Tyler Bond Claims—the Plan Debtors propose to deliver Solicitation Packages to the record holders of such Bonds, including, without limitation, representatives such as brokers, banks, commercial banks, transfer agents, trust companies, dealers, other agents or nominees, or their mailing agents (collectively, the "<u>Voting Nominees</u>"). To aid this process, the Indenture Trustee(s) are required to request on behalf of the Plan Debtors the security position listings for the applicable Bonds as of the Record Date from The Depository Trust Company ("<u>DTC</u>") and/or other relevant depositories, as applicable. The Plan Debtors shall provide a draft letter, and the Indenture Trustee(s) shall furnish the completed letter to DTC and/or other relevant depositories, as applicable, within two (2) business days of receipt of such request, with a copy to the Debtors and a copy to the Voting Agent (as defined below), as directed in the request. The Plan Debtors shall retain responsibility for making any payments to DTC and/or other relevant depositories, as applicable, that may be required in connection with the request.

29. Each Voting Nominee will receive reasonably sufficient numbers of Solicitation Packages, including sufficient beneficial Ballots (the "<u>Beneficial Holder Ballots</u>") (which shall

be in substantially the forms attached hereto as <u>Exhibit 2</u>), to distribute to the beneficial holders

of the Claims (the "<u>Beneficial Holder</u>") for whom such Voting Nominee acts. In addition, upon

written request, the applicable Plan Debtor shall reimburse each Voting Nominee's reasonable,

actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation

Packages to the Beneficial Holders of such Claims, the tabulation of the Beneficial Holder

Ballots, and the completion of Master Ballots (as defined below).

30.     Each Voting Nominee through which one or more Beneficial Holders holds the

Bonds as of the Record Date must distribute a Solicitation Package to the Beneficial Holder for

which they hold the Bonds within five (5) business days after receipt of such Solicitation

Package from the Plan Debtors and obtain the vote of such Beneficial Holders consistent with

customary practices for obtaining the votes of securities held in "street name," in one of the

following two ways:

a.      <u>Master Ballots</u>:  A Voting Nominee may obtain the votes of Beneficial
        Holders by forwarding to the Beneficial Holders the applicable unsigned
        Beneficial Holder Ballot, together with the Solicitation Package, a return
        envelope provided by, and addressed to, the Voting Nominee, and other
        materials requested to be forwarded.  Each such Beneficial Holder may
        then indicate his/her or its vote on the Beneficial Holder Ballot, complete
        the information requested in the Beneficial Holder Ballot, review the
        certifications contained in the Beneficial Holder Ballot, execute the
        Beneficial Holder Ballot, and return the Beneficial Holder Ballot to the
        Voting Nominee.  After collecting the Ballots, the Voting Nominee shall,
        in turn, complete the applicable Master Ballot (the "<u>Master Ballot</u>")
        provided to such Voting Nominee by the Plan Debtors in substantially the
        forms attached hereto as Exhibit 2 compiling the votes and other
        information from the Beneficial Holder Ballot, execute the Master Ballot,
        and deliver the Master Ballot to the Voting Agent so that it is received by
        the Voting Agent before the Voting Deadline.  All Beneficial Holder
        Ballots returned by Beneficial Holders should be retained by Voting
        Nominees for inspection for at least one year from the Voting Deadline.

b.      <u>Pre-Validated Ballots</u>:  A Voting Nominee may pre-validate a Beneficial
        Holder Ballot, as applicable by: (i) signing the applicable Beneficial
        Holder Ballot; (ii) indicating on the Beneficial Holder Ballot the account

number of the Beneficial Holder, and amount of the securities held by the Voting Nominee for such Beneficial Holder; and (iii) forwarding such Beneficial Holder Ballot together with the Solicitation Package and other materials requested to be forwarded to the Beneficial Holder for voting. The Beneficial Holder may then complete the information requested in the Ballot, review the certifications contained in the Ballot, and return the Ballot directly to the Voting Agent in the pre-addressed, postage paid envelope included with the Solicitation Package so that it is received by the Voting Agent before the Voting Deadline. A list of the Beneficial Holders to whom "pre-validated" Ballots were delivered should be maintained by the Voting Nominee for inspection for at least one year from the Voting Deadline.

31.     Notwithstanding the foregoing, the Plan Debtors further request that a Holder of Claims in more than one class under the Plan must execute and submit a separate Ballot for each class of Claims in which the claimant holds a Claim, including in the case of debt securities, and each Beneficial Holder must execute a separate Beneficial Holder Ballot for each block of debt securities that it holds through any Voting Nominee and must return each such Beneficial Holder Ballot to the appropriate Voting Nominee.

  **F.  Voting Deadline and Procedures for Vote Tabulation.**

    **i.  Establishment of Voting Deadline.**

32.     Bankruptcy Rule 3017(c) provides that, in connection with or before approval of a disclosure statement, a court shall fix a time within which the holders of claims or equity security interests may accept or reject the relevant chapter 11 plan.  See FED. R. BANKR. P. 3017(c).

33.     In accordance with Bankruptcy Rule 3017(c), the Plan Debtors request that the Court enter an order requiring that, in order to be counted as a vote to accept or reject the Plan, any ballot accepting or rejecting the Plan be properly executed, completed and delivered so as to be actually received by GCG, Inc. ("GCG"), as the Plan Debtors' agent for soliciting votes to accept or reject the Plan and providing related services (the "Voting Agent"), not later than 5:00 p.m. (prevailing Central Time) on a date to be determined by the Court (the "Voting Deadline").

34. The Plan Debtors submit that a solicitation period of not less than 30 days provides sufficient time for creditors to make informed decisions to accept or reject the Plan and submit timely ballots. Therefore, the Voting Deadline, once established by the Court, should be approved.

### ii. Approval of Procedures for Vote Tabulation.

35. Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c). Further, Bankruptcy Rule 3018(a) provides that "the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." FED. R. BANKR. P. 3018(a).

36. The Plan Debtors propose, solely for purposes of voting to accept or reject the Plan and not for purposes of allowance or distribution on account of a claim and without prejudice to the rights of the Plan Debtors in any other context, that the amount of a claim or interest used to tabulate acceptance or rejection of the Plan be either:

a. the claim amount listed in the Plan Debtors' schedules of liabilities, provided that such claim is not scheduled as contingent, disputed, or unliquidated and that the creditor has not filed a proof of claim or interest;

b. the liquidated amount specified in a proof of claim or interest timely filed with the Court (or otherwise deemed timely filed by the Court under applicable law), to the extent that the proof of claim or interest is not the subject of an objection; or

c. the amount temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), after notice and a hearing at or before the Confirmation Hearing.

37.     If a claim holder casts a ballot and the entirety of such creditor's claim is the subject of an objection to said claim filed before the Voting Deadline, the Plan Debtors request that such voter's ballot not be counted.  If a voter casts a ballot and part of such voter's claim is the subject of an objection filed before the Voting Deadline, the Plan Debtors request that such voter's ballot be treated as a claim for voting purposes only to the extent of the remaining amount of the claim not subject to any objection.  In either case, if a voter desires to vote in a higher amount, the voter may seek authority from the Court to do so following notice and a hearing, pursuant to Bankruptcy Rule 3018(a).

38.     The Plan Debtors request that ballots cast by voters who have filed proofs of claim in contingent, wholly unliquidated, or unknown amounts that are not the subject of an objection filed before the Voting Deadline, be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, in the amount of $1.00 each.

39.     The Plan Debtors further request that claims filed for zero dollars ($0.00) be disallowed for voting purposes only and not entitled to vote.

40.     Notwithstanding anything to the contrary contained herein, any claimant/creditor who has filed a claim that is duplicative of another claim(s) within the same Voting Class, as determined by the Plan Debtors, shall be provided with only one Solicitation Package and one ballot for voting a single claim in such class, regardless of whether the Plan Debtors have objected to such duplicate claim(s).

41.     Any creditor who holds multiple claims within a single class shall have such claims aggregated, for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, as if such creditor held one claim in such class and the creditor will receive a single ballot with respect to all of its claims in such class.

EAST\82924280.2

42.    In addition, the Plan Debtors request that the following voting procedures and standard assumptions ("Tabulation Rules") be used in tabulating ballots:

(a)    Whenever a creditor casts more than one ballot voting the same claim prior to the Voting Deadline, the last properly completed ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and to supersede any prior ballots;

(b)    A creditor must vote all of its claims within a class either to accept or reject the Plan and may not split its vote.  Accordingly, a ballot that partially rejects and partially accepts the Plan will not be counted;

(c)    If a ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or another acting in a fiduciary or representative capacity when signing, then unless otherwise determined by the Plan Debtors, on request of the Plan Debtors and prior to the ballot being counted, such signatory must submit proper evidence satisfactory to the Plan Debtors of its authority to act on behalf of a holder of claims;

(d)    The Plan Debtors in their discretion, subject to contrary order of the Court, may waive any defect in any ballot at any time, either before or after the close of voting, and without notice.  Except as provided below, unless the ballot being furnished is timely submitted on or prior to the Voting Deadline, the Plan Debtors may, in their discretion, reject such ballot as invalid and, therefore, decline to utilize it in connection with confirmation of the Plan by the Court;

(e)    Unless otherwise ordered by the Court, all questions as to the validity, form, eligibility (including time of receipt), and revocation or withdrawal of ballots will be determined by the Plan Debtors in their discretion, which determination shall be final and binding;

(f)    Subject to contrary order of the Court, the Plan Debtors reserve the absolute right to reject any and all ballots not proper in form, the acceptance of which would, in the opinion of the Plan Debtors, not be in accordance with the provisions of the Bankruptcy Code;

(g)    Any ballot that is executed but that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, shall not be counted;

(h)    Any ballot transmitted to the Voting Agent by facsimile or other electronic means, except in the Plan Debtors' sole discretion, will not be counted;

(i)    Any ballot that is ineligible, contains insufficient information to permit the identification of the claimant or is unsigned or without an original signature will not be counted;

(j)        Unless waived, any defects or irregularities in connection with deliveries of ballots must be cured within such time as the Plan Debtors or the Court determine.  Neither the Plan Debtors nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to deliveries of ballots, nor will any of them incur any liabilities for failure to provide such notification.  Unless otherwise directed by the Court, delivery of such ballots will not be deemed to have been made until such irregularities have been cured or waived.   Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted; and

(k)        Any vote purportedly cast on behalf of a class of creditors will not count for voting purposes unless and until the class is certified by the Court pursuant to a class proof of claim to which no objection has been filed, or if an objection has been filed to such a proof of claim, which has been temporarily certified in an allowed amount for purposes of voting.

43.        The Plan Debtors submit that the proposed Tabulation Rules and other related vote tabulation procedures set forth above will establish a fair and equitable voting process and, therefore, should be approved.

**G.        Tabulation of Master Ballot and Beneficial Holder Ballots.**

44.        With respect to the tabulation of Master Ballots and Beneficial Holder Ballots cast by Voting Nominees and Beneficial Holders, the Plan Debtors propose that the amount that will be used to tabulate acceptance or rejection of the Plan will be the principal amount held by such Voting Nominees and Beneficial Holders as of the Record Date; provided, however, that any principal amounts may be adjusted by the Voting Agent to reflect the amount of the Claim actually voted, including any prepetition interest.  The Plan Debtors propose that the following additional rules apply to the tabulation of Master Ballots and Beneficial Holder Ballots cast by Voting Nominees and Beneficial Holders:

(a)        For purposes of tabulating votes, each Beneficial Holder will be deemed to have voted the principal amount of its Claim (although any principal amounts may be adjusted by the Voting Agent to reflect the amount of the Claim actually voted, including prepetition interest).

23

(b)    Votes cast by Beneficial Holders through a Voting Nominee will be applied against the positions held by such entities, in the applicable security, as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee pursuant to a Master Ballot will not be counted in excess of the amount of the applicable securities held by such Voting Nominee on the Record Date.

(c)    To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the applicable Voting Nominee.

(d)    To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security.

(e)    Where a Beneficial Holder holds securities through more than one Voting Nominee, it must execute a separate Ballot for each block of debt securities it owns. Such Holder must, however, vote all of its Claims within each class in the same manner, to either accept or reject the Plan. Accordingly, if such Holder returns more than one Beneficial Holder Ballot to more than one Voting Nominee voting different Claims under the Plan and the Beneficial Holder Ballots are not voted in the same manner, as reflected on such separate Master Ballots, such votes will not be counted.

45.    The Debtors submit that the proposed Tabulation Rules and other related vote tabulation procedures set forth above will establish a fair and equitable voting process and, therefore, should be approved.

## III.    Confirmation Hearing and Notice and Objection Procedures in Respect of Plan Confirmation.

### A.    Confirmation Hearing.

46.    Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation." FED. R. BANKR. P. 3017(c).

47.     In accordance with Bankruptcy Rule 3017(c), the Plan Debtors request that the Confirmation Hearing be scheduled for 10:00 a.m. (prevailing Central Time) on a date to be determined by the Court.  The Confirmation Hearing may be continued from time-to-time by the Court or the Plan Debtors without further notice other than adjournments announced in open court or through a filing on the Court's docket.  The proposed timing for the Confirmation Hearing is in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and will enable the Plan Debtors to pursue confirmation of the Plan in a timely fashion.

**B.     Establishing Notice Procedures.**

48.     Bankruptcy Rule 2002 requires not less than twenty-eight (28) days' notice to all creditors and equity security holders of the time fixed for filing objections and the hearing to consider confirmation of a chapter 11 plan.  In accordance with Bankruptcy Rules 2002 and 3017(d), the Plan Debtors propose to provide to all creditors and equity security holders notice substantially in the form annexed to the attached proposed order as Exhibit 3 (the "Confirmation Hearing Notice").  The Confirmation Hearing Notice contains, *inter alia*, (a) the date of approval of the Disclosure Statement, (b) the deadline for filing objections to confirmation of the Plan, (c) the deadline for voting on the Plan, and (d) the time, date and place of the Confirmation Hearing.  The Confirmation Hearing Notice complies with the notice requirements of Bankruptcy Rules 2002 and 3017.

49.     Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."  FED. R. BANKR. P. 2002(l).  The Plan Debtors propose to publish the form of Confirmation Hearing Notice annexed to the proposed order as Exhibit 3 (or a form substantially similar thereto) at

least once in *The Wall Street Journal* or *The Dallas Morning News* at least twenty-eight (28) days prior to the Confirmation Hearing.

50. The Plan Debtors submit that the foregoing procedures will provide parties in interest adequate notice of the Confirmation Hearing and, accordingly, requests that the Court approve such notice as adequate and sufficient.

### C. Establishing Objection Procedures.

51. Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." FED. R. BANKR. P. 3020(b)(1). The Plan Debtors request that the Court direct that objections to confirmation of the Plan or proposed modifications to the Plan, if any, (i) be in writing; (ii) state the name and address of the responding party and the amount and nature of the claim or interest of such party; (iii) state with particularity the legal and factual basis of any response; (iv) conform to the Bankruptcy Rules and Local Rules; and (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in accordance with the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means (the "Administrative Procedures") (the Administrative Procedures can be found at the Bankruptcy Court's official website (http://www.txnb.uscourts.gov)), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest without legal representation, in paper form, and served in accordance with the Administrative Procedures and the Local Rules, so as to be *actually received* not later than **5:00 p.m. (prevailing Central Time) on a date to be determined by the Court (the "Objection Deadline")** and, such service shall be completed and actually received by the following parties on or prior to the Objection Deadline: (i) DLA Piper LLP (US), 1251 Avenue of the Americas, New York, NY 10020, Attn: Thomas R. Califano, and 1717 Main Street,

Suite 4600, Dallas, TX 75201, Attn: Vincent P. Slusher, counsel to the Debtors; (ii) Mintz, Levin,

Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111, Attn: Daniel

S. Bleck, counsel for Wells Fargo Bank, N.A. as trustee; (iii) McDermott, Will & Emery, LLP,

227 West Monroe Street, Chicago, IL, 60606, Attn: Nathan F. Coco, counsel to UMB Bank, N.A.,

as trustee; (iv) Duane Morris LLP, 190 South LaSalle Street, Suite 3700, Chicago, IL 60603, Attn:

John Weiss, counsel to Santander Bank, N.A.; (v) McWhorter, Cobb & Johnson, LLP, P.O. Box

2547, Lubbock, Texas 79408, Attn: R. Michael McCauley, Jr., counsel to Prosperity Bank, N.A.;

(vi) Greenberg Traurig, LLP, 2200 Ross Avenue, Suite 5200, Dallas, TX 75201, Attn: Clifton R.

