**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>SEARS METHODIST RETIREMENT SYSTEMS, INC., *et al.*[1]<br><br>    Debtors. | CASE NO. 14-32821-11<br><br>CHAPTER 11<br><br>Jointly Administered |

**MOTION FOR ENTRY OF SUPPLEMENTAL ORDER**
**CONFIRMING SALE OF ABILENE PROPERTY**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE STACEY G. JERNIGAN:

Texas Methodist Foundation ("TMF") files this Motion for Entry of Supplemental Order Confirming Sale of Abilene Property (the "Motion"). In support of the Motion, TMF states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are §§ 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code").

---

[1] The debtors in these Chapter 11 Cases, along with the last four (4) digits of their taxpayer identification numbers, are: Sears Methodist Retirement System, Inc. (6330), Canyons Senior Living, L.P. (8545), Odessa Methodist Housing, Inc. (9569), Sears Brazos Retirement Corporation (8053), Sears Caprock Retirement Corporation (9581), Sears Methodist Centers, Inc. (4917), Sears Methodist Foundation (2545), Sears Panhandle Retirement Corporation (3233), Sears Permian Retirement Corporation (7608), Sears Plains Retirement Corporation (8233), Sears Tyler Methodist Retirement Corporation (0571) and Senior Dimensions, Inc. (4016). The mailing address of each of the Debtors, solely for purposes of notices and communications, is 2100 Ross Avenue, 21st Floor, c/o Paul Rundell, Dallas, Texas 75201.

## BACKGROUND

2. On March 5, 2015, this Court entered *Findings of Fact, Conclusions of Law, and Order Confirming Plan Debtors' Second Amended Joint Plan of Reorganization Pursuant To Chapter 11 of The Bankruptcy Code* [ECF 800] (including the chapter 11 plan attached thereto, the "Confirmation Order").

3. The Confirmation Order set up a process for the sale of certain undeveloped property located in Abilene, Texas (the "Abilene Property"):

> Transfer of Undeveloped Properties to Liquidating Trust. On the Effective Date, the Undeveloped Properties located in Waco and Abilene, Texas will be transferred to the Liquidating Trust, subject to the existing Liens and interests of TMF and the Obligated Group Bond Trustee, to be sold or otherwise disposed of with the consent of TMF and the Obligated Group Bond Trustee.

Confirmation Order, Chapter 11 Plan, Section 6.5.

4. On March 19, 2015, TMF and Wells Fargo Bank, N.A., as Trustee (the "Obligated Group Bond Trustee") jointly filed the Notice of Agreed Undeveloped Properties Sales Procedures [Dkt. No. 819] (the "Sales Procedures").

5. Pursuant to the Sale Procedures, the Abilene Property was marketed by Senter Realtors. Two Qualified Bids were received prior to the Bid Deadline – one from RSF Partners ("RSF") and the other by TMF.

6. On July 31, 2015, an auction for the Abilene Property was held by the Liquidating Trustee (the "Auction Proceeding").

7. The prevailing bid at the Auction Proceeding was a credit bid made by TMF in the total amount of $760,000.00.

8. Pursuant to the Sales Procedures, the Liquidating Trustee presented the prevailing bid for the Abilene Property to the Bankruptcy Court as the successful bidder.

9. On September 14, 2015 the Court entered the Order Confirming Sale of Abilene Property [Dkt. 980] (the "Abilene Sale Order").

10. TMF now seeks to sell the Abilene Property.

11. The title company selected by the purchaser has requested entry of a supplemental order to confirm that the transfer of the Abilene Property to TMF is free and clear of certain deeds of trust – the deeds of trust in favor of Wells Fargo Bank, N.A. and Life Care Services, LLC.

## RELIEF REQUESTED

12. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a debtor, "after notice and hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b).

13. Further, pursuant to § 363(f) of the Bankruptcy Code, a trustee may sell property free and clear of any lien, claim, or interest in such property if, among other things: (i) applicable non-bankruptcy law permits sale of suc property free and clear of such interest; (ii) such entity consents; (iii) such interest is alien and the price at which the property is sold is greater than all liens on such property; (iv) such interest is in bona fide dispute; or (v) such entity could be compelled in a legal or equitable proceeding, to accept money satisfaction of such interest. 11 U.S.C. § 363(f). Because § 363(f) of the Bankruptcy Code is drafted in the disjunctive, satisfaction of any one of its five requirements is sufficient to permit a sale to be free and clear of all liens, claims, encumbrances, and interests. A "free and clear" sale was granted in this case as one or more of the standards set forth in §§ 363(f)(1)-(5) of the Bankruptcy Code was satisfied.

14. Section 105(a) of the Bankruptcy Code provides in relevant part: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a).

15. TMF is currently in the process of trying to sell the Abilene Property. While the Abilene was acquired by TMF free and clear of liens, the title company involved in the current sales process seeks an order that expressly states that the Abilene Property was transferred to TMF free and clear of the liens in favor of Wells Fargo Bank, N.A. and Life Care Services, LLC.

16. Accordingly, TMF requests that the Court enter the attached supplemental order to provide the title company comfort that the Abilene Property was transferred to TMF free and clear of the deeds of trust in favor of Wells Fargo Bank, N.A. and Life Care Services, LLC.

## CONCLUSION

WHEREFORE, TMF respectfully requests that the Court enter an order, substantially in the form of the proposed order attached hereto and grant such other and further relief as is just and proper.

Dated: March 9, 2021

Respectfully submitted,

/s/ *Charles M. Rubio*
PARKINS LEE & RUBIO LLP
Charles M. Rubio P.C.
TX Bar No. 24083768
50 Main Street, Suite 1000
White Plains, NY 10606
Email: crubio@parkinslee.com
Phone: 212-763-3331

*Counsel to Texas Methodist Foundation*

CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2021, a true and correct copy of the foregoing document was served electronically on those parties registered to receive electronic notice via the Court's CM/ECF system and by email to the following:

Wells Fargo Bank, National Association
c/o Charles W. Azano, Esq.
Mintz Levin
One Financial Center
Boston, MA 02111-2657
CWAzano@mintz.com

Life Care Services LLC
c/o Julie Johnson McLean
Davis Brown Law Firm
215 10th Street, Suiter 1300
Des Moines, Iowa 50309
515-288-2500
julieMcLean@davisbrownlaw.com

/s/ *Charles M. Rubio*

CERTIFICATE OF CONFERENCE

On Friday, March 5, 2021, undersigned counsel conferred with Charles Azano, counsel to Obligated Group Bond Trustee, by email. Mr. Azanco told undersigned counsel that he has no objection to the requested relief.

Undersigned counsel also conferred with Julie McLean, counsel to Life Care Services, LLC. On Thursday, March 4, 2021, undersigned counsel had a telephone call with Ms. McLean and then followed up by emailing Ms. McClean certain documents filed in the docket in this case. On Friday, March 5, 2021, Ms. McLean emailed undersigned counsel back and stated: "Thank you for your call yesterday afternoon and the follow up email below and attached pleadings. I will forward to Life Care Services and get back to you shortly." On Monday March 8 and Tuesday March 9, 2021, undersigned counsel followed up with Ms. McLean to determine whether undersigned counsel could report no objection from her client. On Tuesday, March 9, 2021, Ms. McClean's assistant called undersigned counsel and said Ms. McLean is temporarily unavailable due to family matters. In the interest of time, Texas Methodist Foundation is proceeding with this filing and will serve Ms. McClean the documents as provided in the certificate of service.

/s/ *Charles M. Rubio*