# EXHIBIT 3

2015038841 DEED   Total Pages: 12

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

| | |
|---|---|
| STATE OF TEXAS | §<br>§  KNOW ALL MEN BY THESE PRESENTS:<br>§ |
| COUNTY OF MCLENNAN | |

## SPECIAL WARRANTY DEED

SEARS METHODIST CENTERS, INC., ("**Grantor**"), a Plan Debtor in the bankruptcy case styled as *In re Sears Methodist Retirement System, Inc. et al.*, in the United States Bankruptcy Court for the Northern District of Texas, Case No. 14-32821 (the "**Bankruptcy Case**"), for and in consideration of the sum of $10 and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, has GRANTED, BARGAINED, SOLD, and CONVEYED and by these presents does GRANT, BARGAIN, SELL, AND CONVEY unto Texas Methodist Foundation ("**Grantee**"), that certain land in McLennan County, Texas, fully described in Exhibit A hereto, together with all improvements, if any, thereon and all rights appurtenances appertaining thereto (collectively, the "**Property**") pursuant to that certain *Order Confirming Sale of Waco Property* [Docket No. 1030] (as attached hereto as Exhibit B, the "**Bankruptcy Order**").

This Special Warranty Deed and the conveyance hereinabove set forth is executed by Grantor and accepted by Grantee subject to all matters of record to the extent the same are validly existing and applicable to the Property and not otherwise extinguished by the Bankruptcy Order, all subject and pursuant to the Bankruptcy Order (collectively, the "**Permitted Exceptions**").

TO HAVE AND TO HOLD the Property, subject to the Permitted Exceptions as aforesaid, unto Grantee, and Grantee's successors and assigns, forever; and Grantor does hereby bind Grantor, and Grantor's successors and assigns, to WARRANT and FOREVER DEFEND, all and singular, the Property, subject to the Permitted Exceptions unto Grantee, and Grantee's successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof by, through or under Grantor, but not otherwise.

Except as specifically stated herein, Grantor hereby specifically disclaims any warranty, guaranty, or representation, oral or written, past, present or future, of, as, to, or concerning (i) the nature and condition of the Property, including but not by way of limitation, the water, soil, geology and the suitability thereof, and of the Property, for any and all activities and uses which Grantee may elect to conduct thereon or any improvements Grantee may elect to construct thereon, income to be derived therefrom or expenses to be incurred with respect thereto, or any obligations or any other matter or thing relating to or affecting the same; (ii) the manner of construction and condition and state of repair or lack of repair of any improvements located thereon; (iii) except for any warranties contained herein, the nature and extent of any easement, right-of-way, lease, possession, lien, encumbrance, license, reservation, condition or otherwise;

and (iv) the compliance of the Property or the operation of the Property with any laws, rules, ordinances, or regulations of any government or other body. THE CONVEYANCE OF THE PROPERTY AS PROVIDED FOR HEREIN IS MADE ON AN "AS IS" BASIS, AND GRANTEE ACKNOWLEDGES THAT, IN CONSIDERATION OF THE AGREEMENTS OF GRANTOR HEREIN, EXCEPT AS OTHERWISE SPECIFIED HEREIN, GRANTOR MAKES NO WARRANTY OR REPRESENTATION, EXPRESS OR IMPLIED, OR ARISING BY OPERATION OF LAW, INCLUDING, BUT IN NO WAY LIMITED TO, ANY WARRANTY OF CONDITION, HABITABILITY, MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE OF THE PROPERTY.

Grantee, by its acceptance hereof, does hereby assume and agree to pay any and all outstanding ad valorem taxes pertaining to the Property.

EXECUTED effective the 2nd day of December, 2015.

GRANTOR:

SEARS METHODIST CENTERS, INC.,
a Texas non-profit corporation

By: _____
Name: Harold Kessler
Title: Liquidating Trustee

STATE OF TEXAS
COUNTY OF Dallas

This instrument was acknowledged before me on the 2nd day of December, 2015 by Harold Kessler, the Liquidating Trustee of SEARS METHODIST CENTERS, INC., a Texas non-profit corporation, on behalf of said corporation.

[Notary Seal: JAIME L. MCDONALD, NOTARY PUBLIC STATE OF TEXAS, 10-22-2016]

_____
Notary Public, State of Texas
Printed Name: Jaime McDonald
Commission Expires: 10/22/16

(Seal)

Grantee's Address for tax notices:

Texas Methodist Foundation
11709 Boulder Lane #100
Austin, TX 78726-1808

Exhibit A
Property Description

Being that certain tract of land calculated to contain 62.2460 acres, more or less and being all of that certain tract of land described as containing 63.39 acres, more or less, out of the H. Roberts Survey, Abst. No. 751, the L. C. Clemmons Survey, Abst. 239 and the B. F. Davis Survey, Abst. No. 287, McLennan County, Texas, as said tract is more particularly described by metes and bounds description in deed to Sears Methodist Foundation dated August 31, 2010 recorded in Document No. 2010027283 Official Public Records, McLennan County, Texas, reference to which is hereby made for all purposes, including the incorporation herein of said description by reference, SAVE AND EXCEPT THEREFROM, that certain tract of land described as containing 1.144 acres, more or less, out of the L. C. Clemmons Survey, Abst. No. 239, McLennan County, Texas as said 1.144 acre tract is more particularly described by metes and bounds description in deed to the State of Texas dated October 31, 2012 recorded in Document No. 2012038484 Official Public Records, McLennan County, Texas, reference to which is hereby made for all purposes, including the incorporation herein of said description by reference.