Jessup, Jr., and 77 West Wacker Drive, Suite 3100, Chicago, IL 60601, Attn: Nancy A. Peterman,

counsel to the Committee; and (vii) the United States Trustee, 1100 Commerce Street, Room 976,

Dallas, TX 75242, Attn: Nancy S. Resnick.

52.     The proposed timing for filing and service of objections and proposed

modifications to the Plan, if any, will afford the Court, the Plan Debtors, and other parties in

interest sufficient time to consider the objections and proposed modifications to the Plan prior to

the Confirmation Hearing.

## RESERVATION OF RIGHTS

53.     To the extent that circumstances arise requiring a modification or amendment of

the Solicitation Procedures and/or the Confirmation Procedures, the Plan Debtors hereby reserve

the right to supplement and/or amend the Solicitation Procedures and the Confirmation

Procedures as appropriate to better facilitate the solicitation and/or confirmation process.

## NOTICE

54.     Notice of this Motion has been provided to (a) the Office of the United States

Trustee for the Northern District of Texas; (b) the Office of the Attorney General of the State of

27

Texas; (c) counsel to the Committee; (d) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (e) counsel to each of the Plan Debtors' secured lenders and bond trustees, as applicable; and (f) all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Plan Debtors submit that, in light of the nature of the relief requested, no other or further notice is necessary or required.

## NO PRIOR REQUEST

55.    No prior request for the relief sought in this Motion has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Plan Debtors respectfully requests that the Court enter an Order, substantially in the form attached hereto, (i) approving the Disclosure Statement, (ii) scheduling the Confirmation Hearing, (iii) approving and establishing the Solicitation Procedures and the Confirmation Procedures, as described herein and (iv) granting the Plan Debtors such other and further relief as the Court may deem just and proper.

Dated: December 6, 2014
       Dallas, Texas

                        **DLA PIPER LLP (US)**

                        By: /s/ Vincent P. Slusher
                        Vincent P. Slusher, State Bar No. 00785480
                        vincent.slusher@dlapiper.com
                        Andrew Zollinger, State Bar No. 24063944
                        andrew.zollinger@dlapiper.com
                        DLA Piper LLP (US)
                        1717 Main Street, Suite 4600
                        Dallas, Texas 75201-4629
                        Telephone: (214) 743-4500
                        Facsimile: (214) 743-4545

                        Thomas R. Califano (admitted *pro hac vice*)
                        thomas.califano@dlapiper.com
                        DLA Piper LLP (US)

1251 Avenue of the Americas
New York, New York  10020-1104
Tel:  (212) 335-4500
Fax:  (212) 335-4501

Attorneys for the Debtors and Debtors in Possession

## EXHIBIT A

Proposed Order

Vincent P. Slusher, State Bar No. 00785480
vincent.slusher@dlapiper.com
Andrew Zollinger, State Bar No. 24063944
andrew.zollinger@dlapiper.com
DLA Piper LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas 75201-4629
Tel: (214) 743-4500
Fax: (214) 743-4545

Thomas R. Califano (admitted *pro hac vice*)
thomas.califano@dlapiper.com
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | **CASE NO. 14-32821-11** |
| | § | |
| **SEARS METHODIST RETIREMENT** | § | **CHAPTER 11** |
| **SYSTEM, INC.,** *et al.*[1] | § | |
| | § | **Jointly Administered** |
| **Debtors.** | § | |

## ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) ESTABLISHING PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN DEBTORS' CHAPTER 11 PLAN, (III) SCHEDULING A CONFIRMATION HEARING, AND (IV) APPROVING RELATED NOTICE PROCEDURES

Upon the motion ("Motion") of Sears Methodist Retirement System, Inc., Sears Caprock

Retirement Corporation, Sears Methodist Centers, Inc., Sears Methodist Foundation, Sears

Panhandle Retirement Corporation, Sears Permian Retirement Corporation, Sears Plains

Retirement Corporation, Sears Tyler Methodist Retirement Corporation, and Senior Dimensions,

Inc. (collectively, the "Plan Debtors" and, together with the remaining debtors and debtors in

---

[1] The debtors in these chapter 11 cases, along with the last four (4) digits of their taxpayer identification numbers, are: Sears Methodist Retirement System, Inc. (6330), Canyons Senior Living, L.P. (8545), Odessa Methodist Housing, Inc. (9569), Sears Brazos Retirement Corporation (8053), Sears Caprock Retirement Corporation (9581), Sears Methodist Centers, Inc. (4917), Sears Methodist Foundation (2545), Sears Panhandle Retirement Corporation (3233), Sears Permian Retirement Corporation (7608), Sears Plains Retirement Corporation (8233), Sears Tyler Methodist Retirement Corporation (0571) and Senior Dimensions, Inc. (4016). The mailing address of each of the debtors, solely for purposes of notices and communications, is 2100 Ross Avenue 21st Floor, c/o Paul Rundell, Dallas, Texas 75201.

possession in the above-captioned cases, the "Debtors"), seeking entry of an order (this "Order") (i) approving the Disclosure Statement,[2] (ii) establishing procedures for the solicitation and tabulation of votes to accept or reject the Plan, (iii) scheduling a Confirmation Hearing, and (iv) approving related notice procedures, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Plan Debtors having filed with the Court the Disclosure Statement and the Plan; and due and adequate notice of the Motion having been given in accordance with Bankruptcy Rules 2002 and 3017; and it appearing that no other or further notice need be given; after due deliberation thereon, the Court having determined, for the reasons stated in the Motion and based on the record in these cases and at the hearing held in consideration of the same, that the relief sought in the Motion is in the best interests of the Plan Debtors, their creditors, and all parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1.      The Plan Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

2.      The Disclosure Statement complies with section 1125 of the Bankruptcy Code and is hereby approved as containing "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

---

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

3.      Any objections to approval of the Disclosure Statement not previously withdrawn are hereby overruled.

4.      The Solicitation Procedures (and the form and manner of notice thereof), including the notice of non-voting status (substantially in the form annexed hereto as Exhibit 1), the form of ballots (substantially in the forms annexed hereto as Exhibit 2), the Solicitation Commencement Date of _____, the Voting Deadline of _____, the Solicitation Package, the Record Date of December 8, 2014, the Tabulation Rules, and all other Solicitation Procedures described in the Motion, are hereby approved; provided, however, that the Plan Debtors have reserved, subject to Court approval, the right to further amend or supplement the Solicitation Procedures to better facilitate the solicitation process.

5.      The temporary allowance of claims for voting purposes does not constitute an allowance of such claims for purposes of receiving distributions under the Plan and is without prejudice to the rights of the Plan Debtors and the Liquidating Trustee (as defined in the Plan) in any other context, including the right of the Plan Debtors and the Liquidating Trustee to contest the amount, validity, or classification of any claim for purposes of allowance and distribution under the Plan.

6.      The Confirmation Procedures, including the Confirmation Hearing Notice (substantially in the form annexed hereto as Exhibit 3) and the form and manner of service and publication thereof, and all other Confirmation Procedures described in the Motion, are hereby approved; provided, however, that the Debtors have reserved, subject to Court approval, the right to further amend or supplement the Confirmation Procedures to better facilitate the confirmation process.

7.      The Confirmation Hearing is scheduled to be held before the Honorable Stacey G. C. Jernigan, United States Bankruptcy Judge for the Northern District of Texas, Courtroom 1, United States Bankruptcy Court, Earle Cabell Federal Building, 1100 Commerce Street, Fourteenth Floor, Dallas, TX 75254-1496, on _____ at _____.m. (prevailing Central Time), which date may be continued from time-to-time without further notice other than the announcement at such time of the date or dates of any adjourned hearing.

8.      Any objections to the Plan must:  (i) be in writing; (ii) state the name and address of the responding party and the amount and nature of the claim or interest of such party; (iii) state with particularity the legal and factual basis of any response; (iv) conform to the Bankruptcy Rules and Local Rules; and (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in accordance with Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means (the "Administrative Procedures") (the Administrative Procedures can be found at the Bankruptcy Court's official website (http://www.txnb.uscourts.gov)), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest without legal representation, in paper form, and served in accordance with the Administrative Procedures and the Local Rules, so as to be *actually received* not later than _____.m. (prevailing Central Time) on _____ (the "Objection Deadline") and, such service shall be completed and actually received by the following parties on or prior to the Objection Deadline:  (i) DLA Piper LLP (US), 1251 Avenue of the Americas, New York, NY 10020, Attn: Thomas R. Califano, and 1717 Main Street, Suite 4600, Dallas, TX 75201, Attn: Vincent P. Slusher, counsel to the Debtors; (ii) Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111, Attn: Daniel S. Bleck, counsel for Wells Fargo Bank, N.A. as trustee; (iii) McDermott, Will & Emery, LLP, 227

4

West Monroe Street, Chicago, IL, 60606, Attn: Nathan F. Coco, counsel to UMB Bank, N.A., as trustee; (iv) Duane Morris LLP, 190 South LaSalle Street, Suite 3700, Chicago, IL 60603, Attn: John Weiss, counsel to Santander Bank, N.A.; (v) McWhorter, Cobb & Johnson, LLP, P.O. Box 2547, Lubbock, Texas 79408, Attn: R. Michael McCauley, Jr., counsel to Prosperity Bank, N.A.; (vi) Greenberg Traurig, LLP, 2200 Ross Avenue, Suite 5200, Dallas, TX 75201, Attn: Clifton R. Jessup, Jr., and 77 West Wacker Drive, Suite 3100, Chicago, IL 60601, Attn: Nancy A. Peterman, counsel to the Committee; and (vii) the United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242, Attn: Nancy S. Resnick.

9.  The Plan Debtors and any other parties in interest shall file replies, if any, to objections to confirmation of the Plan by _____, at 5:00 p.m. (prevailing Central Time).

10. On or before _____, the Plan Debtors shall cause the Confirmation Hearing Notice to be published at least once in *The Wall Street Journal* or *The Dallas Morning News*.

11. The terms of this Order shall be binding upon the Plan Debtors, all creditors of the Plan Debtors, the Committee and any trustees appointed in this proceeding or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Plan Debtors, and all other parties in interest.

12. All time periods set forth in this Order shall be calculated in accordance with Fed. R. Bankr. P. 9006(a).

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

14. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

### ###END OF ORDER###

Order submitted by:

DLA PIPER LLP (US)

By: */s/ Vincent P. Slusher*
Vincent P. Slusher, State Bar No. 00785480
vincent.slusher@dlapiper.com
Andrew Zollinger, State Bar No. 24063944
andrew.zollinger@dlapiper.com
DLA Piper LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas 75201-4629
Telephone: (214) 743-4500
Facsimile: (214) 743-4545

Thomas R. Califano (admitted *pro hac vice*)
thomas.califano@dlapiper.com
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

Attorneys for the Debtors and Debtors in Possession

## EXHIBIT 1

Non-Voting Notice

Vincent P. Slusher, State Bar No. 00785480
vincent.slusher@dlapiper.com
Andrew Zollinger, State Bar No. 24063944
andrew.zollinger@dlapiper.com
DLA Piper LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas 75201-4629
Tel: (214) 743-4500
Fax: (214) 743-4545

Thomas R. Califano (*admitted pro hac vice*)
thomas.califano@dlapiper.com
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 14-32821-11 |
| | § | |
| **SEARS METHODIST RETIREMENT** | § | **CHAPTER 11** |
| **SYSTEM, INC.,** *et al.*[1] | § | |
| | § | **Jointly Administered** |
| **Debtors.** | § | |

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO
## CLASSES DEEMED TO EITHER ACCEPT OR REJECT THE PLAN

**PLEASE TAKE NOTICE** that on December 6, 2014, Sears Methodist Retirement System, Inc., Sears Caprock Retirement Corporation, Sears Methodist Centers, Inc., Sears Methodist Foundation, Sears Panhandle Retirement Corporation, Sears Permian Retirement Corporation, Sears Plains Retirement Corporation, Sears Tyler Methodist Retirement Corporation, and Senior Dimensions, Inc. (collectively, the "Plan Debtors" and, together with the remaining debtors and debtors in possession in the above-captioned cases, the "Debtors"), filed the Disclosure Statement (as the same may be amended, modified, or supplemented from time to time, the "Disclosure Statement") and the Plan Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code (as the same may be amended, modified, or supplemented from time to time, the "Plan"). On _____, the Honorable Stacey G. C. Jernigan of the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order"), among other things, (i) approving

---

[1] The debtors in these chapter 11 cases, along with the last four (4) digits of their taxpayer identification numbers, are: Sears Methodist Retirement System, Inc. (6330), Canyons Senior Living, L.P. (8545), Odessa Methodist Housing, Inc. (9569), Sears Brazos Retirement Corporation (8053), Sears Caprock Retirement Corporation (9581), Sears Methodist Centers, Inc. (4917), Sears Methodist Foundation (2545), Sears Panhandle Retirement Corporation (3233), Sears Permian Retirement Corporation (7608), Sears Plains Retirement Corporation (8233), Sears Tyler Methodist Retirement Corporation (0571) and Senior Dimensions, Inc. (4016). The mailing address of each of the debtors, solely for purposes of notices and communications, is 2100 Ross Avenue, 21st Floor, c/o Paul Rundell, Dallas, Texas 75201.

the Disclosure Statement, (ii) approving certain related notice procedures and other procedures for the solicitation and tabulation of votes to accept or reject the Plan, and (iii) scheduling a hearing for confirmation of the Plan (the "Confirmation Hearing"). The Plan Debtors are using the Disclosure Statement in connection with the solicitation of acceptances of the Plan from the holders of certain impaired claims against the Plan Debtors who are entitled to vote to accept or reject the Plan.

**UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST THE PLAN DEBTORS IS EITHER NOT IMPAIRED (DEEMED TO ACCEPT THE PLAN) OR IMPAIRED AND YOU ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY UNDER THE PLAN ON ACCOUNT OF SUCH CLAIM(S) (DEEMED TO REJECT THE PLAN) AND, THEREFORE, PURSUANT TO SECTIONS 1126(f) AND (g) OF THE UNITED STATES BANKRUPTCY CODE, YOU ARE (I) DEEMED TO HAVE EITHER ACCEPTED OR REJECTED THE PLAN, AND (II) NOT ENTITLED TO VOTE ON THE PLAN. IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S), YOU SHOULD CONTACT COUNSEL FOR THE DEBTORS, DLA PIPER LLP (US), 1717 MAIN STREET, SUITE 4600, DALLAS, TX 75201, ATTN: VINCENT P. SLUSHER, TELEPHONE NO. (214) 743-4500. ALTHOUGH YOU ARE NOT ENTITLED TO VOTE ON THE PLAN WITH RESPECT TO YOUR CLAIM(S), YOU ARE A PARTY IN INTEREST IN THE PLAN DEBTORS' CHAPTER 11 CASES. ACCORDINGLY, YOU ARE ENTITLED TO PARTICIPATE IN THE CHAPTER 11 CASES, INCLUDING BY FILING OBJECTIONS TO CONFIRMATION OF THE PLAN.**

**PLEASE TAKE FURTHER NOTICE** that Section 11 of the Plan contains certain release, exculpation, and injunction language. You should read the provisions contained in Section 11 of the Plan very carefully so that you understand how confirmation and consummation of the Plan will affect you and any claim, interest, right or action you may have against the Plan Debtors. **THE PLAN WILL BIND ALL HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE PLAN DEBTORS TO THE FULLEST EXTENT AUTHORIZED OR PROVIDED UNDER THE APPLICABLE PROVISIONS OF THE BANKRUPTCY CODE AND BY ALL OTHER APPLICABLE LAW.**

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Hearing will commence on _____ at _____ _.m. (prevailing Central Time), or as soon thereafter as counsel can be heard, before the Honorable Stacey G. C. Jernigan, of the United States Bankruptcy Court for the Northern District of Texas Courtroom 1, United States Bankruptcy Court, Earle Cabell Federal Building, 1100 Commerce Street, Fourteenth Floor, Dallas, TX 75254-1496 (the "Bankruptcy Court"). The Confirmation Hearing may be continued from time to time by the announcement of such continuance in open court or otherwise, all without further notice to parties in interest, and the Plan may be modified pursuant to 11 U.S.C. § 1127 prior to, during or as a result of the Confirmation Hearing, without further notice to parties in interest.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has established _____ at _____.m. (prevailing Central Time) as the deadline for filing and serving objections to confirmation of the Plan or final approval of the Disclosure Statement (the

2

"Objection Deadline"). Objections not timely filed and served will be overruled by the Bankruptcy Court. To be considered by the Bankruptcy Court, any objections to the Plan must (i) be in writing; (ii) state the name and address of the responding party and the amount and nature of the claim or interest of such party; (iii) state with particularity the legal and factual basis of any response; (iv) conform to the Bankruptcy Rules and Local Rules; and (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in accordance with the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means (the "Administrative Procedures") (the Administrative Procedures can be found at the Bankruptcy Court's official website (http://www.txnb.uscourts.gov)) by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest without legal representation, in paper form, and served in accordance with the Administrative Procedures and the Local Rules, so as to be *actually received* not later than **5:00 p.m. (prevailing Central Time) on** _____ and, such service shall be completed and actually received by the following parties on or prior to the Objection Deadline: (i) DLA Piper LLP (US), 1251 Avenue of the Americas, New York, NY 10020, Attn: Thomas R. Califano, and 1717 Main Street, Suite 4600, Dallas, TX 75201, Attn: Vincent P. Slusher, counsel to the Debtors; (ii) Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111, Attn: Daniel S. Bleck, counsel for Wells Fargo Bank, N.A. as trustee; (iii) McDermott, Will & Emery, LLP, 227 West Monroe Street, Chicago, IL 60606, Attn: Nathan F. Coco, counsel to UMB Bank, N.A., as trustee; (iv) Duane Morris LLP, 190 South LaSalle Street, Suite 3700, Chicago, IL 60603, Attn: John Weiss, counsel to Santander Bank, N.A.; (v) McWhorter, Cobb & Johnson, LLP, P.O. Box 2547, Lubbock, Texas 79408, Attn: R. Michael McCauley, Jr., counsel to Prosperity Bank, N.A.; (vi) Greenberg Traurig, LLP, 2200 Ross Avenue, Suite 5200, Dallas, TX 75201, Attn: Clifton R. Jessup, Jr., and 77 West Wacker Drive, Suite 3100, Chicago, IL 60601, Attn: Nancy A. Peterman, counsel to the Committee; and (vii) the United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242, Attn: Nancy S. Resnick.