2015038841    12/14/2015 12:07:39 PM    Page 4 of 12

Exhibit B
Bankruptcy Order



U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed November 10, 2015

United States Bankruptcy Judge

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 14-32821-11 |
| | § | |
| SEARS METHODIST RETIREMENT | § | CHAPTER 11 |
| SYSTEM, INC., et al.[1] | § | |
| | § | Jointly Administered |
| Debtors. | § | |

### ORDER CONFIRMING SALE OF WACO PROPERTY

Pursuant to that certain Agreed Undeveloped Properties Sale Procedures (the "Sale Procedures")[2] between Texas Methodist Foundation ("TMF") and Wells Fargo Bank, N.A., as Trustee (the "Obligated Group Bond Trustee"), TMF and the Obligated Group Bond Trustee seek

---

[1] The debtors in these Chapter 11 Cases, along with the last four (4) digits of their taxpayer identification numbers, are: Sears Methodist Retirement System, Inc. (6330), Canyons Senior Living, L.P. (8545), Odessa Methodist Housing, Inc. (9569), Sears Brazos Retirement Corporation (8053), Sears Caprock Retirement Corporation (9581), Sears Methodist Centers, Inc. (4917), Sears Methodist Foundation (2545), Sears Panhandle Retirement Corporation (3233), Sears Permian Retirement Corporation (7608), Sears Plains Retirement Corporation (8233), Sears Tyler Methodist Retirement Corporation (0571) and Senior Dimensions, Inc. (4016). The mailing address of each of the Debtors, solely for purposes of notices and communications, is 2100 Ross Avenue, 21st Floor, c/o Paul Rundell, Dallas, Texas 75201.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Procedures.

1

entry of an order authorizing and approving the sale (the "Sale") of all of Sears Methodist Centers, Inc.'s (the "Debtors") rights and interests in the Waco Property (the "Property"), in accordance with the Sale Procedures as provided for in *Findings of Fact, Conclusions of Law, and Order Confirming Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (the "Confirmation Order") [Docket No. 800] entered by the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"), and after due deliberation of the relief set forth herein; and finding that good and sufficient notice of the relief granted by this Order has been given and no further notice is required; and good and sufficient cause appearing to approve the relief herein, including for the reasons stated on the record at the hearing seeking approval of the Sale, the Bankruptcy Court hereby FINDS, DETERMINES, CONCLUDES, and ORDERS that:

1. The bid submitted by TMF (in the capacity as purchaser, the "Purchaser") constitutes the highest and best offer for the Property. Other parties have had a reasonable opportunity to make a higher or otherwise better offer to purchase the Property.

2. Pursuant to §§ 105(a) and 363 of the Bankruptcy Code, the Liquidating Trustee (the "Authorized Representative"), on behalf of the Debtor, is authorized to transfer the Property to the Purchaser pursuant to a deed substantially in the form attached hereto as Exhibit 1. The transfer of the Property to the Purchaser pursuant to the terms hereof shall constitute a legal, valid, binding, and effective transfer of the Property.

3. Upon the closing of the Sale, pursuant to § 363(f) of the Bankruptcy Code, the Purchaser shall take title to and possession of the Property free and clear of any and all liens, claims, interests, and encumbrances, except for the outstanding ad valorem property taxes

associated with the Property is subject to the liens that secure all amounts owed in connection with such taxes.

4.  Upon the closing of the Sale, TMF's secured claims will be reduced by $858,000.00.

5.  The Purchaser is purchasing the Property in good faith and is a good faith buyer within the meaning of Section 363(m) of the Bankruptcy Code. The Purchaser proceeded in good faith in connection with all aspects of the Sale. Accordingly, the Purchaser is entitled to all of the protections afforded under Section 363(m) of the Bankruptcy Code.

6.  All persons and entities are enjoined from taking any actions against Purchaser or any affiliate of the Purchaser to recover any claim that such person or entity has solely against the Debtor, save and except for taxing authorities holding outstanding ad valorem property taxes associated with the Property.

7.  The Authorized Representative is hereby authorized to take any and all actions necessary to consummate the transactions contemplated by this Order.

8.  Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms of this Order shall be immediately effective and enforceable upon its entry, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

9.  This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# EXHIBIT 1

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF MCLENNAN | § | |

## SPECIAL WARRANTY DEED

SEARS METHODIST CENTERS, INC., ("**Grantor**"), a Plan Debtor in the bankruptcy case styled as *In re Sears Methodist Retirement System, Inc. et al.*, in the United States Bankruptcy Court for the Northern District of Texas, Case No. 14-32821 (the "**Bankruptcy Case**"), for and in consideration of the sum of $10 and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, has GRANTED, BARGAINED, SOLD, and CONVEYED and by these presents does GRANT, BARGAIN, SELL, AND CONVEY unto Texas Methodist Foundation ("**Grantee**"), that certain land in McLennan County, Texas, fully described in Exhibit A hereto, together with all improvements, if any, thereon and all rights appurtenances appertaining thereto (collectively, the "**Property**") pursuant to that certain *Order Confirming Sale of Waco Property* [Docket No. ___] (as attached hereto as Exhibit B, the "**Bankruptcy Order**").