**PLEASE TAKE FURTHER NOTICE** that any party in interest wishing to obtain a copy of the Disclosure Statement, the Plan, or the Solicitation Procedures Order may request such copies by (i) accessing the Bankruptcy Court's website at http://www.txnb.uscourts.gov; (ii) contacting the Office of the Clerk of the Court, Earle Cabell Federal Building, 1100 Commerce St., Rm. 125, Dallas, TX 75242-1496; (iii) contacting the Voting Agent, GCG, Inc. ("GCG") at (844) 322-8219; or (iv) accessing the website maintained by GCG, available at http://cases.gcginc.com/smr. Note that a PACER password is needed to access documents on the Bankruptcy Court's website.

Dated: _____
      Dallas, Texas

                      **DLA PIPER LLP (US)**

                      By: /s/ Vincent P. Slusher
                      Vincent P. Slusher, State Bar No. 00785480
                      vincent.slusher@dlapiper.com
                      Andrew Zollinger, State Bar No. 24063944
                      andrew.zollinger@dlapiper.com
                      DLA Piper LLP (US)

3

1717 Main Street, Suite 4600
Dallas, Texas 75201-4629
Telephone: (214) 743-4500
Facsimile: (214) 743-4545

Thomas R. Califano (admitted *pro hac vice*)
thomas.califano@dlapiper.com
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York  10020-1104
Tel:  (212) 335-4500
Fax:  (212) 335-4501

Attorneys for the Debtors and Debtors in Possession

EAST\82924280.2

<u>EXHIBIT 2</u>

Form of Ballots

No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the Disclosure Statement for Plan Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code.

## [APPLICABLE PLAN DEBTOR]

**BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR  REJECTING THE
PLAN DEBTORS' JOINT PLAN OF REORGANIZATION
<u>PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE</u>**

**THIS BALLOT IS EXCLUSIVELY FOR THE USE BY BENEFICIAL HOLDERS OF
CLASS 3 – OBLIGATED BOND GROUP CLAIMS**

This ballot ("<u>Ballot</u>") is being sent to all beneficial holders of the Series 1998A Bonds, Series 1999 Bonds, Series 2003A Bonds, Series 2013A Bonds, Series 2013B Bonds, Series 2013C Bonds, or Series 2013D Bonds (collectively, the "<u>Beneficial Holders</u>") for use in voting to accept or reject the Plan Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated December 6, 2014 (as it may be amended, modified, or supplemented from time to time, the "<u>Plan</u>") and in connection with the Disclosure Statement for the Plan, dated December 6, 2014 (as it may be amended, modified, or supplemented from time to time, the "<u>Disclosure Statement</u>"), copies of which accompany this Ballot.  All capitalized terms not defined herein shall have the meanings given to them in the Plan.

You are receiving this Ballot because records maintained by your broker, dealer, commercial bank, trust company, or other nominee or intermediary ("<u>Nominee</u>") indicate that you are a Beneficial Holder of a Claim arising under, related to or in connection with the Series 1998A Bonds, Series 1999 Bonds, Series 2003A Bonds, Series 2013A Bonds, Series 2013B Bonds, Series 2013C Bonds, or Series 2013D Bonds.  Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which was included in the solicitation package you are receiving with this Ballot.  This Ballot may not be used for any purpose other than casting votes to accept or reject the Plan and making certain certifications with respect to the Series 1998A Bonds, Series 1999 Bonds, Series 2003A Bonds, Series 2013A Bonds, Series 2013B Bonds, Series 2013C Bonds, or Series 2013D Bonds.  The Bankruptcy Court can confirm the Plan and bind you, whether or not you vote, if it is accepted by the holders of two-thirds in dollar amount of Claims and Interests, and in the case of a Class of Claims, more than one-half in number of Claims, that vote on the Plan in each voting class, and if it otherwise satisfies the requirements of section 1129 of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote to accept or reject the Plan.

If you have any questions regarding this Ballot or the procedures to vote with respect to the Plan, please contact the voting agent, GCG, Inc. (the "<u>Voting Agent</u>") at (844) 322-8219.

| IMPORTANT |
| --- |
| You should review the Disclosure Statement and Plan before voting. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim or other claims under the Plan.  Obligated Group Bond Claims have been placed in Class 3 under the Plan. If you hold more than one Obligated Group Bond Claim, you will receive a Ballot for each claim you are entitled to vote. |
| VOTING DEADLINE:     5:00 p.m. (prevailing Central Time) on _____. |
| The voting record date has been set for _____. |

Most Beneficial Holders will submit votes to accept or reject the Plan by completing a Ballot and returning it to their Nominee, who will then prepare and submit a master ballot (a "Master Ballot").  You may have received specific instructions from your Nominee for use in returning completed Ballots.  Please follow the instructions provided by your Nominee and return your Ballot in sufficient time for your Nominee to complete and submit the Master Ballot so that is received on or before the Voting Deadline.  If a Master Ballot is not received by the Voting Agent, on or before the Voting Deadline and such Voting Deadline is not extended, the vote will not count as an acceptance or rejection of the Plan.

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote on the Plan.

Copies of the Plan and Disclosure Statement are on file with the Clerk of the Bankruptcy Court for the Northern District of Texas, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.txnb.uscourts.gov.

A person signing a Ballot in capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity should indicate such capacity when signing and, if requested, must submit proper evidence to the requesting party of authorization to sign.

Item 1.  Principal Amount of Series 1998A Bonds, Series 1999 Bonds, Series 2003A Bonds, Series 2013A Bonds, Series 2013B Bonds, Series 2013C Bonds, or Series 2013D Bonds.

The undersigned hereby certifies that the undersigned is the Beneficial Holder (or authorized signatory for a Beneficial Holder), or the Nominee of a Beneficial Holder, of Series 1998A Bonds, Series 1999 Bonds, Series 2003A Bonds, Series 2013A Bonds, Series 2013B Bonds, Series 2013C Bonds, or Series 2013D Bonds in the CUSIP indicated by your nominee in the following principal amount:

*(If an amount has not been provided by your bank, broker, nominee or other intermediary on a label below, please insert amount in box below.  If your Series 1998A Bonds, Series 1999 Bonds, Series 2003A Bonds, Series 2013A Bonds, Series 2013B Bonds, Series 2013C Bonds, or Series 2013D Bonds are held by a Nominee on your behalf and you do not know the amount of Series 1998A Bonds, Series 1999 Bonds, Series 2003A Bonds, Series 2013A Bonds, Series 2013B Bonds, Series 2013C Bonds, or Series 2013D Bonds held or the amount provided on the label is incorrect, please contact your Nominee immediately.)

Amount Held: $_____

Item 2.    Accepting or Rejecting the Plan Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code.

The undersigned acknowledge(s) receipt of the Plan and Disclosure Statement.  Please note that the Plan contemplates separate classes of creditors for voting and distribution purposes.  You may not split your vote.  You must vote all of the Series 1998A Bonds, Series 1999 Bonds, Series 2003A Bonds, Series 2013A Bonds, Series 2013B Bonds, Series 2013C Bonds, or Series 2013D Bonds you hold to either accept or to reject the Plan.

A vote to accept the Plan constitutes your consent to the releases, injunctions and exculpation provisions specified in the Plan.

Any Obligated Group Bond Claim represented by this Ballot that (a) does not indicate either an acceptance or a rejection of the Plan, (b) indicates both an acceptance and a rejection of the Plan or (c) is incomplete, illegible or unsigned, will not be included in any calculation of votes with respect to the Plan.

The undersigned:        ☐   ACCEPTS (votes FOR) the Plan.

                        ☐   REJECTS (votes AGAINST) the Plan.

Item 3. Certification Regarding Votes Cast on Other Ballots in Respect of the Class 3 – Obligated Group Bond Claims.

If the Beneficial Holder(s) on behalf of which this Ballot is being cast has (have) cast other Ballots on account of being a Beneficial Holder of Class 3 Claims, the undersigned certifies (certify) that the requisite information regarding such other Ballots has been included in the tables below (or on additional sheets attached hereto).  Only information relating to such other Ballots cast by Beneficial Holder(s) on account of being a Beneficial Holder of Class 3 Claims should be identified in this Item 3.

Other Class 3 Ballots Cast By Beneficial Holder

|   | Record Holder Customer Account Number(s) of Other Class 3 Claims | Name of Holder or Nominee of Other Class 3 Claims Voted | CUSIP Number of Other Class 3 Claims Voted | Principal Amount of Other Class 3 Claims Voted |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |

Item 4. Certification

By returning this Ballot, the undersigned certifies that it is the Beneficial Holder (or is the authorized signatory and has full power and authority to vote for the Beneficial Holder) of such Series 1998A Bonds, Series 1999 Bonds, Series 2003A Bonds, Series 2013A Bonds, Series 2013B Bonds, Series 2013C Bonds, or Series 2013D Bonds described in Item 1 above to which this Ballot pertains and is sending this Ballot to its bank, broker, nominee or other intermediary with respect to the Series 1998A Bonds, Series 1999 Bonds, Series 2003A Bonds, Series 2013A Bonds, Series 2013B Bonds, Series 2013C Bonds, or Series 2013D Bonds, and authorizes and instructs such entity to submit a Master Ballot to the Voting Agent.

Name of Holder: _____

<div align="center">(Print or Type)</div>

Social Security or Federal Tax I.D. No.: _____

Bank or Broker with Custody of My Series 1998A Bonds, Series 1999 Bonds, Series 2003A Bonds, Series 2013A Bonds, Series 2013B Bonds, Series 2013C Bonds, or Series 2013D Bonds (Optional):

_____

Bank/Broker DTC Number (Optional): _____

Signature: _____

Print Name:_____

Title (if corporation, partnership or LLC): _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Email Address (Optional): _____

Date Completed: _____


IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES TO VOTE WITH RESPECT TO THE PLAN OR YOU WOULD LIKE ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT, PLEASE CALL THE VOTING AGENT, GCG, INC. AT (844) 322-8219.

<div align="center">VOTING DEADLINE</div>

THE VOTING DEADLINE IS _____ AT 5:00 P.M. (PREVAILING CENTRAL TIME).

PLEASE USE THE RETURN ENVELOPE PROVIDED.  UNLESS OTHERWISE DIRECTED, THIS BALLOT MUST BE RETURNED TO YOUR BANK, BROKER, NOMINEE OR OTHER INTERMEDIARY WITH SUFFICIENT TIME TO PERMIT THE MASTER BALLOTS TO BE RETURNED TO THE VOTING AGENT PRIOR TO THE VOTING DEADLINE.

<div align="center">HOW TO COMPLETE THIS BALLOT</div>

The Disclosure Statement Order contains procedures that govern voting and the tabulation of this Beneficial Holder Ballot (the "Voting and Tabulation Procedures").  The Voting and Tabulation Procedures are incorporated herein by reference and should be read in conjunction with completing this Beneficial Holder Ballot.

The Voting Record Date is _____.  The Voting Record Date is the date for purposes of determining those holders of Claims that are entitled to vote to accept or reject the Plan.

The Voting Deadline is 5:00 p.m., prevailing Central Time, on _____.  Please complete, sign and date this Beneficial Holder Ballot, as indicated below, and return it in the envelope provided.  IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE, YOU MAY RETURN YOUR BALLOT USING THE ENVELOPE PROVIDED. PLEASE ALLOW SUFFICIENT TIME FOR YOUR NOMINEE TO PROCESS YOUR VOTE ON A MASTER BALLOT BEFORE THE VOTING DEADLINE. BENEFICIAL HOLDER BALLOTS TRANSMITTED BY FACSIMILE, TELECOPY TRANSMISSION OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED AND WILL <u>NOT</u> BE COUNTED AS VOTES TO ACCEPT OR REJECT THE PLAN.

To properly complete the Beneficial Holder Ballot, you must follow the procedures described below:

1. make sure that the information contained in Item 1 is correct;

2. if you have one or more Obligated Group Bond Claims, cast one vote to accept or reject the Plan with respect to all such Obligated Group Bond Claims by checking the appropriate box in Item 2;

3. if applicable to you, provide the information required by Item 3;

4. review the certifications and acknowledgments in Item 4;

5. sign and date this Beneficial Holder Ballot;

6. if you are completing and/or signing this Beneficial Holder Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing. The Plan Debtors may at their discretion require you to submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act); and

7. return your Beneficial Holder Ballot as noted above.

## EXHIBIT A

*Your Nominee may have checked a box below to indicate the securities to which this Beneficial Holder Ballot pertains, or otherwise provided that information to you on a label or schedule attached to the Beneficial Holder Ballot.*

| CUSIP | | CUSIP | | CUSIP | |
|---|---|---|---|---|---|
| ☐ | | ☐ | | ☐ | |

No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the Disclosure Statement for Plan Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code.

## [APPLICABLE PLAN DEBTOR]

**MASTER BALLOT FOR ACCEPTING OR REJECTING THE
PLAN DEBTORS' JOINT PLAN OF REORGANIZATION
PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**THIS BALLOT IS EXCLUSIVELY FOR THE USE BY NOMINEES OF BENEFICIAL HOLDERS OF
CLASS 3 – OBLIGATED GROUP BOND CLAIMS**

This master ballot (the "Master Ballot") is to be used by you, as a bank, broker, nominee or other intermediary (each of the foregoing, a "Nominee"), for beneficial holders of the Series 1998A Bonds, Series 1999 Bonds, Series 2003A Bonds, Series 2013A Bonds, Series 2013B Bonds, Series 2013C Bonds, or Series 2013D Bonds (collectively, the "Beneficial Holders"). This Master Ballot is being sent to Nominees for such Nominees to cast votes to accept or reject the Plan Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated December 6, 2014 (as it may be amended, modified, or supplemented from time to time, the "Plan") on behalf of and in accordance with the voting instructions cast by the Beneficial Holders. The Plan is attached to the Disclosure Statement for the Plan, dated December 6, 2014 (the "Disclosure Statement"), which accompanies this Master Ballot.

The Bankruptcy Court can confirm the Plan and bind you, whether or not you vote, if it is accepted by the holders of two-thirds in dollar amount of Claims and Interests, and in the case of a Class of Claims, more than one-half in number of Claims, that vote on the Plan in each voting class, and if it otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote to accept or reject the Plan.

| IMPORTANT |
|---|
| Beneficial Holders for which you are the Nominee should review the Disclosure Statement and Plan before voting. Such Beneficial Holders may wish to seek legal advice concerning the Plan and the classification and treatment of their claim or claims under the Plan. Obligated Bond Group Claims have been placed in Class 3 under the Plan. If Beneficial Holders hold more than one Obligated Bond Group Claim, they will receive a Ballot for each claim they are entitled to vote. <br><br> VOTING DEADLINE: 5:00 p.m. (prevailing Central Time) on _____. <br><br> The voting record date has been set for _____. <br><br> If a Master Ballot is not received by GCG, Inc. (the "Voting Agent"), on or before the Voting Deadline and such Voting Deadline is not extended, the vote will not count as an acceptance or rejection of the Plan. <br><br> If the Plan is confirmed by the Bankruptcy Court, it will be binding on the Beneficial Holders for which you are the Nominee whether or not such holder votes. <br><br> Copies of the Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court for the Northern District of Texas, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.txnb.uscourts.gov. |

This Master Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.