This Special Warranty Deed and the conveyance hereinabove set forth is executed by Grantor and accepted by Grantee subject to all matters of record to the extent the same are validly existing and applicable to the Property and not otherwise extinguished by the Bankruptcy Order, all subject and pursuant to the Bankruptcy Order (collectively, the "**Permitted Exceptions**").

TO HAVE AND TO HOLD the Property, subject to the Permitted Exceptions as aforesaid, unto Grantee, and Grantee's successors and assigns, forever; and Grantor does hereby bind Grantor, and Grantor's successors and assigns, to WARRANT and FOREVER DEFEND, all and singular, the Property, subject to the Permitted Exceptions unto Grantee, and Grantee's successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof by, through or under Grantor, but not otherwise.

Except as specifically stated herein, Grantor hereby specifically disclaims any warranty, guaranty, or representation, oral or written, past, present or future, of, as, to, or concerning (i) the nature and condition of the Property, including but not by way of limitation, the water, soil, geology and the suitability thereof, and of the Property, for any and all activities and uses which Grantee may elect to conduct thereon or any improvements Grantee may elect to construct thereon, income to be derived therefrom or expenses to be incurred with respect thereto, or any obligations or any other matter or thing relating to or affecting the same; (ii) the manner of construction and condition and state of repair or lack of repair of any improvements located thereon; (iii) except for any warranties contained herein, the nature and extent of any easement, right-of-way, lease, possession, lien, encumbrance, license, reservation, condition or otherwise; and (iv) the compliance of the Property or the operation of the Property with any laws, rules, ordinances, or regulations of any government or other body. THE CONVEYANCE OF THE PROPERTY AS

PROVIDED FOR HEREIN IS MADE ON AN "AS IS" BASIS, AND GRANTEE ACKNOWLEDGES THAT, IN CONSIDERATION OF THE AGREEMENTS OF GRANTOR HEREIN, EXCEPT AS OTHERWISE SPECIFIED HEREIN, GRANTOR MAKES NO WARRANTY OR REPRESENTATION, EXPRESS OR IMPLIED, OR ARISING BY OPERATION OF LAW, INCLUDING, BUT IN NO WAY LIMITED TO, ANY WARRANTY OF CONDITION, HABITABILITY, MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE OF THE PROPERTY.

Grantee, by its acceptance hereof, does hereby assume and agree to pay any and all outstanding ad valorem taxes pertaining to the Property.

EXECUTED effective the ____ day of _____, 2015.

GRANTOR:

SEARS METHODIST CENTERS, INC.,
a Texas non-profit corporation

By: _____
Name: Harold Kessler
Title: Liquidating Trustee

STATE OF TEXAS
COUNTY OF _____

This instrument was acknowledged before me on the _____ day of _____, 2015 by _____, the _____ of SEARS METHODIST CENTERS, INC., a Texas non-profit corporation, on behalf of said corporation.

_____
Notary Public, State of Texas
Printed Name: _____
Commission Expires: _____

(Seal)

Grantee's Address for tax notices:

Texas Methodist Foundation
11709 Boulder Lane #100
Austin, TX 78726-1808

UNOFFICIAL COPY

Exhibit A
Property Description

Being that certain tract of land calculated to contain 62.2460 acres, more or less and being all of that certain tract of land described as containing 63.39 acres, more or less, out of the H. Roberts Survey, Abst. No. 751, the L. C. Clemmons Survey, Abst. 239 and the B. F. Davis Survey, Abst. No. 287, McLennan County, Texas, as said tract is more particularly described by metes and bounds description in deed to Sears Methodist Foundation dated August 31, 2010 recorded in Document No. 2010027283 Official Public Records, McLennan County, Texas, reference to which is hereby made for all purposes, including the incorporation herein of said description by reference, SAVE AND EXCEPT THEREFROM, that certain tract of land described as containing 1.144 acres, more or less, out of the L. C. Clemmons Survey, Abst. No. 239, McLennan County, Texas as said 1.144 acre tract is more particularly described by metes and bounds description in deed to the State of Texas dated October 31, 2012 recorded in Document No. 2012038484 Official Public Records, McLennan County, Texas, reference to which is hereby made for all purposes, including the incorporation herein of said description by reference.



Exhibit B
Bankruptcy Order

[TO BE INSERTED]

**FILED AND RECORDED**
OFFICIAL PUBLIC RECORDS

*J.A. Andy Harwell*

J. A. "Andy" Harwell, County Clerk
12/14/2015 12:07 PM
Fee: $60.00
2015038841        DEED
McLennan County, Texas

UNOFFICIAL COPY