---

HOW TO VOTE

- COMPLETE A SEPARATE MASTER BALLOT FOR EACH CUSIP THAT YOU HAVE A CLIENT'S VOTE TO RECORD.
- COMPLETE ITEM 1, ITEM 2, ITEM 3 AND ITEM 4 BELOW, TO THE EXTENT APPLICABLE.
- REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4.
- SIGN THE MASTER BALLOT.
- RETURN THE MASTER BALLOT SO THAT IT IS RECEIVED ON OR BEFORE THE VOTING DEADLINE.
- EACH BENEFICIAL HOLDER MUST VOTE THE FULL AMOUNT ITS CLASS 3 CLAIM REPRESENTED BY THIS MASTER BALLOT *EITHER* TO ACCEPT *OR* TO REJECT THE PLAN AND MAY NOT SPLIT THE VOTE WITH RESPECT TO SUCH CLAIM.
- ANY BENEFICIAL BALLOT REPRESENTED BY THIS MASTER BALLOT THAT (A) DOES NOT INDICATE EITHER AN ACCEPTANCE OR A REJECTION OF THE PLAN, (B) INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR (C) IS INCOMPLETE, ILLEGIBLE OR UNSIGNED, WILL NOT BE INCLUDED IN ANY CALCULATION OF VOTES WITH RESPECT TO THE PLAN.

---

Item 1. *Certification of Authority to Vote.* The undersigned certifies that as of the Voting Deadline, the undersigned (check the applicable box below):

☐ Is a Nominee for the Beneficial Holders of the aggregate principal amounts of the Obligated Group Bond Claims listed in Item 2 below, or is the registered holder of such claims; or

☐ Is acting under a power of attorney or agency (a copy of which will be provided upon request) granted by a Nominee that is the registered holder of the aggregate principal amounts of the Obligated Group Bond Claims listed in Item 2 below; or

☐ Has been granted a proxy (an original of which is attached hereto) from a Nominee, or a Beneficial Holder, that is the registered holder of the aggregate principal amounts of the Obligated Group Bond Claims listed in Item 2 below; and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders of the Obligated Group Bond Claims listed in Item 2 below.

Item 2. *Vote on Plan*. The undersigned transmits the following votes and proxies of Beneficial Holders of the Obligated Group Bond Claims and (i) certifies that they are Beneficial Holders of such Obligated Group Bond Claims as of the Voting Record Date and (ii) have delivered to the undersigned, as Nominee, instructions casting such votes.

Instructions: Please complete the following summary schedule for each separate CUSIP that you act as nominee. Additional schedules may be attached as necessary. *YOU MUST USE A SEPARATE MASTER BALLOT FOR EACH CUSIP.*

CUSIP: _____*(Indicate the CUSIP as to which this Master Ballot pertains.)*

| Customer Account Number(s) | Principal Amount of Claims Voted to ACCEPT the Plan | | Principal Amount of Claims Voted to REJECT the Plan |
|---|---|---|---|
| 1. | $ | OR | $ |
| 2. | $ | OR | $ |
| 3. | $ | OR | $ |
| 4. | $ | OR | $ |
| 5. | $ | OR | $ |
| 6. | $ | OR | $ |
| 7. | $ | OR | $ |
| 8. | $ | OR | $ |
| 9. | $ | OR | $ |
| 10. | $ | OR | $ |
| TOTALS | $ | | $ |
| | Number of Holders: | | Number of Holders: |

Item 3. *Certification as to Transcription of Information from Item 3 as to Other Class 3 Claims Ballots Voted Through Other Beneficial Holder Ballots*. The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by beneficial holders in Item 3 of the beneficial holder's original Beneficial Ballot, identifying any Class 3 Claims for which such beneficial holders have submitted other Beneficial Ballots other than to the undersigned. (use additional sheets if necessary).

| | YOUR Customer Account Number for Each Beneficial Holder Who Completed Item 3 of the Beneficial Ballot | Record Holder Customer Account Number(s) of Other Class 3 Claims | Name of Holder or Nominee of Other Class 3 Claims Voted | CUSIP Number of Other Class 3 Claims Voted | Principal Amount of Other Class 3 Claims Voted |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

Item 4. *Certification*. By signing below, the Nominee hereby certifies that (i) the summary is a true and accurate schedule of the Beneficial Holders of the Series 1998A Bonds, Series 1999 Bonds, Series 2003A Bonds, Series 2013A Bonds, Series 2013B Bonds, Series 2013C Bonds, and Series 2013D Bonds who have delivered Beneficial Holders Ballots to the undersigned Nominee; (ii) the undersigned Nominee is the holder, through a position held at a securities depository, or in street name, of the Series 1998A Bonds, Series 1999 Bonds, Series 2003A Bonds, Series 2013A Bonds, Series 2013B Bonds, Series 2013C Bonds, or Series 2013D Bonds set forth above; (iii) the undersigned Nominee will retain the Beneficial Holder's Ballots returned by the Beneficial Holder identified in Item 2 above for at least one year after the Voting Deadline for disclosure to the Bankruptcy Court, the Voting Agent, or any other appropriate party if so required, and (iv) each Beneficial Holder of the Obligated Group Bond Claims listed in Item 2 above has certified that it (a) is the holder of such Obligated Group Bond Claims and (b) has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and the Plan.

Name of Broker, Bank or Other Nominee:_____

<div align="center">(Print or Type)</div>

Name of Proxy Holder or Agent for Broker, Bank or Other Nominee (if applicable): _____

Participant Number (if applicable): _____

Social Security or Federal Tax I.D. No.: _____

Signature: _____

Print Name:_____

Title (if corporation, partnership or LLC): _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Email Address: _____

Date Completed: _____

---

This Master Ballot must be received by the Voting Agent at:

If by first class mail:
SMR Case Administration
c/o GCG, Inc.
P.O. BOX 10078
Dublin, OH 43017-6678

If by hand delivery or overnight mail:
SMR Case Administration
c/o GCG, Inc.
5151 Blazer Parkway, Suite A
Dublin, OH 43017-6678

by the Voting Deadline, _____ at 5:00 P.M. (prevailing Central Time), or the votes contained herein will not be counted.

Master Ballots will not be accepted by facsimile or other electronic delivery.

For any questions contact the Voting Agent at (844) 322-8219.

---

<u>HOW TO COMPLETE THE MASTER BALLOT</u>

The Order approving the Disclosure Statement contains procedures that govern voting and the tabulation of this Master Ballot (the "Voting and Tabulation Procedures"). The Voting and Tabulation Procedures are incorporated herein by reference and should be read in conjunction with completing this Master Ballot.

The Voting Record Date is _____. The Voting Record Date is the date for purposes of determining those holders of Claims that are entitled to vote to accept or reject the Plan.

The Voting Deadline is 5:00 p.m., prevailing Central Time, on _____. Please complete, sign and date this Master Ballot, as indicated below, and return it to the Voting Agent, GCG, Inc., at the following address:

| If by first class mail: | If by hand delivery or overnight mail: |
|---|---|
| SMR Case Administration | SMR Case Administration |
| c/o GCG, Inc. | c/o GCG, Inc. |
| P.O. BOX 10078 | 5151 Blazer Parkway, Suite A |
| Dublin, OH 43017-6678 | Dublin, OH 43017-6678 |

IF THIS MASTER BALLOT IS NOT <u>ACTUALLY</u> <u>RECEIVED</u> BY 5:00 P.M., PREVAILING CENTRAL TIME, ON _____, IT WILL NOT BE COUNTED. MASTER BALLOTS TRANSMITTED BY FACSIMILE, TELECOPY TRANSMISSION OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED AND WILL <u>NOT</u> BE COUNTED AS VOTES TO ACCEPT OR REJECT THE PLAN.

If you are transmitting the votes of any Beneficial Holders, other than yourself,[1] you may *either:*

1.      "Prevalidate" the individual Beneficial Ballot contained in the solicitation package and then forward the solicitation package with such prevalidated Ballot to the beneficial holder of the Obligated Group Bond Claims for voting within five (5) business days after receipt of the solicitation package, with the beneficial holder then returning its individual Beneficial Ballot directly to the Voting Agent in the return envelope provided in the solicitation package. A Voting Nominee "prevalidates" a Beneficial Ballot by completing Item 1, and fully executing Item 4, and indicating thereon the appropriate account numbers through which the beneficial holder's holdings are derived and the depository participant number of the Voting Nominee.

OR

2.      Forward the solicitation package to the beneficial holder of the Obligated Group Bond Claims for voting along with a return envelope provided by and addressed to you, with the beneficial holder then returning the individual Beneficial Ballot to you. In such case, you, as the Voting Nominee, will tabulate the votes of all of your respective beneficial holders on this Master Ballot, in accordance with these instructions, and then return the Master Ballot to the Voting Agent. You should advise your beneficial holders to return their individual Beneficial Ballots to you by a date calculated to allow you to prepare and return the Master Ballot to the Voting Agent so that the Master Ballot is <u>actually</u> <u>received</u> by the Voting Agent by the Voting Deadline.

With respect to those Ballots returned to you, you must properly complete the Master Ballot, as follows:

---

[1] If you are both the registered holder <u>and</u> Beneficial Holder, you may use either a Master Ballot and Ballot or a prevalidated Ballot for the appropriate security to cast your vote.

a.        check the appropriate box in Item 1 on the Master Ballot;

b.        in Item 2 of this Master Ballot, indicate the votes to accept or reject the Plan, as transmitted to you by the Beneficial Holders.  To identify such Beneficial Holders without disclosing their names, please use the customer account number assigned by you to each such Beneficial Holder, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each Beneficial Holder and the assigned number).  IMPORTANT: BENEFICIAL HOLDERS MAY *NOT* SPLIT THEIR VOTES. EACH BENEFICIAL HOLDER MUST VOTE *ALL* OF HIS, HER, OR ITS OBLIGATED GROUP BOND CLAIMS *EITHER* TO ACCEPT OR REJECT THE PLAN. IF ANY BENEFICIAL HOLDER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE SOLICITATION AND TABULATION AGENT IMMEDIATELY.  Any Ballot or Master Ballot which is validly executed but (i) which does not indicate acceptance or rejection of the Plan by the indicated Beneficial Holder, or (ii) indicates both an acceptance and rejection of the Plan by the indicated Beneficial Holder, will not be counted;

c.        Carefully review the authorization in Item 3 of the Master Ballot and transcribe any information required;

d.        Sign and date the Master Ballot, and provide the remaining information requested;

e.        If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

f.        Contact the Voting Agent to arrange for delivery of the completed Master Ballot to its offices; and

g.        Deliver the completed, executed Master Ballot so as to be *actually received* by the Voting Agent before the Voting Deadline.  For each completed, executed Ballot returned to you by a Beneficial Holder, either forward such Ballot (along with your Master Ballot) to the Voting Agent or retain such Ballot in your files for at least one year after the Voting Deadline.

No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the Disclosure Statement for Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code.

## SEARS TYLER METHODIST RETIREMENT CORPORATION

### BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR REJECTING THE PLAN DEBTORS' JOINT PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

### THIS BALLOT IS EXCLUSIVELY FOR THE USE BY BENEFICIAL HOLDERS OF CLASS 3 – TYLER BOND CLAIMS

This ballot ("Ballot") is being sent to all beneficial holders of the Series 2009A Bonds, Series 2009B Bonds, Series 2011A Bonds, or Series 2011B Bonds (collectively, the "Beneficial Holders") for use in voting to accept or reject the Plan Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated December 6, 2014 (as it may be amended, modified, or supplemented from time to time, the "Plan") and in connection with the Disclosure Statement for the Plan, dated December 6, 2014 (as it may be amended, modified, or supplemented from time to time, the "Disclosure Statement"), copies of which accompany this Ballot. All capitalized terms not defined herein shall have the meanings given to them in the Plan.

You are receiving this Ballot because records maintained by your broker, dealer, commercial bank, trust company, or other nominee or intermediary ("Nominee") indicate that you are a Beneficial Holder of a Claim arising under, related to or in connection with the Series 2009A Bonds, Series 2009B Bonds, Series 2011A Bonds, or Series 2011B Bonds. Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which was included in the solicitation package you are receiving with this Ballot. This Ballot may not be used for any purpose other than casting votes to accept or reject the Plan and making certain certifications with respect to the Series 2009A Bonds, Series 2009B Bonds, Series 2011A Bonds, or Series 2011B Bonds. The Bankruptcy Court can confirm the Plan and bind you, whether or not you vote, if it is accepted by the holders of two-thirds in dollar amount of Claims and Interests, and in the case of a Class of Claims, more than one-half in number of Claims, that vote on the Plan in each voting class, and if it otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote to accept or reject the Plan.

If you have any questions regarding this Ballot or the procedures to vote with respect to the Plan, please contact the voting agent, GCG, Inc. (the "Voting Agent") at (844) 322-8219.

---

IMPORTANT

You should review the Disclosure Statement and Plan before voting. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim or other claims under the Plan. Tyler Bond Claims have been placed in Class 3 under the Plan. If you hold more than one Tyler Bond Claim, you will receive a Ballot for each claim you are entitled to vote.

---

VOTING DEADLINE:    5:00 p.m. (prevailing Central Time) on _____.

The voting record date has been set for _____.

Most Beneficial Holders will submit votes to accept or reject the Plan by completing a Ballot and returning it to their Nominee, who will then prepare and submit a master ballot (a "Master Ballot").  You may have received specific instructions from your Nominee for use in returning completed Ballots.  Please follow the instructions provided by your Nominee and return your Ballot in sufficient time for your Nominee to complete and submit the Master Ballot so that is received on or before the Voting Deadline.  If a Master Ballot is not received by the Voting Agent, on or before the Voting Deadline and such Voting Deadline is not extended, the vote will not count as an acceptance or rejection of the Plan.

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote on the Plan.

Copies of the Plan and Disclosure Statement are on file with the Clerk of the Bankruptcy Court for the Northern District of Texas, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.txnb.uscourts.gov.

A person signing a Ballot in capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity should indicate such capacity when signing and, if requested, must submit proper evidence to the requesting party of authorization to sign.

Item 1.  Principal Amount of Series 2009A Bonds, Series 2009B Bonds, Series 2011A Bonds, or Series 2011B Bonds.

The undersigned hereby certifies that the undersigned is the Beneficial Holder (or authorized signatory for a Beneficial Holder), or the Nominee of a Beneficial Holder, of Series 2009A Bonds, Series 2009B Bonds, Series 2011A Bonds, or Series 2011B Bonds in the CUSIP indicated by your nominee in the following principal amount:

*(If an amount has not been provided by your bank, broker, nominee or other intermediary on a label below, please insert amount in box below.  If your Series 2009A Bonds, Series 2009B Bonds, Series 2011A Bonds, or Series 2011B Bonds are held by a Nominee on your behalf and you do not know the amount of Series 2009A Bonds, Series 2009B Bonds, Series 2011A Bonds, or Series 2011B Bonds held or the amount provided on the label is incorrect, please contact your Nominee immediately.)

Amount Held: $_____

Item 2.     Accepting or Rejecting the Plan Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code.

The undersigned acknowledge(s) receipt of the Plan and Disclosure Statement.   Please note that the Plan contemplates separate classes of creditors for voting and distribution purposes.  You may not split your vote.  You must vote all of the Series 2009A Bonds, Series 2009B Bonds, Series 2011A Bonds, or Series 2011B Bonds you hold to either accept or to reject the Plan.

A vote to accept the Plan constitutes your consent to the releases, injunctions and exculpation provisions specified in the Plan.

Any Tyler Bond Claim represented by this Ballot that (a) does not indicate either an acceptance or a rejection of the Plan, (b) indicates both an acceptance and a rejection of the Plan or (c) is incomplete, illegible or unsigned, will not be included in any calculation of votes with respect to the Plan.

The undersigned:

| ☐   ACCEPTS (votes FOR) the Plan. |
|---|

| ☐   REJECTS (votes AGAINST) the Plan. |
|---|

Item 3. Certification Regarding Votes Cast on Other Ballots in Respect of the Class 3 – Tyler Bond Claims.

If the Beneficial Holder(s) on behalf of which this Ballot is being cast has (have) cast other Ballots on account of being a Beneficial Holder of Class 3 Claims, the undersigned certifies (certify) that the requisite information regarding such other Ballots has been included in the tables below (or on additional sheets attached hereto).  Only information relating to such other Ballots cast by Beneficial Holder(s) on account of being a Beneficial Holder of Class 3 Claims should be identified in this Item 3.

Other Class 3 Claims Ballots Cast By Beneficial Holder

|    | Record Holder Customer Account Number(s) of Other Class 3 Claims | Name of Holder or Nominee of Other Class 3 Claims Voted | CUSIP Number of Other Class 3 Claims Voted | Principal Amount of Other Class 3 Claims Voted |
|---|---|---|---|---|
| 1. |  |  |  |  |
| 2. |  |  |  |  |
| 3. |  |  |  |  |
| 4. |  |  |  |  |
| 5. |  |  |  |  |

Item 4.  Certification

By returning this Ballot, the undersigned certifies that it is the Beneficial Holder (or is the authorized signatory and has full power and authority to vote for the Beneficial Holder) of such Series 2009A Bonds, Series 2009B Bonds, Series 2011A Bonds, or Series 2011B Bonds described in Item 1 above to which this Ballot pertains and is sending this Ballot to its bank, broker, nominee or other intermediary with respect to the Series 2009A Bonds, Series 2009B Bonds, Series 2011A Bonds, or Series 2011B Bonds, and authorizes and instructs such entity to submit a Master Ballot to the Voting Agent.

Name of Holder: _____

(Print or Type)

Social Security or Federal Tax I.D. No.: _____

Bank or Broker with Custody of My Series 2009A Bonds, Series 2009B Bonds, Series 2011A Bonds, or Series 2011B Bonds (Optional):

_____

Bank/Broker DTC Number (Optional): _____

Signature: _____

Print Name:_____

Title (if corporation, partnership or LLC): _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Email Address (Optional): _____

Date Completed:  _____

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES TO VOTE WITH RESPECT TO THE PLAN OR YOU WOULD LIKE ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT, PLEASE CALL THE VOTING AGENT, GCG, INC. AT (844) 322-8219.

---

VOTING DEADLINE

THE VOTING DEADLINE IS _____ AT 5:00 P.M. (PREVAILING CENTRAL TIME).

PLEASE USE THE RETURN ENVELOPE PROVIDED.  UNLESS OTHERWISE DIRECTED, THIS BALLOT MUST BE RETURNED TO YOUR BANK, BROKER, NOMINEE OR OTHER INTERMEDIARY WITH SUFFICIENT TIME TO PERMIT THE MASTER BALLOTS TO BE RETURNED TO THE VOTING AGENT PRIOR TO THE VOTING DEADLINE.

---

## HOW TO COMPLETE THIS BALLOT

The Order approving the Disclosure Statement contains procedures that govern voting and the tabulation of this Beneficial Holder Ballot (the "Voting and Tabulation Procedures"). The Voting and Tabulation Procedures are incorporated herein by reference and should be read in conjunction with completing this Beneficial Holder Ballot.

The Voting Record Date is _____. The Voting Record Date is the date for purposes of determining those holders of Claims that are entitled to vote to accept or reject the Plan.

The Voting Deadline is 5:00 p.m., prevailing Central Time, on _____. Please complete, sign and date this Beneficial Holder Ballot, as indicated below, and return it in the envelope provided. IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE, YOU MAY RETURN YOUR BALLOT USING THE ENVELOPE PROVIDED. PLEASE ALLOW SUFFICIENT TIME FOR YOUR NOMINEE TO PROCESS YOUR VOTE ON A MASTER BALLOT BEFORE THE VOTING DEADLINE. BENEFICIAL HOLDER BALLOTS TRANSMITTED BY FACSIMILE, TELECOPY TRANSMISSION OR ELECTRONIC MAIL WILL NOT BE ACCEPTED AND WILL NOT BE COUNTED AS VOTES TO ACCEPT OR REJECT THE PLAN.

To properly complete the Beneficial Holder Ballot, you must follow the procedures described below:

1. make sure that the information contained in Item 1 is correct;

2. if you have one or more Tyler Bond Claims, cast one vote to accept or reject the Plan with respect to all such Tyler Bond Claims by checking the appropriate box in Item 2;

3. if applicable to you, provide the information required by Item 3;

4. review the certifications and acknowledgments in Item 4;

5. sign and date this Beneficial Holder Ballot;

6. if you are completing and/or signing this Beneficial Holder Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing. The Plan Debtors may at their discretion require you to submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act); and

7. return your Beneficial Holder Ballot as noted above.

## EXHIBIT A

*Your Nominee may have checked a box below to indicate the securities to which this Beneficial Holder Ballot pertains, or otherwise provided that information to you on a label or schedule attached to the Beneficial Holder Ballot.*

| CUSIP | | CUSIP | | CUSIP | |
|---|---|---|---|---|---|
| ☐ | | ☐ | | ☐ | |
| ☐ | | ☐ | | ☐ | |
| ☐ | | ☐ | | ☐ | |
| ☐ | | ☐ | | ☐ | |
| ☐ | | ☐ | | ☐ | |

No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the Disclosure Statement for Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code.

# SEARS TYLER METHODIST RETIREMENT CORPORATION

### MASTER BALLOT FOR ACCEPTING OR REJECTING THE PLAN DEBTORS' JOINT PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

### THIS BALLOT IS EXCLUSIVELY FOR THE USE BY NOMINEES OF BENEFICIAL HOLDERS OF CLASS 3 – TYLER BOND CLAIMS

This master ballot (the "Master Ballot") is to be used by you, as a bank, broker, nominee or other intermediary (each of the foregoing, a "Nominee"), for beneficial holders of the Series 2009A Bonds, Series 2009B Bonds, Series 2011A Bonds, or Series 2011B Bonds (collectively, the "Beneficial Holders"). This Master Ballot is being sent to Nominees for such Nominees to cast votes to accept or reject the Plan Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated December 6, 2014 (as it may be amended, modified, or supplemented from time to time, the "Plan") on behalf of and in accordance with the voting instructions cast by the Beneficial Holders. The Plan is attached to the Disclosure Statement for the Plan, dated December 6, 2014 (the "Disclosure Statement"), which accompanies this Master Ballot.

The Bankruptcy Court can confirm the Plan and bind you, whether or not you vote, if it is accepted by the holders of two-thirds in dollar amount of Claims and Interests, and in the case of a Class of Claims, more than one-half in number of Claims, that vote on the Plan in each voting class, and if it otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote to accept or reject the Plan.

---

IMPORTANT

Beneficial Holders for which you are the Nominee should review the Disclosure Statement and Plan before voting. Such Beneficial Holders may wish to seek legal advice concerning the Plan and the classification and treatment of their claim or claims under the Plan. Tyler Bond Claims have been placed in Class 3 under the Plan. If Beneficial Holders hold more than one Tyler Bond Claim, they will receive a Ballot for each claim they are entitled to vote.

VOTING DEADLINE:     5:00 p.m. (prevailing Central Time) on _____.

The voting record date has been set for _____.

If a Master Ballot is not received by GCG, Inc. (the "Voting Agent"), on or before the Voting Deadline and such Voting Deadline is not extended, the vote will not count as an acceptance or rejection of the Plan.

If the Plan is confirmed by the Bankruptcy Court, it will be binding on the Beneficial Holders for which you are the Nominee whether or not such holder votes.

Copies of the Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court for the Northern District of Texas, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.txnb.uscourts.gov.

---

This Master Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.

---

HOW TO VOTE

---

- COMPLETE A SEPARATE MASTER BALLOT FOR EACH CUSIP THAT YOU HAVE A CLIENT'S VOTE TO RECORD.
- COMPLETE ITEM 1, ITEM 2, ITEM 3 AND ITEM 4 BELOW, TO THE EXTENT APPLICABLE.
- REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4.
- SIGN THE MASTER BALLOT.
- RETURN THE MASTER BALLOT SO THAT IT IS RECEIVED ON OR BEFORE THE VOTING DEADLINE.
- EACH BENEFICIAL HOLDER MUST VOTE THE FULL AMOUNT ITS CLASS 3 CLAIM REPRESENTED BY THIS MASTER BALLOT *EITHER* TO ACCEPT *OR* TO REJECT THE PLAN AND MAY NOT SPLIT THE VOTE WITH RESPECT TO SUCH CLAIM.
- ANY BENEFICIAL BALLOT REPRESENTED BY THIS MASTER BALLOT THAT (A) DOES NOT INDICATE EITHER AN ACCEPTANCE OR A REJECTION OF THE PLAN, (B) INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR (C) IS INCOMPLETE, ILLEGIBLE OR UNSIGNED, WILL NOT BE INCLUDED IN ANY CALCULATION OF VOTES WITH RESPECT TO THE PLAN.

Item 1. *Certification of Authority to Vote.* The undersigned certifies that as of the Voting Deadline, the undersigned (check the applicable box below):

☐ Is a Nominee for the Beneficial Holders of the aggregate principal amounts of the Tyler Bond Claims listed in Item 2 below, or is the registered holder of such claims; or

☐ Is acting under a power of attorney or agency (a copy of which will be provided upon request) granted by a Nominee that is the registered holder of the aggregate principal amounts of the Tyler Bond Claims listed in Item 2 below; or

☐ Has been granted a proxy (an original of which is attached hereto) from a Nominee, or a Beneficial Holder, that is the registered holder of the aggregate principal amounts of the Tyler Bond Claims listed in Item 2 below; and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders of the Tyler Bond Claims listed in Item 2 below.

Item 2.  *Vote on Plan*. The undersigned transmits the following votes and proxies of Beneficial Holders of the Tyler Bond Claims and (i) certifies that they are Beneficial Holders of such Tyler Bond Claims as of the Voting Record Date and (ii) have delivered to the undersigned, as Nominee, instructions casting such votes.

Instructions: Please complete the following summary schedule for each separate CUSIP that you act as nominee. Additional schedules may be attached as necessary.  *YOU MUST USE A SEPARATE MASTER BALLOT FOR EACH CUSIP.*

CUSIP: _____ *(Insert CUSIP as to which this Master Ballot pertains.)*

| Customer Account Number(s) | Principal Amount of Claims Voted to ACCEPT the Plan | | Principal Amount of Claims Voted to REJECT the Plan |
|---|---|---|---|
| 1. | $ | OR | $ |
| 2. | $ | OR | $ |
| 3. | $ | OR | $ |
| 4. | $ | OR | $ |
| 5. | $ | OR | $ |
| 6. | $ | OR | $ |
| 7. | $ | OR | $ |
| TOTALS | $ | | $ |
| | Number of Holders: | | Number of Holders: |

Item 3.  *Certification as to Transcription of Information from Item 3 as to Other Class 3 Claims Ballots Voted Through Other Beneficial Holder Ballots*.  The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by beneficial holders in Item 3 of the beneficial holder's original Beneficial Ballot, identifying any Class 3 Claims for which such beneficial holders have submitted other Beneficial Ballots other than to the undersigned. (use additional sheets if necessary).

| | YOUR Customer Account Number for Each Beneficial Holder Who Completed Item 3 of the Beneficial Ballot | Record Holder Customer Account Number(s) of Other Class 4 Claims | Name of Holder or Nominee of Other Class 4 Claims Voted | CUSIP Number of Other Class 4 Claims Voted | Principal Amount of Other Class 4 Claims Voted |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

Item 4.  *Certification*.  By signing below, the Nominee hereby certifies that (i) the summary is a true and accurate schedule of the Beneficial Holders of the Series 2009A Bonds, Series 2009B Bonds, Series 2011A Bonds, and Series 2011B Bonds who have delivered Beneficial Holders Ballots to the undersigned Nominee; (ii) the undersigned Nominee is the holder, through a position held at a securities depository, or in street name, of the Series 2009A Bonds, Series 2009B Bonds, Series 2011A Bonds, or Series 2011B Bonds set forth above; (iii) the undersigned Nominee will retain the Beneficial Holder's Ballots returned by the Beneficial Holder identified in Item 2 above for at least one year after the Voting Deadline for disclosure to the Bankruptcy Court, the Voting Agent, or any other appropriate party if so required, and (iv) each Beneficial Holder of the Tyler Bond Claims listed in Item 2 above has certified that it (a) is the holder of such Tyler Bond Claims and (b) has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and the Plan.

Name of Broker, Bank or Other Nominee: _____

(Print or Type)

Name of Proxy Holder or Agent for Broker, Bank or Other Nominee (if applicable): _____

Participant Number (if applicable): _____

Social Security or Federal Tax I.D. No.: _____

Signature: _____

Print Name:_____

Title (if corporation, partnership or LLC): _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Email Address: _____

Date Completed: _____

---

This Master Ballot must be received by the Voting Agent at:

If by first class mail:
SMR Case Administration
c/o GCG, Inc.
P.O. BOX 10078
Dublin, OH 43017-6678

If by hand delivery or overnight mail:
SMR Case Administration
c/o GCG, Inc.
5151 Blazer Parkway, Suite A
Dublin, OH 43017-6678

by the Voting Deadline, _____ at 5:00 P.M. (prevailing Central Time), or the votes contained herein will not be counted.

Master Ballots will not be accepted by facsimile or other electronic delivery.

For any questions contact the Voting Agent at (844) 322-8219.

---

<u>HOW TO COMPLETE THE MASTER BALLOT</u>

The Order approving the Disclosure Statement contains procedures that govern voting and the tabulation of this Master Ballot (the "Voting and Tabulation Procedures"). The Voting and Tabulation Procedures are incorporated herein by reference and should be read in conjunction with completing this Master Ballot.

The Voting Record Date is _____. The Voting Record Date is the date for purposes of determining those holders of Claims that are entitled to vote to accept or reject the Plan.

The Voting Deadline is 5:00 p.m., prevailing Central Time, on _____. Please complete, sign and date this Master Ballot, as indicated below, and return it to the Voting Agent, GCG, Inc., at the following address:

| If by first class mail: | If by hand delivery or overnight mail: |
|---|---|
| SMR Case Administration | SMR Case Administration |
| c/o GCG, Inc. | c/o GCG, Inc. |
| P.O. BOX 10078 | 5151 Blazer Parkway, Suite A |
| Dublin, OH 43017-6678 | Dublin, OH 43017-6678 |

IF THIS MASTER BALLOT IS NOT <u>ACTUALLY</u> <u>RECEIVED</u> BY 5:00 P.M., PREVAILING CENTRAL TIME, ON _____, IT WILL NOT BE COUNTED. MASTER BALLOTS TRANSMITTED BY FACSIMILE, TELECOPY TRANSMISSION OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED AND WILL <u>NOT</u> BE COUNTED AS VOTES TO ACCEPT OR REJECT THE PLAN.

If you are transmitting the votes of any Beneficial Holders, other than yourself,[1] you may *either*:

1.  "Prevalidate" the individual Beneficial Ballot contained in the solicitation package and then forward the solicitation package with such prevalidated Ballot to the beneficial holder of the Tyler Bond Claims for voting within five (5) business days after receipt of the solicitation package, with the beneficial holder then returning its individual Beneficial Ballot directly to the Voting Agent in the return envelope provided in the solicitation package. A Voting Nominee "prevalidates" a Beneficial Ballot by completing Item 1, and fully executing Item 4, and indicating thereon the appropriate account numbers through which the beneficial holder's holdings are derived and the depository participant number of the Voting Nominee.

OR

2.  Forward the solicitation package to the beneficial holder of the Tyler Bond Claims for voting along with a return envelope provided by and addressed to you, with the beneficial holder then returning the individual Beneficial Ballot to you. In such case, you, as the Voting Nominee, will tabulate the votes of all of your respective beneficial holders on this Master Ballot, in accordance with these instructions, and then return the Master Ballot to the Voting Agent. You should advise your beneficial holders to return their individual Beneficial Ballots to you by a date calculated to allow you to prepare and return the Master Ballot to the Voting Agent so that the Master Ballot is actually received by the Voting Agent by the Voting Deadline.

With respect to those Ballots returned to you, you must properly complete the Master Ballot, as follows:

---

[1] If you are both the registered holder <u>and</u> Beneficial Holder, you may use either a Master Ballot and Ballot or a prevalidated Ballot for the appropriate security to cast your vote.

a. check the appropriate box in Item 1 on the Master Ballot;

b. in Item 2 of this Master Ballot, indicate the votes to accept or reject the Plan, as transmitted to you by the Beneficial Holders. To identify such Beneficial Holders without disclosing their names, please use the customer account number assigned by you to each such Beneficial Holder, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each Beneficial Holder and the assigned number). IMPORTANT: BENEFICIAL HOLDERS MAY *NOT* SPLIT THEIR VOTES. EACH BENEFICIAL HOLDER MUST VOTE *ALL* OF HIS, HER, OR ITS TYLER BOND CLAIMS *EITHER* TO ACCEPT OR REJECT THE PLAN. IF ANY BENEFICIAL HOLDER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE SOLICITATION AND TABULATION AGENT IMMEDIATELY. Any Ballot or Master Ballot which is validly executed but (i) which does not indicate acceptance or rejection of the Plan by the indicated Beneficial Holder, or (ii) indicates both an acceptance and rejection of the Plan by the indicated Beneficial Holder, will not be counted;

c. Carefully review the authorization in Item 3 of the Master Ballot and transcribe any information required;

d. Sign and date the Master Ballot, and provide the remaining information requested;

e. If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

f. Contact the Voting Agent to arrange for delivery of the completed Master Ballot to its offices; and

g. Deliver the completed, executed Master Ballot so as to be *actually received* by the Voting Agent before the Voting Deadline. For each completed, executed Ballot returned to you by a Beneficial Holder, either forward such Ballot (along with your Master Ballot) to the Voting Agent or retain such Ballot in your files for at least one year after the Voting Deadline.

No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the Disclosure Statement for Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code.

# [APPLICABLE PLAN DEBTOR]

### BALLOT FOR ACCEPTING OR REJECTING THE
### PLAN DEBTORS' JOINT PLAN OF REORGANIZATION
### PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

### THIS BALLOT IS EXCLUSIVELY FOR THE USE BY
### HOLDERS OF CLASS [__] – DEFICIENCY CLAIMS

This ballot ("Ballot") is being sent to holders of Deficiency Claims (the "Holders"), for use in voting to accept or reject the Plan Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated December 6, 2014 (as it may be amended, modified, or supplemented from time to time, the "Plan") and in connection with the Disclosure Statement for the Plan, dated December 6, 2014 (as it may be amended, modified, or supplemented from time to time, the "Disclosure Statement"), copies of which accompany this Ballot. All capitalized terms not defined herein shall have the meanings given to them in the Plan.

Your rights are described in the Disclosure Statement, which was included in the solicitation package you are receiving with this Ballot. This Ballot may not be used for any purpose other than casting votes to accept or reject the Plan. The Bankruptcy Court can confirm the Plan and bind you, whether or not you vote, if it is accepted by the holders of two-thirds in dollar amount of Claims and Interests, and in the case of a Class of Claims, more than one-half in number of Claims, that vote on the Plan in each voting class, and if it otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote to accept or reject the Plan.

If you have any questions regarding this Ballot or the procedures to vote with respect to the Plan, please contact the voting agent, GCG, Inc. (the "Voting Agent") at (844) 322-8219.

---

| IMPORTANT |
| --- |

You should review the Disclosure Statement and Plan before voting. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim or other claims under the Plan. Deficiency Claims have been placed in Class [__] under the Plan.

VOTING DEADLINE:     5:00 p.m. (prevailing Central Time) on _____.

If a properly completed, originally signed Ballot is not received by the Voting Agent, on or before the Voting Deadline and such Voting Deadline is not extended, the vote will not count as an acceptance or rejection of the Plan. Please return your Ballot to:

If by first class mail:
SMR Case Administration
c/o GCG, Inc.
P.O. BOX 10078
Dublin, OH 43017-6678

If by hand delivery or overnight mail:
SMR Case Administration
c/o GCG, Inc.
5151 Blazer Parkway, Suite A
Dublin, OH 43017-6678

---

---

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote on the Plan.

Copies of the Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court for the Northern District of Texas, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.txnb.uscourts.gov.

A person signing a Ballot in capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity should indicate such capacity when signing and, if requested, must submit proper evidence to the requesting party of authorization to sign.

---

Item 1.  Amount of Deficiency Claims

The undersigned hereby certifies that the undersigned is the holder (or authorized signatory for the holder) of Deficiency Claims in the following aggregate amount:

Amount of Claim(s):  $_____

Item 2.    Accepting or Rejecting the Plan Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code

The undersigned acknowledge(s) receipt of the Plan.  Please note that the Plan contemplates separate classes of creditors for voting and distribution purposes.  You may not split your vote.  You must vote the entire claim that you hold to accept or to reject the Plan.

A vote to accept the Plan constitutes your consent to the releases, injunctions, and exculpation provisions specified in the Plan.

Any claim represented by this Ballot that (a) does not indicate either an acceptance or a rejection of the Plan, (b) indicates both an acceptance and a rejection of the Plan or (c) is incomplete, illegible or does not contain an original signature, will not be included in any calculation of votes with respect to the Plan.

Holders may modify votes to accept or reject the Plan at any time prior to the Voting Deadline of _____ at 5:00 p.m. (prevailing Central Time).

The undersigned:

| ☐ ACCEPTS (votes FOR) the Plan. |
| --- |
| ☐ REJECTS (votes AGAINST) the Plan. |

Item 3.  Certification

By returning this Ballot, the undersigned certifies that it is either (i) the holder (or is the authorized signatory and has full power and authority to vote for the holder) of the Deficiency Claims described in Item 1 above to which this Ballot pertains and (ii) has been provided with a copy of the Plan and Disclosure Statement and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan and Disclosure Statement.

Name of Holder: _____

<div align="center">(Print or Type)</div>

Social Security or Federal Tax I.D. No.: _____

Signature: _____

Print Name:_____

Title (if corporation, partnership or LLC): _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Email Address (Optional): _____

Date Completed: _____

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES TO VOTE WITH RESPECT TO THE PLAN OR YOU WOULD LIKE ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT, PLEASE CALL THE VOTING AGENT, GCG, INC. AT (844) 322-8219.

| VOTING DEADLINE |
|---|
| This Ballot must be received by the Voting Agent at: |

| If by regular mail: | If by messenger or overnight delivery: |
|---|---|
| SMR Case Administration<br>c/o GCG, Inc.<br>P.O. Box 10078,<br>Dublin, OH 43017-6678 | SMR Case Administration<br>c/o GCG, Inc.<br>5151 Blazer Parkway, Suite A<br>Dublin, Ohio 43017 |

| |
|---|
| by the Voting Deadline, _____ at 5:00 P.M. (prevailing Central Time), or the votes contained herein will not be counted.<br><br>Ballots will not be accepted by facsimile or other electronic delivery.<br><br>For any questions contact the Voting Agent at (844) 322-8219. |

To properly complete this Ballot, you must follow the procedures described below:

1. check <u>one</u> box in Item 2 to vote to accept or reject the Plan;

2. review the certifications and acknowledgments in Item 3;

3. sign and date this Ballot;

4. if you are completing and/or signing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and, at the Plan Debtors' discretion, you may be required to submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act); and

5. return your Ballot as noted above.

No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the Disclosure Statement for Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code.

# [APPLICABLE PLAN DEBTOR]

### BALLOT FOR ACCEPTING OR REJECTING THE
### PLAN DEBTORS' JOINT PLAN OF REORGANIZATION
### PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

### THIS BALLOT IS EXCLUSIVELY FOR THE USE BY
### HOLDERS OF CLASS [__] – GENERAL UNSECURED CLAIMS

This ballot ("Ballot") is being sent to holders of General Unsecured Claims (the "Holders"), for use in voting to accept or reject the Plan Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated December 6, 2014 (as it may be amended, modified, or supplemented from time to time, the "Plan") and in connection with the Disclosure Statement for the Plan, dated December 6, 2014 (as it may be amended, modified, or supplemented from time to time, the "Disclosure Statement"), copies of which accompany this Ballot. All capitalized terms not defined herein shall have the meanings given to them in the Plan.

Your rights are described in the Disclosure Statement, which was included in the solicitation package you are receiving with this Ballot. This Ballot may not be used for any purpose other than casting votes to accept or reject the Plan. The Bankruptcy Court can confirm the Plan and bind you, whether or not you vote, if it is accepted by the holders of two-thirds in dollar amount of Claims and Interests, and in the case of a Class of Claims, more than one-half in number of Claims, that vote on the Plan in each voting class, and if it otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote to accept or reject the Plan.

If you have any questions regarding this Ballot or the procedures to vote with respect to the Plan, please contact the voting agent, GCG, Inc. (the "Voting Agent") at (844) 322-8219.

| IMPORTANT |
| --- |
| You should review the Disclosure Statement and Plan before voting. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim or other claims under the Plan. General Unsecured Claims have been placed in Class [__] under the Plan.<br><br>VOTING DEADLINE:      5:00 p.m. (prevailing Central Time) on _____.<br><br>If a properly completed, originally signed Ballot is not received by the Voting Agent, on or before the Voting Deadline and such Voting Deadline is not extended, the vote will not count as an acceptance or rejection of the Plan. Please return your Ballot to:<br><br><div align="center">If by first class mail:<br>SMR Case Administration<br>c/o GCG, Inc.<br>P.O. BOX 10078<br>Dublin, OH 43017-6678<br><br>If by hand delivery or overnight mail:<br>SMR Case Administration<br>c/o GCG, Inc.<br>5151 Blazer Parkway, Suite A<br>Dublin, OH 43017-6678</div> |

---

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote on the Plan.

Copies of the Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court for the Northern District of Texas, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.txnb.uscourts.gov.

A person signing a Ballot in capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity should indicate such capacity when signing and, if requested, must submit proper evidence to the requesting party of authorization to sign.

---

Item 1.  Amount of General Unsecured Claims

The undersigned hereby certifies that the undersigned is the holder (or authorized signatory for the holder) of General Unsecured Claims in the following aggregate amount:

Amount of Claim(s):  $_____

Item 2.    Accepting or Rejecting the Plan Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code

The undersigned acknowledge(s) receipt of the Plan.  Please note that the Plan contemplates separate classes of creditors for voting and distribution purposes.  You may not split your vote.  You must vote the entire claim that you hold to accept or to reject the Plan.

A vote to accept the Plan constitutes your consent to the releases, injunctions, and exculpation provisions specified in the Plan.

Any claim represented by this Ballot that (a) does not indicate either an acceptance or a rejection of the Plan, (b) indicates both an acceptance and a rejection of the Plan or (c) is incomplete, illegible or does not contain an original signature, will not be included in any calculation of votes with respect to the Plan.

Holders may modify votes to accept or reject the Plan at any time prior to the Voting Deadline of _____ at 5:00 p.m. (prevailing Central Time).

The undersigned:

| ☐   ACCEPTS (votes FOR) the Plan. |
|---|

| ☐   REJECTS (votes AGAINST) the Plan. |
|---|

Item 3.  Certification

By returning this Ballot, the undersigned certifies that it is either (i) the holder (or is the authorized signatory and has full power and authority to vote for the holder) of the General Unsecured Claims described in Item 1 above to which this Ballot pertains and (ii) has been provided with a copy of the Plan and Disclosure Statement and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan and Disclosure Statement.

Name of Holder: _____

<div align="center">(Print or Type)</div>

Social Security or Federal Tax I.D. No.: _____

Signature: _____

Print Name:_____

Title (if corporation, partnership or LLC): _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Email Address (Optional): _____

Date Completed:  _____

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES TO VOTE WITH RESPECT TO THE PLAN OR YOU WOULD LIKE ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT, PLEASE CALL THE VOTING AGENT, GCG, INC. (844) 322-8219.

| VOTING DEADLINE |
| --- |

This Ballot must be received by the Voting Agent at:

| If by regular mail: | If by messenger or overnight delivery: |
| --- | --- |
| SMR Case Administration<br>c/o GCG, Inc.<br>P.O. Box 10078,<br>Dublin, OH 43017-6678 | SMR Case Administration<br>c/o GCG, Inc.<br>5151 Blazer Parkway, Suite A<br>Dublin, Ohio 43017 |

by the Voting Deadline, _____ at 5:00 P.M. (prevailing Central Time), or the votes contained herein will not be counted.

Ballots will not be accepted by facsimile or other electronic delivery.

For any questions contact the Voting Agent at (844) 322-8219.

To properly complete this Ballot, you must follow the procedures described below:

1.   check one box in Item 2 to vote to accept or reject the Plan;

2.   review the certifications and acknowledgments in Item 3;

3.   sign and date this Ballot;

4.   if you are completing and/or signing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and, at the Plan Debtors' discretion, you may be required to submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act); and

5.   return your Ballot as noted above.

No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the Disclosure Statement for Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code.

## SEARS METHODIST RETIREMENT SYSTEM, INC.

### BALLOT FOR ACCEPTING OR REJECTING THE
### PLAN DEBTORS' JOINT PLAN OF REORGANIZATION
### PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

### THIS BALLOT IS EXCLUSIVELY FOR THE USE BY
### HOLDERS OF CLASS 4 – OTHER SECURED CLAIMS

This ballot ("Ballot") is being sent to holders of Other Secured Claims (the "Holders"), for use in voting to accept or reject the Plan Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated December 6, 2014 (as it may be amended, modified, or supplemented from time to time, the "Plan") and in connection with the Disclosure Statement for the Plan, dated December 6, 2014 (as it may be amended, modified, or supplemented from time to time, the "Disclosure Statement"), copies of which accompany this Ballot. All capitalized terms not defined herein shall have the meanings given to them in the Plan.

Your rights are described in the Disclosure Statement, which was included in the solicitation package you are receiving with this Ballot. This Ballot may not be used for any purpose other than casting votes to accept or reject the Plan. The Bankruptcy Court can confirm the Plan and bind you, whether or not you vote, if it is accepted by the holders of two-thirds in dollar amount of Claims and Interests, and in the case of a Class of Claims, more than one-half in number of Claims, that vote on the Plan in each voting class, and if it otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote to accept or reject the Plan.

If you have any questions regarding this Ballot or the procedures to vote with respect to the Plan, please contact the voting agent, GCG, Inc. (the "Voting Agent") at (844) 322-8219.

| IMPORTANT |
| --- |
| You should review the Disclosure Statement and Plan before voting. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim or other claims under the Plan. Other Secured Claims have been placed in Class 4 under the Plan. <br><br> VOTING DEADLINE:     5:00 p.m. (prevailing Central Time) on _____. <br><br> If a properly completed, originally signed Ballot is not received by the Voting Agent, on or before the Voting Deadline and such Voting Deadline is not extended, the vote will not count as an acceptance or rejection of the Plan. Please return your Ballot to: <br><br> <div align="center">If by first class mail:<br>SMR Case Administration<br>c/o GCG, Inc.<br>P.O. BOX 10078<br>Dublin, OH 43017-6678<br><br>If by hand delivery or overnight mail:<br>SMR Case Administration<br>c/o GCG, Inc.<br>5151 Blazer Parkway, Suite A<br>Dublin, OH 43017-6678</div> |

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote on the Plan.

Copies of the Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court for the Northern District of Texas, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.txnb.uscourts.gov.

A person signing a Ballot in capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity should indicate such capacity when signing and, if requested, must submit proper evidence to the requesting party of authorization to sign.

Item 1.  Amount of Other Secured Claims

The undersigned hereby certifies that the undersigned is the holder (or authorized signatory for the holder) of Other Secured Claims in the following aggregate amount:

Amount of Claim(s):  $_____

Item 2.  Accepting or Rejecting the Plan Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code

The undersigned acknowledge(s) receipt of the Plan.  Please note that the Plan contemplates separate classes of creditors for voting and distribution purposes.  You may not split your vote.  You must vote the entire claim that you hold to accept or to reject the Plan.

A vote to accept the Plan constitutes your consent to the releases, injunctions, and exculpation provisions specified in the Plan.

Any claim represented by this Ballot that (a) does not indicate either an acceptance or a rejection of the Plan, (b) indicates both an acceptance and a rejection of the Plan or (c) is incomplete, illegible or does not contain an original signature, will not be included in any calculation of votes with respect to the Plan.

Holders may modify votes to accept or reject the Plan at any time prior to the Voting Deadline of _____ at 5:00 p.m. (prevailing Central Time).

The undersigned:

| ☐  ACCEPTS (votes FOR) the Plan. |

| ☐  REJECTS (votes AGAINST) the Plan. |

Item 3.  Certification

By returning this Ballot, the undersigned certifies that it is either (i) the holder (or is the authorized signatory and has full power and authority to vote for the holder) of the Other Secured Claims described in Item 1 above to which this Ballot pertains and (ii) has been provided with a copy of the Plan and Disclosure Statement and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan and Disclosure Statement.

Name of Holder: _____

<div align="center">(Print or Type)</div>

Social Security or Federal Tax I.D. No.: _____

Signature: _____

Print Name:_____

Title (if corporation, partnership or LLC): _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Email Address (Optional): _____

Date Completed: _____

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES TO VOTE WITH RESPECT TO THE PLAN OR YOU WOULD LIKE ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT, PLEASE CALL THE VOTING AGENT, GCG, INC. (844) 322-8219.

<table>
<tr><td colspan="2" align="center">VOTING DEADLINE</td></tr>
<tr><td colspan="2">This Ballot must be received by the Voting Agent at:</td></tr>
<tr>
<td>If by regular mail:<br><br>SMR Case Administration<br>c/o GCG, Inc.<br>P.O. Box 10078,<br>Dublin, OH 43017-6678</td>
<td>If by messenger or overnight delivery:<br><br>SMR Case Administration<br>c/o GCG, Inc.<br>5151 Blazer Parkway, Suite A<br>Dublin, Ohio 43017</td>
</tr>
<tr><td colspan="2">by the Voting Deadline, _____ at 5:00 P.M. (prevailing Central Time), or the votes contained herein will not be counted.<br><br>Ballots will not be accepted by facsimile or other electronic delivery.<br><br>For any questions contact the Voting Agent at (844) 322-8219.</td></tr>
</table>

To properly complete this Ballot, you must follow the procedures described below:

1. check <u>one</u> box in Item 2 to vote to accept or reject the Plan;

2. review the certifications and acknowledgments in Item 3;

3. sign and date this Ballot;

4. if you are completing and/or signing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and, at the Plan Debtors' discretion, you may be required to submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act); and

5. return your Ballot as noted above.

No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the Disclosure Statement for Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code.

## SEARS CAPROCK RETIREMENT CORPORATION

**BALLOT FOR ACCEPTING OR REJECTING THE**
**PLAN DEBTORS' JOINT PLAN OF REORGANIZATION**
**PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**THIS BALLOT IS EXCLUSIVELY FOR THE USE BY**
**HOLDERS OF CLASS 3 – CAPROCK SECURED LOAN CLAIMS**

This ballot ("Ballot") is being sent to holders of Caprock Secured Loan Claims (the "Holders"), for use in voting to accept or reject the Plan Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated December 6, 2014 (as it may be amended, modified, or supplemented from time to time, the "Plan") and in connection with the Disclosure Statement for the Plan, dated December 6, 2014 (as it may be amended, modified, or supplemented from time to time, the "Disclosure Statement"), copies of which accompany this Ballot. All capitalized terms not defined herein shall have the meanings given to them in the Plan.

Your rights are described in the Disclosure Statement, which was included in the solicitation package you are receiving with this Ballot. This Ballot may not be used for any purpose other than casting votes to accept or reject the Plan. The Bankruptcy Court can confirm the Plan and bind you, whether or not you vote, if it is accepted by the holders of two-thirds in dollar amount of Claims and Interests, and in the case of a Class of Claims, more than one-half in number of Claims, that vote on the Plan in each voting class, and if it otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote to accept or reject the Plan.

If you have any questions regarding this Ballot or the procedures to vote with respect to the Plan, please contact the voting agent, GCG, Inc. (the "Voting Agent") at (844) 322-8219.

| IMPORTANT |
| --- |
| You should review the Disclosure Statement and Plan before voting. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim or other claims under the Plan. Caprock Secured Loan Claims have been placed in Class 3 under the Plan. <br><br> VOTING DEADLINE:    5:00 p.m. (prevailing Central Time) on _____. <br><br> If a properly completed, originally signed Ballot is not received by the Voting Agent, on or before the Voting Deadline and such Voting Deadline is not extended, the vote will not count as an acceptance or rejection of the Plan. Please return your Ballot to: <br><br><div align="center">If by first class mail:<br>SMR Case Administration<br>c/o GCG, Inc.<br>P.O. BOX 10078<br>Dublin, OH 43017-6678<br><br>If by hand delivery or overnight mail:<br>SMR Case Administration<br>c/o GCG, Inc.<br>5151 Blazer Parkway, Suite A<br>Dublin, OH 43017-6678</div> |

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote on the Plan.

Copies of the Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court for the Northern District of Texas, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.txnb.uscourts.gov.

A person signing a Ballot in capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity should indicate such capacity when signing and, if requested, must submit proper evidence to the requesting party of authorization to sign.

Item 1.  Amount of Caprock Secured Loan Claims

The undersigned hereby certifies that the undersigned is the holder (or authorized signatory for the holder) of Caprock Secured Loan Claims in the following aggregate amount:

Amount of Claim(s):  $_____

Item 2.      Accepting or Rejecting the Plan Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code

The undersigned acknowledge(s) receipt of the Plan.  Please note that the Plan contemplates separate classes of creditors for voting and distribution purposes.  You may not split your vote.  You must vote the entire claim that you hold to accept or to reject the Plan.

A vote to accept the Plan constitutes your consent to the releases, injunctions, and exculpation provisions specified in the Plan.

Any claim represented by this Ballot that (a) does not indicate either an acceptance or a rejection of the Plan, (b) indicates both an acceptance and a rejection of the Plan or (c) is incomplete, illegible or does not contain an original signature, will not be included in any calculation of votes with respect to the Plan.

Holders may modify votes to accept or reject the Plan at any time prior to the Voting Deadline of _____ at 5:00 p.m. (prevailing Central Time).

The undersigned:

| ☐   ACCEPTS (votes FOR) the Plan. |
|---|

| ☐   REJECTS (votes AGAINST) the Plan. |
|---|

Item 3.  Certification

By returning this Ballot, the undersigned certifies that it is either (i) the holder (or is the authorized signatory and has full power and authority to vote for the holder) of the Caprock Secured Loan Claims described in Item 1 above to which this Ballot pertains and (ii) has been provided with a copy of the Plan and Disclosure Statement and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan and Disclosure Statement.

Name of Holder: _____

<div align="center">(Print or Type)</div>

Social Security or Federal Tax I.D. No.: _____

Signature: _____

Print Name:_____

Title (if corporation, partnership or LLC): _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Email Address (Optional): _____

Date Completed: _____

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES TO VOTE WITH RESPECT TO THE PLAN OR YOU WOULD LIKE ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT, PLEASE CALL THE VOTING AGENT, GCG, INC. (844) 322-8219.

<table>
<tr><td colspan="2">VOTING DEADLINE<br><br>This Ballot must be received by the Voting Agent at:</td></tr>
<tr><td>If by regular mail:<br><br>SMR Case Administration<br>c/o GCG, Inc.<br>P.O. Box 10078,<br>Dublin, OH 43017-6678</td><td>If by messenger or overnight delivery:<br><br>SMR Case Administration<br>c/o GCG, Inc.<br>5151 Blazer Parkway, Suite A<br>Dublin, Ohio 43017</td></tr>
<tr><td colspan="2">by the Voting Deadline, _____ at 5:00 P.M. (prevailing Central Time), or the votes contained herein will not be counted.<br><br>Ballots will not be accepted by facsimile or other electronic delivery.<br><br>For any questions contact the Voting Agent at (844) 322-8219.</td></tr>
</table>

To properly complete this Ballot, you must follow the procedures described below:

1. check <u>one</u> box in Item 2 to vote to accept or reject the Plan;

2. review the certifications and acknowledgments in Item 3;

3. sign and date this Ballot;

4. if you are completing and/or signing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and, at the Plan Debtors' discretion, you may be required to submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act); and

5. return your Ballot as noted above

No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the Disclosure Statement for Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code.

## SEARS PLAINS RETIREMENT CORPORATION

**BALLOT FOR ACCEPTING OR REJECTING THE**
**PLAN DEBTORS' JOINT PLAN OF REORGANIZATION**
**PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**THIS BALLOT IS EXCLUSIVELY FOR THE USE BY**
**HOLDERS OF CLASS 3 – PLAINS SECURED LOAN CLAIMS**

This ballot ("Ballot") is being sent to holders of Plains Secured Loan Claims (the "Holders"), for use in voting to accept or reject the Plan Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated December 6, 2014 (as it may be amended, modified, or supplemented from time to time, the "Plan") and in connection with the Disclosure Statement for the Plan, dated December 6, 2014 (as it may be amended, modified, or supplemented from time to time, the "Disclosure Statement"), copies of which accompany this Ballot. All capitalized terms not defined herein shall have the meanings given to them in the Plan.

Your rights are described in the Disclosure Statement, which was included in the solicitation package you are receiving with this Ballot.  This Ballot may not be used for any purpose other than casting votes to accept or reject the Plan.  The Bankruptcy Court can confirm the Plan and bind you, whether or not you vote, if it is accepted by the holders of two-thirds in dollar amount of Claims and Interests, and in the case of a Class of Claims, more than one-half in number of Claims, that vote on the Plan in each voting class, and if it otherwise satisfies the requirements of section 1129 of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote to accept or reject the Plan.

If you have any questions regarding this Ballot or the procedures to vote with respect to the Plan, please contact the voting agent, GCG, Inc. (the "Voting Agent") at (844) 322-8219.

| IMPORTANT |
| --- |
| You should review the Disclosure Statement and Plan before voting. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim or other claims under the Plan.  Plains Secured Loan Claims have been placed in Class 3 under the Plan. <br><br>VOTING DEADLINE:      5:00 p.m. (prevailing Central Time) on _____. <br><br>If a properly completed, originally signed Ballot is not received by the Voting Agent, on or before the Voting Deadline and such Voting Deadline is not extended, the vote will not count as an acceptance or rejection of the Plan.  Please return your Ballot to: <br><br><div align="center">If by first class mail:<br>SMR Case Administration<br>c/o GCG, Inc.<br>P.O. BOX 10078<br>Dublin, OH 43017-6678</div><br><div align="center">If by hand delivery or overnight mail:<br>SMR Case Administration<br>c/o GCG, Inc.<br>5151 Blazer Parkway, Suite A<br>Dublin, OH 43017-6678</div> |

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote on the Plan.

Copies of the Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court for the Northern District of Texas, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.txnb.uscourts.gov.

A person signing a Ballot in capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity should indicate such capacity when signing and, if requested, must submit proper evidence to the requesting party of authorization to sign.

Item 1.  Amount of Plains Secured Loan Claims

The undersigned hereby certifies that the undersigned is the holder (or authorized signatory for the holder) of Plains Secured Loan Claims in the following aggregate amount:

Amount of Claim(s):  $_____

Item 2.    Accepting or Rejecting the Plan Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code

The undersigned acknowledge(s) receipt of the Plan.  Please note that the Plan contemplates separate classes of creditors for voting and distribution purposes.  You may not split your vote.  You must vote the entire claim that you hold to accept or to reject the Plan.

A vote to accept the Plan constitutes your consent to the releases, injunctions, and exculpation provisions specified in the Plan.

Any claim represented by this Ballot that (a) does not indicate either an acceptance or a rejection of the Plan, (b) indicates both an acceptance and a rejection of the Plan or (c) is incomplete, illegible or does not contain an original signature, will not be included in any calculation of votes with respect to the Plan.

Holders may modify votes to accept or reject the Plan at any time prior to the Voting Deadline of _____ at 5:00 p.m. (prevailing Central Time).

The undersigned:  | ☐   ACCEPTS (votes FOR) the Plan. |

| ☐   REJECTS (votes AGAINST) the Plan. |

Item 3.  Certification

By returning this Ballot, the undersigned certifies that it is either (i) the holder (or is the authorized signatory and has full power and authority to vote for the holder) of the Plains Secured Loan Claims described in Item 1 above to which this Ballot pertains and (ii) has been provided with a copy of the Plan and Disclosure Statement and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan and Disclosure Statement.

Name of Holder: _____

<div align="center">(Print or Type)</div>

Social Security or Federal Tax I.D. No.: _____

Signature: _____

Print Name:_____

Title (if corporation, partnership or LLC): _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Email Address (Optional): _____

Date Completed:  _____

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES TO VOTE WITH RESPECT TO THE PLAN OR YOU WOULD LIKE ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT, PLEASE CALL THE VOTING AGENT, GCG, INC. (844) 322-8219.

<table>
<tr><td colspan="2" align="center">VOTING DEADLINE</td></tr>
<tr><td colspan="2">This Ballot must be received by the Voting Agent at:</td></tr>
<tr>
<td>If by regular mail:<br><br>SMR Case Administration<br>c/o GCG, Inc.<br>P.O. Box 10078,<br>Dublin, OH 43017-6678</td>
<td>If by messenger or overnight delivery:<br><br>SMR Case Administration<br>c/o GCG, Inc.<br>5151 Blazer Parkway, Suite A<br>Dublin, Ohio 43017</td>
</tr>
<tr><td colspan="2">by the Voting Deadline, _____ at 5:00 P.M. (prevailing Central Time), or the votes contained herein will not be counted.<br><br>Ballots will not be accepted by facsimile or other electronic delivery.<br><br>For any questions contact the Voting Agent at (844) 322-8219.</td></tr>
</table>

To properly complete this Ballot, you must follow the procedures described below:

1. check <u>one</u> box in Item 2 to vote to accept or reject the Plan;

2. review the certifications and acknowledgments in Item 3;

3. sign and date this Ballot;

4. if you are completing and/or signing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and, at the Plan Debtors' discretion, you may be required to submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act); and

5. return your Ballot as noted above.

<u>EXHIBIT 3</u>

Confirmation Hearing Notice

Vincent P. Slusher, State Bar No. 00785480
vincent.slusher@dlapiper.com
Andrew Zollinger, State Bar No. 24063944
andrew.zollinger@dlapiper.com
DLA Piper LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas 75201-4629
Tel: (214) 743-4500
Fax: (214) 743-4545

Thomas R. Califano (admitted *pro hac vice*)
thomas.califano@dlapiper.com
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

<div align="center">

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

</div>

| | | |
|---|---|---|
| In re: | § | CASE NO. 14-32821-11 |
| | § | |
| **SEARS METHODIST RETIREMENT** | § | **CHAPTER 11** |
| **SYSTEM, INC.,** *et al.*[1] | § | |
| | § | **Jointly Administered** |
| **Debtors.** | § | |

<div align="center">

### NOTICE OF CONFIRMATION HEARING AND
### <u>DEADLINE FOR OBJECTING TO CONFIRMATION</u>

</div>

**PLEASE TAKE NOTICE** that on December 6, 2014, Sears Methodist Retirement System, Inc., Sears Caprock Retirement Corporation, Sears Methodist Centers, Inc., Sears Methodist Foundation, Sears Panhandle Retirement Corporation, Sears Permian Retirement Corporation, Sears Plains Retirement Corporation, Sears Tyler Methodist Retirement Corporation, and Senior Dimensions, Inc. (collectively, the "<u>Plan Debtors</u>" and, together with the remaining debtors and debtors in possession in the above-captioned cases, the "<u>Debtors</u>") filed the Disclosure Statement (as amended, modified, or supplemented from time to time, the "<u>Disclosure Statement</u>") and the *Plan Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, modified, or supplemented from time to time, the "<u>Plan</u>"). On _____, the Honorable Stacey G. C. Jernigan, United States Bankruptcy Judge for the Northern District of Texas, Courtroom 1, United States Bankruptcy Court, Earle Cabell Federal Building, 1100 Commerce Street, Fourteenth Floor, Dallas, TX 75254-1496 (the "<u>Bankruptcy Court</u>") entered an order (the "<u>Solicitation Procedures Order</u>"),

---

[1] The debtors in these chapter 11 cases, along with the last four (4) digits of their taxpayer identification numbers, are: Sears Methodist Retirement System, Inc. (6330), Canyons Senior Living, L.P. (8545), Odessa Methodist Housing, Inc. (9569), Sears Brazos Retirement Corporation (8053), Sears Caprock Retirement Corporation (9581), Sears Methodist Centers, Inc. (4917), Sears Methodist Foundation (2545), Sears Panhandle Retirement Corporation (3233), Sears Permian Retirement Corporation (7608), Sears Plains Retirement Corporation (8233), Sears Tyler Methodist Retirement Corporation (0571) and Senior Dimensions, Inc. (4016). The mailing address of each of the debtors, solely for purposes of notices and communications, is 2100 Ross Avenue, 21st Floor, c/o Paul Rundell, Dallas, Texas 75201.

among other things, (i) approving the Disclosure Statement, (ii) approving certain related notice procedures and other procedures for the solicitation and tabulation of votes to accept or reject the Plan, and (iii) scheduling a hearing for confirmation of the Plan.

## HEARING ON CONFIRMATION OF THE PLAN

The hearing to confirm the Plan ("Confirmation Hearing") will commence on [_____] at [    ].m. (prevailing Central Time), or as soon thereafter as counsel can be heard, before the Honorable Stacey G. C. Jernigan, United States Bankruptcy Judge for the Northern District of Texas, Courtroom 1, United States Bankruptcy Court, Earle Cabell Federal Building, 1100 Commerce Street, Fourteenth Floor, Dallas, TX 75254-1496. The Confirmation Hearing may be continued from time to time by the announcement of such continuance in open court or otherwise, all without further notice to parties in interest, and the Plan may be modified pursuant to 11 U.S.C. § 1127 prior to, during or as a result of the Confirmation Hearing, without further notice to parties in interest.

## VOTING DEADLINE AND VOTING INFORMATION

The Bankruptcy Court has fixed [_____] at 5:00 p.m. (prevailing Central Time) as the deadline by which ballots accepting or rejecting the Plan must be received by the Debtors' Voting Agent. In order to be counted as a vote to accept or reject the Plan, each ballot must be properly executed, contain an original signature, completed and delivered to the Debtors' Voting Agent (i) by first-class mail, in the return envelope provided with each ballot to SMR Case Administration, c/o GCG, Inc., P.O. Box 10078, Dublin, OH 43017-6678, or (ii) by messenger or overnight delivery to SMR Case Administration, c/o GCG, Inc., 5151 Blazer Parkway, Suite A, Dublin, Ohio 43017, in each instance so that it is *actually received* no later than 5:00 p.m. (prevailing Central Time) on [_____].

## RELEASES

Section 11 of the Plan contains the following release, exculpation, and injunction language:

*Debtor Releases.* **PURSUANT TO SECTION 1123(b) OF THE BANKRUPTCY CODE AND EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THIS PLAN OR THE PLAN SUPPLEMENT, FOR GOOD AND VALUABLE CONSIDERATION, INCLUDING THE SERVICE OF THE RELEASED PARTIES TO FACILITATE THE EXPEDITIOUS LIQUIDATION OF THE PLAN DEBTORS AND THE CONSUMMATION OF THE TRANSACTIONS CONTEMPLATED BY THIS PLAN, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES ARE DEEMED RELEASED AND DISCHARGED BY THE PLAN DEBTORS AND THEIR ESTATES FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF THE PLAN DEBTORS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, THAT THE PLAN DEBTORS OR THEIR ESTATES WOULD HAVE**

**BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER PERSON, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE PLAN DEBTORS, THE PLAN DEBTORS' CHAPTER 11 CASES, THE SALES OR THE TRANSACTIONS OR EVENTS GIVING RISE TO ANY CLAIM OR INTEREST THAT IS TREATED IN THIS PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY PLAN DEBTOR AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS BEFORE OR DURING THE PLAN DEBTORS' CHAPTER 11 CASES, THE NEGOTIATION, FORMULATION OR PREPARATION OF THIS PLAN, THE DISCLOSURE STATEMENT, ANY PLAN SUPPLEMENT OR RELATED AGREEMENTS, INSTRUMENTS OR OTHER DOCUMENTS (COLLECTIVELY, THE "*PLAN DEBTOR RELEASED CLAIMS*"), OTHER THAN PLAN DEBTOR RELEASED CLAIMS AGAINST A RELEASED PARTY ARISING OUT GROSS NEGLIGENCE, WILLFUL MISCONDUCT, INTENTIONAL FRAUD, OR CRIMINAL LIABILITY OF ANY SUCH PERSON OR ENTITY.**

*Releases by Holders of Claims*. **ON THE EFFECTIVE DATE, EXCEPT AS OTHERWISE PROVIDED HEREIN AND EXCEPT FOR THE RIGHT TO ENFORCE THIS PLAN, ALL PERSONS WHO HAVE (I) VOTED TO ACCEPT THIS PLAN OR WHO ARE PRESUMED TO HAVE VOTED TO ACCEPT THIS PLAN UNDER SECTION 1126(f) OF THE BANKRUPTCY CODE, (II) ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THIS PLAN AND WHO VOTE TO REJECT THIS PLAN OR ABSTAIN FROM VOTING, AND (III) DO NOT MARK THEIR BALLOTS AS OPTING OUT OF THE RELEASES GRANTED UNDER THIS SECTION, SHALL, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, BE DEEMED TO FOREVER RELEASE, WAIVE AND DISCHARGE THE RELEASED PARTIES AND EACH OF THEIR RESPECTIVE CONSTITUENTS, PRINCIPALS, OFFICERS, DIRECTORS, EMPLOYEES, AGENTS, REPRESENTATIVES, ATTORNEYS, PROFESSIONALS, ADVISORS, AFFILIATES, FUNDS, SUCCESSORS, PREDECESSORS, AND ASSIGNS, OF AND FROM ALL LIENS, CLAIMS, CAUSES OF ACTION, LIABILITIES, ENCUMBRANCES, SECURITY INTERESTS, INTERESTS OR CHARGES OF ANY NATURE OR DESCRIPTION WHATSOEVER RELATING TO THE PLAN DEBTORS, THE CHAPTER 11 CASES OR AFFECTING PROPERTY OF THE ESTATES, WHETHER KNOWN OR UNKNOWN, SUSPECTED OR UNSUSPECTED, SCHEDULED OR UNSCHEDULED, CONTINGENT OR NOT CONTINGENT, UNLIQUIDATED OR FIXED, ADMITTED OR DISPUTED, MATURED OR UNMATURED, SENIOR OR SUBORDINATED, WHETHER ASSERTABLE DIRECTLY OR DERIVATIVELY BY, THROUGH, OR RELATED TO THE PLAN DEBTORS, AGAINST SUCCESSORS OR ASSIGNS OF THE PLAN DEBTORS AND THE INDIVIDUALS AND ENTITIES LISTED ABOVE WHETHER AT LAW, IN EQUITY OR OTHERWISE, BASED UPON ANY CONDITION, EVENT, ACT, OMISSION OCCURRENCE, TRANSACTION OR OTHER ACTIVITY, INACTIVITY, INSTRUMENT OR OTHER AGREEMENT OF ANY KIND OR NATURE OCCURRING, ARISING OR EXISTING PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO OR ARISING OUT OF, IN WHOLE OR IN PART, THE PLAN DEBTORS, THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION OF THIS**

PLAN, THE NEGOTIATION AND CONSUMMATION OF THE SALES, THE CONSUMMATION OF THIS PLAN OR THE ADMINISTRATION OF THIS PLAN, INCLUDING WITHOUT LIMITATION, THE NEGOTIATION AND SOLICITATION OF THIS PLAN, ALL REGARDLESS OF WHETHER (A) A PROOF OF CLAIM OR EQUITY INTEREST HAS BEEN FILED OR IS DEEMED TO HAVE BEEN FILED, (B) SUCH CLAIM OR EQUITY INTEREST IS ALLOWED OR (C) THE HOLDER OF SUCH CLAIM OR EQUITY INTEREST HAS VOTED TO ACCEPT OR REJECT THIS PLAN, EXCEPT FOR WILLFUL MISCONDUCT OR GROSS NEGLIGENCE.  FOR THE AVOIDANCE OF DOUBT, NOTHING CONTAINED HEREIN SHALL IMPACT THE RIGHT OF ANY HOLDER OF AN ALLOWED CLAIM TO RECEIVE A DISTRIBUTION ON ACCOUNT OF ITS ALLOWED CLAIM IN ACCORDANCE WITH SECTION 4 HEREOF.

*Exculpation.*  NONE OF THE RELEASED PARTIES, NOR ANY OF THEIR RESPECTIVE MEMBERS, OFFICERS, DIRECTORS, EMPLOYEES, ADVISORS, PROFESSIONALS, ATTORNEYS OR AGENTS OR ANY OF THEIR SUCCESSORS AND ASSIGNS, SHALL HAVE OR INCUR ANY LIABILITY TO ANY HOLDER OF A CLAIM OR INTEREST, OR OTHER PARTY IN INTEREST, OR ANY OF THEIR RESPECTIVE MEMBERS, OFFICERS, DIRECTORS, EMPLOYEES, ADVISORS, PROFESSIONALS, ATTORNEYS OR AGENTS OR ANY OF THEIR SUCCESSORS AND ASSIGNS, FOR ANY ACT OR OMISSION IN CONNECTION WITH, RELATED TO, OR ARISING OUT OF, IN WHOLE OR IN PART, THE PLAN DEBTORS' CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION OF THIS PLAN, THE CONSUMMATION OF THIS PLAN OR THE ADMINISTRATION OF THIS PLAN, INCLUDING WITHOUT LIMITATION, THE NEGOTIATION AND SOLICITATION OF THIS PLAN AND THE NEGOTIATION AND CONSUMMATION OF THE SALES, EXCEPT FOR THEIR WILLFUL MISCONDUCT OR GROSS NEGLIGENCE AS DETERMINED BY A FINAL ORDER OF A COURT OF COMPETENT JURISDICTION, AND, IN ALL RESPECTS, THE RELEASED PARTIES, AND EACH OF THEIR RESPECTIVE MEMBERS, OFFICERS, DIRECTORS, EMPLOYEES, ADVISORS, PROFESSIONALS, ATTORNEYS OR AGENTS, SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES UNDER THIS PLAN.

*Injunction.*  FROM AND AFTER THE EFFECTIVE DATE, ALL PERSONS WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS AGAINST OR INTEREST IN THE PLAN DEBTORS ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY CAUSE OF ACTION RELEASED OR TO BE RELEASED PURSUANT TO THIS PLAN OR THE CONFIRMATION ORDER.

FROM AND AFTER THE EFFECTIVE DATE, TO THE EXTENT OF THE RELEASES AND EXCULPATION GRANTED IN THIS PLAN, THE RELEASING PARTIES SHALL BE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER AGAINST THE RELEASED PARTIES AND THE EXCULPATED PARTIES AND THEIR ASSETS AND PROPERTIES, AS THE CASE MAY BE, ANY SUIT, ACTION OR OTHER PROCEEDING, ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT,

CAUSE OF ACTION, INTEREST OR REMEDY RELEASED OR TO BE RELEASED PURSUANT TO THIS PLAN.

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THIS PLAN, THE PLAN SUPPLEMENT OR RELATED DOCUMENTS, OR FOR OBLIGATIONS ISSUED PURSUANT TO THIS PLAN, ALL PERSONS WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE BEEN RELEASED, DISCHARGED, OR ARE SUBJECT TO EXCULPATION, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS:  (A) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST SUCH PERSONS ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (C) CREATING, PERFECTING OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH PERSONS OR THE PROPERTY OR ESTATES OF SUCH PERSONS ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; AND (D) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED, SETTLED OR DISCHARGED PURSUANT TO THIS PLAN.

THE RIGHTS AFFORDED IN THIS PLAN AND THE TREATMENT OF ALL CLAIMS AND INTERESTS HEREIN SHALL BE IN EXCHANGE FOR AND IN COMPLETE SATISFACTION OF ALL CLAIMS AND INTERESTS OF ANY NATURE WHATSOEVER, INCLUDING ANY INTEREST ACCRUED ON CLAIMS FROM AND AFTER THE PETITION DATE, AGAINST THE PLAN DEBTORS OR ANY OF THEIR ASSETS, PROPERTY OR ESTATES.  ON THE EFFECTIVE DATE, ALL SUCH CLAIMS AGAINST THE PLAN DEBTORS SHALL BE FULLY RELEASED AND DISCHARGED, AND THE INTERESTS SHALL BE CANCELLED (EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THIS PLAN).

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED FOR IN THIS PLAN OR IN OBLIGATIONS ISSUED PURSUANT HERETO FROM AND AFTER THE EFFECTIVE DATE, ALL CLAIMS AGAINST THE PLAN DEBTORS SHALL BE FULLY RELEASED AND DISCHARGED, AND ALL INTERESTS SHALL BE CANCELLED, AND THE PLAN DEBTORS' LIABILITY WITH RESPECT THERETO SHALL BE EXTINGUISHED COMPLETELY, INCLUDING ANY LIABILITY OF THE KIND SPECIFIED UNDER SECTION 502(g) OF THE BANKRUPTCY CODE.

ALL PERSONS SHALL BE PRECLUDED FROM ASSERTING AGAINST THE PLAN DEBTORS, THE PLAN DEBTORS' ESTATES, EACH OF THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, AND EACH OF THEIR ASSETS AND PROPERTIES, ANY OTHER CLAIMS OR INTERESTS BASED UPON ANY DOCUMENTS, INSTRUMENTS OR ANY ACT OR OMISSION, TRANSACTION OR OTHER

**ACTIVITY OF ANY KIND OR NATURE THAT OCCURRED BEFORE THE EFFECTIVE DATE.**

## OBJECTION DEADLINE AND PROCEDURES
## FOR FILING OBJECTIONS TO THE PLAN

The Bankruptcy Court has established [_____] at 5:00 p.m. (prevailing Central Time) as the deadline for filing and serving objections to confirmation of the Plan (the "Objection Deadline"). Objections not timely filed and served will be overruled by the Bankruptcy Court.

To be considered by the Bankruptcy Court, any objections to the Plan must be (i) be in writing; (ii) state the name and address of the responding party and the amount and nature of the claim or interest of such party; (iii) state with particularity the legal and factual basis of any response; (iv) conform to the Bankruptcy Rules and Local Rules; and (v) be filed with the Bankruptcy Court, together with proof of service, electronically, in accordance with the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means (the "Administrative Procedures") (the Administrative Procedures can be found at the Bankruptcy Court's official website (http://www.txnb.uscourts.gov)), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest without legal representation, in paper form, and served in accordance with the Administrative Procedures and the Local Rules, so as to be *actually received* not later than 5:00 p.m. (prevailing Central Time) on [_____] and, such service shall be completed and actually received by the following parties on or prior to the Objection Deadline: (i) DLA Piper LLP (US), 1251 Avenue of the Americas, New York, NY 10020, Attn: Thomas R. Califano, and 1717 Main Street, Suite 4600, Dallas, TX 75201, Attn: Vincent P. Slusher, counsel to the Debtors; (ii) Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111, Attn: Daniel S. Bleck, counsel for Wells Fargo Bank, N.A. as trustee; (iii) McDermott, Will & Emery, LLP, 227 West Monroe Street, Chicago, IL, 60606, Attn: Nathan F. Coco, counsel to UMB Bank, N.A., as trustee; (iv) Duane Morris LLP, 190 South LaSalle Street, Suite 3700, Chicago, IL 60603, Attn: John Weiss, counsel to Santander Bank, N.A.; (v) McWhorter, Cobb & Johnson, LLP, P.O. Box 2547, Lubbock, Texas 79408, Attn: R. Michael McCauley, Jr., counsel to Prosperity Bank, N.A.; (vi) Greenberg Traurig, LLP, 2200 Ross Avenue, Suite 5200, Dallas, TX 75201, Attn: Clifton R. Jessup, Jr., and 77 West Wacker Drive, Suite 3100, Chicago, IL 60601, Attn: Nancy A. Peterman, counsel to the Committee; and (vii) the United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242, Attn: Nancy S. Resnick.

## INFORMATION AND DOCUMENTS

Any party in interest wishing to obtain a copy of the Disclosure Statement, the Plan, or the Solicitation Procedures Order may request such copies by (i) accessing the Bankruptcy Court's website at http://www.txnb.uscourts.gov; (ii) contacting the Office of the Clerk of the Court, Earle Cabell Federal Building, 1100 Commerce St., Rm. 125, Dallas, TX 75242-1496; (iii) contacting the Voting Agent, GCG, Inc. ("GCG") at (844) 322-8219; or (iv) accessing the website maintained by GCG, available at http://cases.gcginc.com/smr. Note that a PACER password is needed to access documents on the Bankruptcy Court's website.

Dated: _____
      Dallas, Texas

**DLA PIPER LLP (US)**

By: /s/ Vincent P. Slusher
Vincent P. Slusher, State Bar No. 00785480
vincent.slusher@dlapiper.com
Andrew Zollinger, State Bar No. 24063944
andrew.zollinger@dlapiper.com
DLA Piper LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas 75201-4629
Telephone: (214) 743-4500
Facsimile: (214) 743-4545

Thomas R. Califano (admitted *pro hac vice*)
thomas.califano@dlapiper.com
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501

Attorneys for the Debtors and Debtors in Possession